## Exhibit A

**Proposed Form of Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

---------------------------------------------------------- X
                                                           :
In re:                                                     :    Chapter 11
                                                           :
REMINGTON OUTDOOR COMPANY, INC., *et*                      :    Case No. 18-10684 (__)
*al.*,[1]                                                  :
                                                           :    (Joint Administration Requested)
                                                           :
                                                           :
                          Debtors.                         :
---------------------------------------------------------- X

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS IN THE ORDINARY COURSE OF BUSINESS, (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND ELECTRONIC TRANSFER REQUESTS RELATED THERETO, (III) REQUIRING CREDITORS TO MAINTAIN CUSTOMARY TERMS AS A CONDITION TO PAYMENT AND (IV) SHCEDULING A FINAL HEARING

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Debtors") seeking entry of an interim order (this

"Interim Order"), (i) authorizing the Debtors, in their sole discretion, to pay the liquidated,

noncontingent, and undisputed prepetition claims (the "Payable Claims") of third-party creditors

who will be treated as unimpaired for purposes of the Plan (as defined below), including trade

vendors, suppliers, common carriers, and service providers (the "Prepetition Creditors"), as they

come due in the ordinary course of business; (ii) authorizing banks and other financial

institutions to honor and process checks and electronic transfer requests related to the foregoing;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The principal offices of Debtor Remington Outdoor Company Inc., the top-level holding company, are located at 870 Remington Drive, Madison, NC 27025..

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

(iii) requiring Prepetition Creditors, as a condition to payment of the Payable Claims, to maintain or apply contractual terms during the pendency of these Chapter 11 Cases that are at least as favorable as those terms existing as of the Petition Date; (iv) scheduling a final hearing; and (v) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted on an interim basis as set forth herein.

2.     The Debtors are authorized, but not directed, in their sole discretion, to pay in the ordinary course of business, the allowed, fixed, liquidated, noncontingent, and undisputed prepetition amounts owed to Prepetition Creditors on account of the Payable Claims; provided

that such payments shall not exceed $48 million, unless otherwise ordered by the Court after notice and hearing.

3.    The Debtors are authorized, but not directed, in their sole discretion, to pay the Payable Claims, in whole or in part, upon such terms and in the manner provided in this Interim Order, provided that, if any party accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, product mix, availability, and other programs) in place twelve (12) months prior to the Petition Date, or such other trade terms that are acceptable to the Debtors, then: (a) the Debtors may then take any and all appropriate steps to cause such Prepetition Creditor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Prepetition Creditor; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding prepetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and the Debtors may take any and all appropriate steps to cause such supplier or vendor to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

4.    All Payable Claims of the Debtors shall be paid by Debtor FGI Operating Company, LLC ("OpCo") during the course of the Chapter 11 Cases; provided, however, that if the Plan is not confirmed or consummated, OpCo reserves its right to assert a postpetition

3

administrative expense intercompany claim against Remington Outdoor Company, Inc. ("ROC") for any Payable Claims paid by OpCo for which ROC is liable.

5.      Each of the Debtors' banks and financial institutions on which checks were drawn or electronic payment requests, drafts, or other forms of payment were made, drawn, or issued in payment of the prepetition obligations approved herein are authorized, but not obligated, to receive, process, honor, and pay all such checks and electronic payment requests when processed for payment (or to reissue checks, electronic payment requests, drafts, or other forms of payment made, drawn, or issued on the Debtors' accounts, as applicable and necessary); provided, in each case, that sufficient funds are on deposit in the applicable account to cover such payment. All Banks are authorized to rely on the Debtors' designation of any particular check, electronic payment request, draft, or other form of payment as approved by this Interim Order.

6.      Notwithstanding anything in the Motion or this Interim Order to the contrary, any payment made by the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to the orders approving the post-petition debtor in possession facilities Debtors (the "DIP Orders"), the DIP Facility Documents (as defined in the DIP Orders), and the Approved Budget (as defined in the DIP Orders), as applicable.

7.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2018, at __:___ ___.m. Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before __:___ ___.m. Eastern Time on _____, 2018, and served on the following parties: (a) proposed counsel for the Debtors, Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067 (Attn: Gregory A. Bray, Thomas R. Kreller, and Haig M. Maghakian)

4

(Emails: gbray@milbank.com; tkreller@milbank.com; hmaghakian@milbank.com) and Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Laura Davis Jones) (Email: ljones@pszjlaw.com); (b) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King St., Lockbox 35, Wilmington, DE 19801 (Attn: Juliet Sarkessian) (Email: Juliet.m.sarkessian@usdoj.gov); (c) counsel to the Ad Hoc Group of Term Loan Lenders, O'Melveny & Myers, 7 Times Square, New York, NY 10036 (Attn: Andrew Parlen and Joseph Zujkowksi) (Emails: aparlen@omm.com; jzujkowski@omm.com) and Richards, Layton & Finger LLP, 920 N King Street, Suite 200 Wilmington, DE 19801 (Attn: Mark Collins) (Email: collins@rlf.com); (d) counsel to the ABL Agent and ABL Lenders, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036 (Attn: Paul Leake and Shana Elberg) (Emails: paul.leake@skadden.com; shana.elberg@skadden.com) and Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington, DE, 19801 (Attn: Jason Liberi) (Email: Jason.liberi@skadden.com); (e) counsel to the Third Lien Notes Indenture Trustee, Dorsey & Whitney LLP, 51 West 52nd St, New York, NY 10019 (Attn: Adam F. Jachimowski) (Email: jachimowski.adam@dorsey.com); (f) counsel to the Ad Hoc Group of Third Lien Noteholders, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019 (Attn: Rachel C. Strickland and Joseph G. Minias) (Emails: rstrickland@willkie.com; jminias@willkie.com) and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Edmon Morton) (Email: emorton@ycst.com); (g) counsel to Ankura Trust Company, as the successor administrative agent under the Term Loan Agreement, Davis Polk & Wardell LLP, 450 Lexington Avenue, New York, NY 10017 (Attn: Damian S. Schaible) (Email:

damian.schaible@davispolk.com) and Richards, Layton & Finger LLP, 920 North King Street, Suite 200, Wilmington, DE 19801 (Attn: Mark Collins) (Email: collins@rlf.com); and (h) counsel to the Creditors' Committee (if any). In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

9. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

10. Bankruptcy Rule 6003 has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

11. Notwithstanding any applicability of Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

14.    The Debtors shall serve a copy of this Interim Order upon all parties who were served with the Motion.

Dated: _____, 2018
Wilmington, Delaware

_____
United States Bankruptcy Judge