## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------  x
                                                        :
In re:                                                  :      Chapter 11
                                                        :
REMINGTON OUTDOOR COMPANY, INC., et                     :      Case No. 18-10684 (__)
al.,¹                                                    :
                                                        :      (Joint Administration Requested)
                                                        :
                                                        :
                        Debtors.                        :
------------------------------------------------------  x
```

**DEBTORS' MOTION FOR ENTRY OF (I) ORDER (A) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN, (B) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING AND COMMENCEMENT OF CHAPTER 11 CASES, (C) APPROVING SOLICITATION OF NON-ACCREDITED HOLDERS, (D) ESTABLISHING PROCEDURES FOR OBJECTING TO DISCLOSURE STATEMENT OR PLAN, (E) CONDITIONALLY WAIVING REQUIREMENT TO FILE STATEMENTS AND SCHEDULES, AND (F) DIRECTING THAT A MEETING OF CREDITORS NOT BE CONVENED, AND (II) ORDER (A) APPROVING PREPETITION SOLICITATION PROCEDURES, (B) APPROVING ADEQUACY OF DISCLOSURE STATEMENT, AND (C) CONFIRMING PLAN**

Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby file this motion (the "Motion") seeking entry of: (i) an order, substantially in the form attached hereto as **Exhibit A** (the "Scheduling Order") (a) scheduling a combined hearing on the adequacy of the disclosure statement (including any supplements and exhibits thereto, the "Disclosure Statement") with respect to the *Joint Prepackaged Chapter 11 Plan of Remington Outdoor Company, Inc. and Its Affiliated Debtors and Debtors in Possession*, dated March 22,

---

¹    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The principal offices of Debtor Remington Outdoor Company Inc., the top-level holding company, are located at 870 Remington Drive, Madison, NC 27025.

2018 (as may be amended, supplemented, restated, or modified from time to time and together with the Plan Supplement, the "Plan")[2] and confirmation of such Plan (the "Combined Hearing"), (b) approving the form (attached hereto as **Exhibit B**; the "Combined Notice") and manner of notice of the Combined Hearing and commencement of these Chapter 11 Cases, (c) approving the solicitation of the Non-Accredited Holders (as defined below) and the form of notice to be provided to Non-Accredited Holders (attached hereto as **Exhibit C**; the "Non-Accredited Holder Notice") in connection with such solicitation, (d) establishing the procedures for objecting to the adequacy of the Disclosure Statement or to confirmation of the Plan, (e) conditionally waiving the requirement that Debtors file their schedules of assets and liabilities, schedules of current income and current expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements"), and (f) directing that the United States Trustee for the District of Delaware (the "U.S. Trustee") not convene a meeting of creditors (the "Creditors' Meeting") under section 341(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") if the Plan is confirmed within seventy-five (75) days of the Petition Date (as defined below); and (ii) an order (the "Confirmation Order") (a) approving the prepetition solicitation procedures (the "Solicitation Procedures"), (b) approving the adequacy of the Disclosure Statement, and (c) confirming the Plan.  In support of this Motion, the Debtors respectfully states as follows:

### Jurisdiction

1.      This court (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

---

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Plan.

DOCS_DE:218589.1

The Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory bases for the relief requested herein are sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 3017-1(b) and 9013-l(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

### Background

4.    On March 25, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these Chapter 11 Cases.  The Debtors' request for joint administration of these Chapter 11 Cases for procedural purposes only is currently pending.

5.    The Debtors are one of America's oldest and largest manufacturers of firearms, ammunition and related products for commercial, military, and law enforcement customers throughout the world.  The Debtors employ approximately 2,700 full-time employees and operate seven manufacturing facilities located across the United States. The Debtors' principal headquarters are located in Madison, North Carolina.

6.    Prior to the Petition Date, the Debtors and a majority in principal amount of each of the Debtors' term loan lenders and third lien noteholders entered into a restructuring support

agreement (the "RSA") which set forth the terms of a comprehensive balance sheet restructuring of the Debtors to be implemented through a joint prepackaged chapter 11 plan of reorganization (the Plan). The Plan provides for the elimination of approximately $620 million of the Debtors' prepetition funded debt obligations in exchange for the reorganized Debtors' new equity and certain other consideration. In addition, the Plan provides that substantially all other claims against the Debtors, including all general unsecured claims, will either be paid in full in the ordinary course or otherwise be unimpaired. The Plan thus will enable the Debtors to emerge with a significantly deleveraged capital structure and to obtain the liquidity necessary to operate the Debtors' businesses for the long-term future.

7.    The Debtors commenced solicitation of the Plan prior to the Petition Date on March 22, 2018 and have filed the Plan and accompanying disclosure statement concurrently with the commencement of these Chapter 11 Cases. Pursuant to the milestones set forth in the RSA, and as set forth below, the Debtors are seeking a joint hearing to consider approval of the disclosure statement and confirmation of the Plan on or around May 3, 2018.

8.    Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the Declaration of Stephen P. Jackson Jr. in Support of Chapter 11 Petitions and First Day Pleadings of Remington Outdoor Company, Inc. and its Affiliated Debtors and Debtors in Possession (the "First Day Declaration"), which is being filed contemporaneously herewith and is incorporated by reference herein.

## Relief Requested

9.      The Debtors seek entry of the Scheduling Order, substantially in the form attached hereto as **Exhibit A**:

(a)     scheduling the Combined Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan;

(b)     approving the form (attached hereto as **Exhibit B**) and manner of the Combined Notice of the Combined Hearing and commencement of these Chapter 11 Cases;

(c)     approving the solicitation of the Non-Accredited Holders and the form of the Non-Accredited Holder Notice (attached hereto as **Exhibit C**);

(d)     establishing the procedures for objecting to the adequacy of the Disclosure Statement or to confirmation of the Plan;

(e)     conditionally waiving the requirement that Debtors file the Schedules and Statements; and

(f)     directing that the U.S. Trustee not convene the Creditors' Meeting if the Plan is confirmed within seventy-five (75) days of the Petition Date.

10.     Specifically, the Debtors request that the Court schedule certain key dates and deadlines related to the Combined Hearing consistent with the following proposed schedule:

| Key Dates and Deadlines | Proposed Schedule |
|---|---|
| Deadline to mail Combined Notice | March 29, 2018 |
| Deadline to file Plan Supplement | April 19, 2018[3] |
| Voting Deadline | April 26, 2018 |
| Objection Deadline | April 26, 2018 |
| Reply Deadline | May 1, 2018 |
| Combined Hearing | May 3, 2018 |

---

[3] The Debtors propose that the actual deadline to file the Plan Supplement be fourteen days prior to the date of the Combined Hearing.

| Key Dates and Deadlines | Proposed Schedule |
|---|---|
| Deadline for Schedules and Statements (only if Confirmation Order has not been entered)[4] | June 15, 2018 |

11.    The Debtors also request that, after appropriate notice and the Combined Hearing, the Court enter the Confirmation Order: (a) approving the Solicitation Procedures, (b) approving the adequacy of the Disclosure Statement, and (c) confirming the Plan.

12.    Prior to the Combined Hearing, the Debtors will file a proposed form of the Confirmation Order, as well as a memorandum of law in support thereof.

**Basis For Relief**

I.    **The Court Should Schedule a Combined Hearing on Disclosure Statement and Plan**

13.    Section 105(d)(2)(B)(vi) of the Bankruptcy Code authorizes the Court to schedule a combined hearing on approval of a disclosure statement and on confirmation of a chapter 11 plan.  See 11 U.S.C. § 105(d)(2)(B)(vi) (the court may issue an order "as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.").

14.    The Debtors submit that a combined hearing is appropriate in these Chapter 11 Cases.  First, a combined hearing will promote judicial economy.  Second, an expedient chapter 11 process will maximize the benefits of the Debtors' restructuring to their stakeholders, by (a) enabling the Debtors to minimize any adverse effects the chapter 11 filings may have upon the Debtors' businesses, (b) allowing for prompt distributions, and (c) minimizing administrative

---

[4]    As discussed below, the Debtors are requesting that the Scheduling Order provide that the Debtors be permanently excused from filing the Schedules and Statements to the extent the Confirmation Order is entered on or before the deadline for such filing (as extended by the Scheduling Order).

expenses to their estates.  Therefore, the Debtors hereby respectfully request that the Court enter the Scheduling Order and, pursuant to section 105(d)(2)(B)(vi) of the Bankruptcy Code, set a date on or around May 3, 2018 for the Combined Hearing to consider the adequacy of the Disclosure Statement and confirmation of the Plan, as well as approval of the Solicitation Procedures.

15.     Bankruptcy Rule 2002(b) requires that twenty-eight (28) days' notice be given by mail to all creditors of the time fixed (i) for filing objections to and the hearing to consider approval of a disclosure statement and  (ii) for filing objections to and the hearing to consider confirmation of a chapter 11 plan. Fed. R. Bankr. P. 2002(b).  As described below, the Debtors propose to mail notice of the Combined Hearing within one (1) business day of entry of the Scheduling Order, which would provide all known creditors with approximately thirty-five (35) days' notice of the Combined Hearing and twenty-eight (28) days' notice of the deadline to object to the Disclosure Statement and confirmation of the Plan.  Accordingly, the Debtors' proposed schedule and objection deadlines complies with the requirements of Bankruptcy Rule 2002 and would provide adequate notice to all parties in interest.

16.     As described in the First Day Declaration, and in light of the milestones set forth in the RSA, the Debtors seek to move these Chapter 11 Cases forward as expediently as possible. Setting the Combined Hearing on or around May 3, 2018 will maximize the likelihood that the Confirmation Order will have been entered in accordance with the RSA milestones and by the time all other conditions to consummation of the Plan are expected to be satisfied, enabling the Debtors to promptly consummate the terms of the Plan, minimize the disruption to the Debtors' businesses, and avoid the costs associated with a more protracted chapter 11 process.

DOCS_DE:218589.1

17.      The Debtors' significant stakeholders, who entered into the RSA agreeing to vote to accept the Plan, overwhelmingly support scheduling the Combined Hearing as soon as possible.    While objections are not expected given the broad support among the Debtors' impaired stakeholders for the Plan and the fact that many classes are unimpaired, the proposed period of time within which to object to the Disclosure Statement or Plan will provide parties in interest with ample time to file objections, to the extent they wish to do so.   Accordingly, cause exists for setting the Combined Hearing on or around May 3, 2018.

**II.      The Form and Manner of the Combined Notice and Commencement of Chapter 11 Cases Should be Approved**

    **A.      The Form of Combined Notice Is Appropriate**

18.      Bankruptcy Rule 2002 requires a debtor to provide notice of (i) a hearing to consider and the deadline to object to the adequacy of a disclosure statement and (ii) a hearing to consider and the deadline to object to confirmation of a plan to all creditors and equity holders. Fed. R. Bankr. P. 2002.   A debtor is also required to provide all creditors, equity holders and other parties in interest with notice of the commencement of a chapter 11 case. Id.   Here, given that solicitation has commenced prior to the Petition Date, parties in interest can be served notice of all three events simultaneously, with the Combined Notice, which will be more cost-effective than three individual notices.

19.      The Combined Notice will (a) inform parties in interest of the commencement of these Chapter 11 Cases, (b) identify the date, time, and place of the Combined Hearing, (c) set forth the deadline and procedures for filing objections to the adequacy of the Disclosure Statement or to confirmation of the Plan, (d) set forth the manner in which the Disclosure Statement and the Plan can be obtained or viewed electronically, and (e) provide a summary of the treatment of each impaired class under the Plan.   Therefore, the Debtors request authorization

to send the Combined Notice, substantially in the form attached hereto as **Exhibit B**, of the Combined Hearing and commencement of these Chapter 11 Cases.

20.     Bankruptcy Rule 3017(d) provides that, for purposes determining the creditors and equity holders entitled to receive the plan-related materials specified in Bankruptcy Rule 3017(d), the record date shall be the "date the order approving the disclosure statement is entered," unless another date is fixed by the court.  Fed. R. Bankr. P. 3017.  Because the Debtors will seek both approval of the Disclosure Statement and confirmation of the Plan at the Combined Hearing, and because Bankruptcy Rule 3018(b) permits the Debtors to have specified the record date for purposes of its solicitation prior to the Petition Date, the Debtors request that the Court establish the record date specified by the Debtors for purposes of their solicitation, March 19, 2018, as the record date for the purpose of determining which creditors and equity holders are entitled to receive the Combined Notice.

**B.      Distribution of Combined Notice Provides Adequate Notice**

21.     In order to provide parties in interest with notice sufficient to satisfy Bankruptcy Rule 2002 of the information to be reflected in the Combined Notice, the Debtors propose to circulate the Combined Notice by mail to all known creditors and equity holders no later than one (1) business day after entry of the Scheduling Order, which date is twenty-eight (28) days before the Objection Deadline (as defined below).  The Debtors propose to supplement the foregoing notice by publishing a form of the Combined Notice in USA Today National Edition or another nationally-circulated newspaper, as soon as reasonably practicable after entry of the Scheduling Order, to inform (i) those creditors who are unknown to, or not reasonably ascertainable by, the Debtors and (ii) those creditors with potential claims unknown by the Debtors.  Fed. R. Bankr. P. 2002(l).  In addition, the Debtors will cause the Combined Notice to

be posted electronically on the case website maintained by their proposed claims and noticing agent, Prime Clerk, LLC ("Prime Clerk"):[5] http://cases.primeclerk.com/remington.

22.    The Debtors believe that the proposed manner of distributing the Combined Notice will provide adequate notice of the time for filing and serving objections to, and the date and time of the hearing on, the adequacy of the Disclosure Statement or confirmation of the Plan, and, accordingly, request that the Court approve such manner of notice as adequate.

### C.    Combined Notice Satisfies Due Process

23.    In order to satisfy the requirements of due process, notice must be reasonably calculated to apprise interested persons of the pending action. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Whether notice is reasonable or adequate depends on whether a creditor is known or unknown to the debtor. See Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995). "Known" creditors must receive actual, mail notice of bankruptcy proceedings. Id. at 345. By contrast, notice by publication is sufficient to satisfy the requirements of due process for "unknown" creditors. Id. at 346-47.

24.    A "known" creditor is one whose identity is either known or "reasonably ascertainable by the debtor." Id. at 346 (citing Tulsa Prof'l Collection Serv., Inc. v. Pope, 485 U.S. 478 (1988)). In identifying "known" creditors, due process requires debtors to perform reasonable diligence of their books and records – but it does not require that debtors engage in "impracticable and extended searches." Mullane, 339 U.S. at 317; see also Chemetron Corp., 72 F.3d at 346; Mission Towers v. Grace, 2007 U.S. Dist. LEXIS 89913, at *21-24 (D. Del. 2007), aff'd, 316 F. App'x 134 (3d Cir. 2009).

---

[5]    Contemporaneously herewith, the Debtors are filing an application seeking approval of the employment and retention of Prime Clerk nunc pro tunc to the Petition Date.

25.    By contrast, the Supreme Court has held that an "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge" of the debtor. Mullane, 339 U.S. at 317. Moreover, in bankruptcy cases, when determining whether a creditor is "known" or "unknown," the appropriate form of notice, and how much to spend on notice, courts must balance the interests of the debtor's existing and potential creditors as well as other parties in interest. Vancouver Women's Health Collective Soc'y v. A.H. Robins Co., 820 F.2d 1359, 1364 (4th Cir. 1987); see also Fogel v. Zell, 221 F.3d 955, 963 (7th Cir. 2000); In re GAC Corp., 681 F.2d 1295, 1300 (11th Cir. 1982); Gentry v. Circuit City Stores, Inc. (In re Circuit City Stores, Inc.), 439 B.R. 652, 660 (Bankr. E.D. Va. 2010) ("The totality of the circumstances in each case must be analyzed to determine whether a particular creditor is known or unknown."), aff'd in part on other grounds sub nom. Gentry v. Siegel, 668 F.3d 83 (4th Cir. 2012).

26.    Based on the foregoing, the Debtors submit that the proposed Combined Notice of these Chapter 11 Cases and the Combined Hearing will satisfy the requirements of due process for both known and unknown creditors and request that the Court approve the Combined Notice as adequate.

### III.    The Solicitation of the Non-Accredited Holders and the Form of the Non-Accredited Holder Notice Should be Approved

27.    The Debtors wish to provide all holders of Class 4 Claims and Class 5 Claims with the opportunity to vote to accept or reject the Plan. However, certain holders of such claims are not "accredited investors" within the meaning of Rule 501 of the Securities Act of 1933 (such holders, "Non-Accredited Holders") and could not be solicited prior to the Petition Date under applicable securities laws. Thus, even though the Debtors commenced the solicitation process pre-petition, and the Solicitation Package (as defined in the Disclosure Statement) was delivered

11

to all holders of Class 4 Claims and Class 5 Claims, the Disclosure Statement and Ballots each clearly indicated that the Debtors were not soliciting votes, and would not count any votes received, from any Non-Accredited Holder unless and until the Court provided the Debtors with the authority to do so.  The Debtors estimate that, as of the Petition Date, there are in the aggregate more than 200 holders of Class 5 Claims and that roughly half those holders may not be "accredited" investors.[6]

28.    Because the Debtors wish to make voting available to all voting creditors at this time, the Debtors are requesting that, pursuant to the Scheduling Order, the Court permit the solicitation of the Non-Accredited Holders pursuant to section 1145 of the Bankruptcy Code. Furthermore, the Debtors are requesting that the Court authorize the form of the Non-Accredited Holder Notice (attached hereto as **Exhibit C**), which will be sent to all holders of Class 4 Claims and Class 5 Claims within one (1) business day after the entry of the Scheduling Order.  The Non-Accredited Holder Notice will indicate that the Court has approved the solicitation of the Non-Accredited Holders and that the Non-Accredited Holders may return their Ballots in accordance with the instructions set forth therein.  From the date the Non-Accredited Holder Notice is provided, the Non-Accredited Holders will have approximately twenty-eight (28) days to vote to accept or reject the Plan based on the schedule contemplated herein.

---

[6]    Based on the publicly-traded nature of the Third Lien Notes, the Debtors are unable to determine the specific number of holders of such securities or which of such holders are "accredited investors."  Rather, the Debtors' estimates set forth herein are based on unofficial securities position reports obtained from a third party service provider.  Such reports do not identify whether any particular holder is an "accredited investor" and thus, the Debtors' estimates are based on certain assumptions regarding the information provided in such reports.  The Debtors therefore cannot guarantee the accuracy of those reports, and the actual number of holders of Class 5 Claims that are not "accredited investors" could be significantly higher or lower than the Debtors' estimates.

29.    In connection with the foregoing, the Debtors also are seeking limited relief from the requirements of section 1125(b) of the Bankruptcy Code[7] solely for the purpose of delivering the Non-Accredited Holder Notice and permitting the Non-Accredited Holders to vote on the Plan.  To the extent this Motion falls within the scope of Bankruptcy Rule 3017(a), the Debtors also seek relief under Bankruptcy Rules 9006(c) and 3017(e) and request that the Court waive the 28-day notice requirement under Rule 3017(a) for the limited purpose of allowing the Debtors to deliver the Non-Accredited Holder Notice upon entry of the Scheduling Order, thereby permitting the Non-Accredited Holders to vote on the Plan.

30.    For the avoidance of doubt, the Debtors are only seeking limited relief to effectuate a solicitation of the Non-Accredited Holders so as to adhere to the milestones set forth in the Restructuring Support Agreement.  Specifically, the Debtors are not requesting that entry of the Scheduling Order be a determination as to the adequacy of the Disclosure Statement as to any holder of Class 4 Claims or Class 5 Claims (including the Non-Accredited Holders).  Rather, the Debtors will seek such approval at the Combined Hearing, and all parties' rights in respect of the adequacy of the Disclosure Statement, including the right of any Non-Accredited Holder to object to the adequacy of the Disclosure Statement (subject to and in accordance with the deadlines and procedures otherwise set forth in the Scheduling Order), are reserved.

## IV.    The Deadline and Procedures for Objecting to Adequacy of Disclosure Statement or to Confirmation of Plan Should be Approved

31.    Bankruptcy Rule 3017(a) authorizes the Court to fix the time for filing objections to the adequacy of the Disclosure Statement, and Bankruptcy Rule 3020(b)(1) authorizes the

---

[7]    Section 1125(b) provides, in relevant part, "An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information."

Court to fix the time for filing objections to the Plan. As noted above, Bankruptcy Rule 2002(b) requires twenty-eight (28) days' notice of such deadline. Accordingly, based on the proposed time set forth above, the Debtors request that the Court set April 26, 2018 as the deadline to file objections to the adequacy of the Disclosure Statement or to confirmation of the Plan, which will be approximately twenty-eight (28) days after service of the Combined Notice and approximately one week prior to the Combined Hearing (the "Objection Deadline"). As discussed above, the Debtors believe that the proposed timeline will provide adequate notice of the time for filing and serving objections to the adequacy of the Disclosure Statement or confirmation of the Plan, and, accordingly, request that the Court approve such manner of notice as adequate. This timeline is particularly appropriate given the support indicated for the Plan by the Debtors' significant stakeholders, who entered into the RSA agreeing to vote to accept the Plan.

32.    The Debtors request the Court enter an order requiring that objections to approval of the Disclosure Statement or to confirmation of the Plan, if any, shall:

(a)    be in writing;

(b)    comply with the Bankruptcy Rules, the Local Rules, Chambers' procedures, and other case management rules and orders of this Court;

(c)    state the name and address of the objecting party and the nature and amount of any claim or interest asserted by the objecting party against the estate or property of the Debtors;

(d)    state with particularity the legal and factual basis for such objection;

(e)    be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, together with proof of service thereof; and

(f)    be served by personal service or by overnight delivery, so as to be ACTUALLY RECEIVED no later than 4:00 p.m. (prevailing Eastern time) on the Objection Deadline by: (i) proposed co-counsel for the Debtors, (a) Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067, Attn: Gregory A. Bray, Thomas

14

R. Kreller, and Haig M. Maghakian, and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones and Timothy P. Cairns; and (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Juliet Sarkessian; and (iii) any other party who has requested notice in these Chapter 11 Cases.

33.     The Debtors submit that the proposed schedule for the Combined Hearing, including the establishment of the Objection Deadline, is in the best interests of all parties in interest in these Chapter 11 Cases.  This schedule is intended to minimize disruption to the Debtors' businesses and avoid the costs associated with lengthy chapter 11 proceedings. Additionally, it is appropriate that the Court approve the schedule requested by this Motion so that all parties in interest may be informed as promptly as possible of the schedule regarding the Combined Hearing.  The Debtors submit that the proposed schedule and notice to be provided by Debtors will afford all parties in interest ample notice of the proceedings.

## V.     Conditional Waiver of Requirement to File Schedules and Statements Is Appropriate

34.     The Debtors request that the Scheduling Order provide that (a) the time for filing the Schedules and Statements be extended until June 15, 2018 (i.e., approximately 82 days following the Petition Date), and (b) if the Plan is confirmed on or before May 14, 2018, the Debtors will be excused from filing the Schedules and Statements without further order of the Court.

35.     Under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(b), the Debtors are required to file the Schedules and Statements within fourteen (14) days after the Petition Date.  See 11 U.S.C. § 521; Fed. R. Bankr. P. 1007 (b)-(c).  The Court is authorized to grant the Debtors' requested extension "for cause" pursuant to Bankruptcy Rule 1007(c) and

Local Rule 1007-1(b).[8]  Further, this Court has authority under section 521 of the Bankruptcy Code to grant a waiver of the requirement to file Schedules and Statements.  See 11 U.S.C. § 521(a) (the debtor shall file "(B) *unless the court orders otherwise* - (i) a schedule of assets and liabilities; (ii) a schedule of current income and current expenditures; (iii) a statement of the debtor's financial affairs ....") (emphasis added).  Additionally, section 105(a) of the Bankruptcy Code gives this Court the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

36.    The request for a conditional waiver of the requirement to file the Schedules and Statements is appropriate in a prepackaged case.  In general, a debtor is required to file the Schedules and Statements in order to permit parties in interest to (i) file a proof of claim or (ii) understand and assess the debtor's assets and liabilities and thereafter negotiate and confirm a chapter 11 plan.  Here, cause exists for the requested waiver because the Debtors have already negotiated a chapter 11 plan that provides for all holders of allowed general unsecured claims (and other non-voting claims) to be paid in full or otherwise be rendered unimpaired.  Accordingly, the Debtors believe these Chapter 11 Cases are likely to result in a widely supported and confirmed Plan in short order, and that no bar date for filing proofs of claim will

---

[8]  The Debtors believe that they are entitled to the automatic extension provided under Local Rule 1007-1(b), which provides that the deadline for filing the Schedules and Statements is automatically extended to the date that is twenty-eight (28) days after the petition date, if (i) the debtor's bankruptcy petition is accompanied by a list of all the debtor's creditors and their addresses, in accordance with Local Rule 1007-2, and (ii) the total number of creditors in the debtor's case (or the debtors' jointly administered cases) exceeds 200.  See Del. Bankr. L.R. 1007-1(b); Fed. R. Bankr. P. 9006(a).  As the number of the Debtors' creditors is greater than 200 and the Debtors' petitions are accompanied by a list of all creditors and their addresses, the Debtors would be entitled to an automatic extension of twenty-eight (28) days absent the granting of the requested relief. By this Motion, the Debtors seek an additional fifty-four (54-day)] extension.

Moreover, pursuant to Local Rule 9006-2, where ". . . a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules, the District Court Rules, or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." See Del. Bankr. L.R. 9006-2.  As such, to the extent that the Court does not act on this Motion prior to fourteen (14) days following the Petition Date, the deadline by when the Debtors must file the Schedules and Statements shall be automatically extended until the Court acts on this Motion.

be necessary. Thus, a primary function of the Schedules and Statements likely will not be present in these Chapter 11 Cases, and the Debtors should be excused from filing the Schedules and Statements to the extent that the Plan is confirmed on or prior to May 14, 2018, as the Debtors intend.

37.     Furthermore, because the Debtors are requesting that the Court schedule a Combined Hearing to consider confirmation of the Plan on or around May 3, 2018 and thereafter excuse the Debtors from filing the Schedules and Statements, extension of the deadline to file the Schedules and Statements to June 15, 2018 will permit the Debtors to avoid expending considerable time and resources to prepare and file documents that they may ultimately be excused from filing. The Debtors respectfully submit that no harm to other parties in interest will be engendered by an extension of the deadline for the Schedules and Statements to June 15, 2018, and that such extension is appropriate to avoid burdening the Debtors' estates with unnecessary expense. Therefore, the Court should only require the Debtors to file the Schedules and Statements if the Plan is not confirmed within the timetable contemplated herein.

38.     In addition, certain of the information that would be contained in the Schedules and Statements is already available in the Disclosure Statement related to the Plan. To require the Debtors to file the Schedules and Statements would be duplicative and unnecessarily burdensome to the Debtors' estates.

39.     Lastly, given the substantial burdens already imposed on the Debtors' management by the commencement of these Chapter 11 Cases, and the time and attention the Debtors must devote to completing the restructuring process, the Debtors may be unable to complete their Schedules and Statements by the current deadline imposed by the Bankruptcy Rules and Local Rules.

DOCS_DE:218589.1

40.     Courts in this District have recognized that filing Schedules and Statements in prepackaged chapter 11 cases often is unnecessary and have ordered relief similar to that requested herein.  See, e.g., In re CHL, Ltd., No. 12-12437 (KJC) (Bankr. D. Del. Aug. 31, 2012); In re Affiliated Media, Inc., No. 10-10202 (KJC) (Bankr. D. Del. Jan. 26, 2010); In re Latham Int'l, No. 09-14490 (CSS) (Bankr. D. Del. Dec. 23, 2009); In re CommerceConnect Media Holdings, Inc., No. 09-12765 (BLS) (Bankr. D. Del. Sept. 9, 2009).

41.     For the reasons set forth above, the Debtors respectfully submit that a waiver of the requirement to file the Schedules and Statements is justified in light of the particular facts of these cases and the absence of prejudice to any party in interest.  Alternatively, the Debtors submit that "cause" exists to extend the current deadline imposed by Local Rule 1007-1(b) until June 15, 2018 should the Plan not be confirmed by May 14, 2018.

## VI.     Cause Exists for the U.S. Trustee Not to Convene a Creditors' Meeting if the Plan is Confirmed Within 75 Days of the Petition Date.

42.     Section 341 of the Bankruptcy Code allows a court to waive the requirement of a meeting of creditors or equity holders if a debtor has filed a plan on the petition date and solicited acceptances of a plan prior to the commencement of a chapter 11 case.  More specifically, section 341(e) of the Bankruptcy Code provides that:

> Notwithstanding subsections (a) and (b), the court, on the request of a party in interest and after notice and a hearing, for cause may order that the United States trustee not convene a meeting of creditors or equity security holders if the debtor has filed a plan as to which the debtor solicited acceptances prior to the commencement of the case.

11 U.S.C. § 341(e).

43.     The Debtors filed the Plan contemporaneously with this Motion on the Petition Date, and the Debtors commenced solicitation of votes to accept or reject the Plan on March 22, 2018, prior to the Petition Date, thereby satisfying the threshold statutory requirement.

18

44.    Cause exists to waive the Creditors' Meeting as set forth herein because unsecured creditors holding allowed claims will be paid in full under the Plan and through other "first day" orders sought by the Debtors. In addition, holders of term loan claims and third lien notes claims will not be harmed because they are adequately represented by respective ad hoc committees. As discussed above, the Debtors and a majority in principal amount of each of the Debtors' term loan lenders and third lien noteholders entered into the RSA, which sets forth the terms of the Plan. The RSA, moreover, requires the Debtors to confirm the Plan within a prescribed timeframe, the failure of which could jeopardize certain stakeholders' previously obtained support for the Plan. The Debtors thus respectfully submit that such creditors are not prejudiced by the lack of a Creditors' Meeting. Additionally, the Debtors intend to proceed to confirm the Plan as quickly as possible. A Creditors' Meeting may force the Debtors to delay the Combined Hearing, thereby causing additional administrative expenses and professional fees to the detriment of the Debtors' estates. For these reasons, the Debtors submit that sufficient "cause" exists to waive the requirement of a Creditors' Meeting as set forth herein.

45.    Courts in this district have waived the requirement of a section 341 meeting of creditors for a period of time, including for a period of seventy-five (75) days, under similar circumstances and thus the relief requested is reasonable. See, e.g., In re Sorenson Commcn's, Inc., No. 14-10454 (BLS) (Bankr. D. Del. Mar. 4, 2014) (waiving section 341 meeting provided that plan was confirmed within sixty-four (64) days of petition date); In re Physiotherapy Holdings, Inc., No. 13-2965 (KG) (Bankr. D. Del. Nov. 14, 2013) (same); In re Maxcom Telecomunicaciones, S.A.B. de C.V., No. 13-11839 (PJW) (Bankr. D. Del. July 25, 2013) (same, provided that plan was confirmed within sixty (60) days of petition date); In re Dex One Corp., No. 13-10533 (KG) (Bankr. D. Del. Mar. 19, 2013) (same, provided that plan was confirmed

DOCS_DE:218589.1

within seventy-five (75) days of the petition date); In re Homer City Funding LLC, No. 12-13024 (KG) (Bankr. D. Del. Nov. 7, 2012) (same, provided that plan was confirmed within 60 days of petition date).

### VII. The Solicitation Procedures and Disclosure Statement Are Proper and Should be Approved

#### A. The Solicitation Procedures Should be Approved

46.     By this Motion, the Debtors seek a determination from this Court that the Solicitation Procedures meet the requirements of the Bankruptcy Rules.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims for the purpose of soliciting their votes accepting or rejecting a plan of reorganization.   Local Rule 3017-1(b) requires that a plan proponent file a motion for approval of the voting procedures, including the form of ballots, the voting agent, and the time and manner of voting.

47.     Additionally, Bankruptcy Rule 3018(b) provides that:

> [a]holder of a claim or interest who has accepted or rejected a plan before the commencement of the case . . . shall not be deemed to have accepted or rejected the plan if the court finds after notice and hearing an unreasonably short time was prescribed for such creditors and equity security holders to accept or reject the plan, or that the solicitation was not in compliance with § 1126(b) of the Code.

Fed. R. Bankr. P. 3018(b).

48.     As described above, on March 22, 2018, prior to the Petition Date, the Debtors distributed the Solicitation Package, including (i) a transmittal letter; (ii) the Disclosure Statement; (iii) the Plan (as Exhibit A to the Disclosure Statement); (iv) the RSA (redacted) (as Exhibit B to the Disclosure Statement); (v) consolidated projected financial results for each of the fiscal years 2018 through and included 2022 (as Exhibit C to the Disclosure Statement); (vi) a liquidation analysis (as Exhibit D to the Disclosure Statement); (vii) audited consolidated financial statements as of December 31, 2016,  unaudited consolidated financial statements as of

September 30, 2017, and certain December Year-To-Date 2017 Flash Results (unaudited preliminary) (as <u>Exhibit E</u> to the Disclosure Statement); (viii) for those parties entitled to vote to accept or reject the Plan, one or more Ballots (as defined below), as applicable; and (ix) a prepaid, preaddressed return envelope (collectively, the "<u>Solicitation Package</u>") to all holders of allowed claims and interests in each of the impaired Classes 4 (Term Loan Claims) and 5 (Third Lien Notes Claims), and began soliciting acceptances of the Plan in accordance with Bankruptcy Rule 3018(b).[9]   Additionally, as discussed below, the Debtors submit that the Solicitation Procedures meet the requirements of Bankruptcy Rule 3017 and Local Rule 3017-1.

### i.    The Form of Ballots Should be Approved

49.    Bankruptcy Rule 3017(d) requires the Debtors to transmit a form of ballot, which substantially conforms to Official Form No. 14, to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d).  As part of the Solicitation Package, the Debtors distributed ballots, in the form(s) attached hereto as **Exhibit D** (each, a "<u>Ballot</u>"), to holders of Term Loan Claims and Third Lien Notes Claims, including, in respect of the Third Lien Notes Claims, both forms of a "master" Ballot for the record holders of such claims and a "beneficial owner" Ballot for the beneficial owners of such claims.  While the form for the Ballots is based on Official Form No. 14, the form has been modified to address the particular aspects of these Chapter 11 Cases and to include certain additional information that the Debtors believe is relevant and appropriate.

50.    The Debtors submit that the form of the Ballots satisfies Bankruptcy Rule 3017(d) and should be approved.

---

[9]    Holders of claims and interests in the remaining Classes are either (i) unimpaired under the Plan (Classes 1, 2, 3, 6, 7 and 10) and, therefore, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to have accepted the Plan or (ii) impaired under the Plan (Classes 8 and 9) and, therefore, pursuant to section 1126(g) of the Bankruptcy Code, are conclusively presumed to have rejected the Plan.  11 U.S.C. §§ 1126(f) and (g).  Accordingly, the Debtors are not soliciting votes from such holders.

###### ii.        **The Voting Deadline Should be Approved**

51.        Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court "shall fix a time within which the holders of claims and equity interests may accept or reject the plan." Fed. R. Bankr. P. 3017(c).  Bankruptcy Rule 3018(b) provides that a holder of a claim or equity security will not be deemed to have accepted or rejected the plan "if the court finds after notice and a hearing . . . that an unreasonably short time was prescribed for such creditors and equity security holders to accept or reject the plan." Fed. R. Bankr. P. 3018(b).

52.        Here, the commencement of the prepetition solicitation of holders of Term Loan Claims and Third Lien Notes Claims  began on March 22, 2018.  The Debtors propose that the solicitation period conclude on April 26, 2018.  The proposed time period for holders to accept or reject the Plan is not "unreasonably short," as required by Bankruptcy Rule 3018(b), in light of the fact that: (i) the period will provide twenty-five (25) business days to solicit votes of "accredited" holders, and should the Court grant the relief requested in Part III above, twenty-eight (28) calendar days to solicit the votes of "non-accredited" holders; and (ii) representatives of the Debtors' key creditor and other constituencies assisted the Debtors in formulating the terms of the Plan, negotiated the terms of the Plan with the Debtors, and were familiar with the terms of the Plan before solicitation commenced.

###### iii.       **Waiver of Requirement to Mail Disclosure Statement to Certain Creditors and Equity Holders Is Appropriate**

53.        For the reasons set forth herein, the Debtors request a waiver of the Bankruptcy Rule 3017 requirement that the Debtors mail a copy of the Disclosure Statement and Plan to holders of claims or interests deemed to have accepted or rejected the Plan.  See Fed. R. Bankr. P. 3017.  The Debtors have made the Disclosure Statement and the Plan available at no cost on

Prime Clerk's website and have included a summary of the Plan in the Combined Notice. Moreover, it would be an expensive and unnecessary administrative burden on the Debtors to transmit the Combined Notice, Disclosure Statement and Plan to holders of claims and interests deemed to have accepted or rejected the Plan.  Accordingly, the Debtors submit that it is not appropriate to require the Debtors to transmit a copy of the Disclosure Statement, Plan or Solicitation Package to the holders of claims or interests other than those holders of claims or interests entitled to vote on the Plan.

### B.    The Disclosure Statement Should be Approved

54.    As discussed above, the Debtors commenced solicitation of votes for acceptance of the Plan  prior to the Petition Date.  The Debtors therefore seek a determination from this Court that their prepetition solicitation satisfies section 1126(b) of the Bankruptcy Code and the Bankruptcy Rules.  Section 1126(b) of the Bankruptcy Code specifically provides that:

> [A] holder of a claim or interest that has accepted or rejected the plan before the commencement of the case under this title is deemed to have accepted or rejected such plan, as the case may be, if
>
> > (1) the solicitation of such acceptance or rejection was in compliance with any applicable nonbankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with such solicitation; or
> >
> > (2) if there is not any such law, rule, or regulation, such acceptance or rejection was solicited after disclosure to such holder of adequate information, as defined in section 1125(a) of this title.

11 U.S.C. § 1126(b).

55.    The Debtors seek the Court's ruling at the Combined Hearing that the prepetition solicitation complied with section 1126(b) of the Bankruptcy Code because the Disclosure Statement was extensive and comprehensive and therefore provided adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code.  Accordingly, the Debtors also

23

request that, at the Combined Hearing, the Court approve the Disclosure Statement as containing adequate information under section 1125 of the Bankruptcy Code.

56.     Section 1125 of the Bankruptcy Code, in turn, defines "adequate information" as:

[I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

57.     In examining the adequacy of the information contained in a disclosure statement, a bankruptcy court has broad discretion.  See In re Phoenix Petroleum Co., 278 B.R. 385, 392-93 (Bankr. E.D. Pa.  2001) (citing Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.), 844 F.2d 1142, 1157 (5th Cir. 1988)); In re Dakota Rail, Inc., 104 B.R. 138, 143 (Bankr. D. Minn. 1989) (a court has "wide discretion to determine . . . whether a disclosure statement contains adequate information without burdensome, unnecessary, and cumbersome detail"). Accordingly, the determination of whether a disclosure statement contains adequate information is made on a case-by-case basis, focusing on the unique facts and circumstances of each case.  In that regard, courts generally examine whether the disclosure statement contains information such as:

(a)     The circumstances that gave rise to the filing of the bankruptcy petition;

(b)     A complete description of the available assets and their value;

(c)     The anticipated future of the debtor;

(d)     The source of the information provided in the disclosure statement;

(e)     A disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized other than those set forth in the disclosure statement;

(f)     The condition and performance of the debtor while in chapter 11;

24

(g)     Information regarding claims against the estate;

(h)     A liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

(i)     The accounting and valuation methods used to produce the financial information in the disclosure statement;

(j)     Information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors, and/or officers of the debtor;

(k)     A summary of the plan of reorganization (or liquidation);

(l)     An estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(m)    The collectability of any accounts receivable;

(n)     Any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(o)     Information relevant to the risks being taken by the creditors and interest holders;

(p)     The actual or projected value that can be obtained from avoidable transfers;

(q)     The existence, likelihood, and possible success of non-bankruptcy litigation;

(r)     The tax consequences of the plan; and

(s)     The relationship of the debtor with its affiliates.

In re Scioto Valley Mortg. Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); see also, e.g., In re Phoenix Petroleum Co., 278 B.R. at 393 (determination of whether a disclosure statement contains adequate information made on case-by-case basis).

58.     The Debtors submit that the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code. The Disclosure Statement is extensive and comprehensive. Specifically, the Disclosure Statement contains descriptions and

DOCS_DE:218589.1

summaries of, among other things: (i) the Plan; (ii) certain events preceding the commencement of these Chapter 11 Cases; (iii) securities to be issued under the Plan; (iv) the RSA; (v) risk factors affecting the Plan; (vi) a liquidation analysis setting forth the estimated return that creditors would receive in chapter 7; (vii) financial projections and a valuation analysis that would be relevant to holders of claims and interests' determinations of whether to accept or reject the Plan; and (viii) federal tax law consequences of the Plan.

59.     Accordingly, the Debtors submit that for the reasons set forth herein, the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and should be approved.

## Notice

60.     The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to Bank of America, N.A., as administrative agent and co-collateral agent under the ABL Credit Agreement; (d) counsel to Ankura Trust Company, as the successor administrative agent under the Term Loan Agreement; (e) counsel to the Ad Hoc Group of Term Loan Lenders; (f) counsel to Wilmington Trust, National Association, as trustee under the Third Lien Notes Indenture; (g) counsel to the Ad Hoc Group of Third Lien Noteholders; (h) the U.S. Securities and Exchange Commission; and (i) all parties entitled to notice pursuant to Local Rule 9013-1(m).     The Debtors submit that, in light of the nature of the relief requested and the circumstances surrounding this Motion, no other or further notice need be given.

## No Prior Request

61.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of (i) an order, substantially in the form attached hereto as **Exhibit A**: (a) scheduling the Combined Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan, (b) approving the form (attached hereto as **Exhibit B**) and manner of the Combined Notice of the Combined Hearing and commencement of these Chapter 11 Cases, (c) approving the form (attached hereto as **Exhibit C**) and manner of the Non-Accredited Holder Notice, (d) establishing the procedures for objecting to the adequacy of the Disclosure Statement or to confirmation of the Plan, (e) conditionally waiving the requirement that the Debtors file the Statements and Schedules, and (f) directing the U.S. Trustee not to convene a Creditors' Meeting; and (ii) an order (a) approving the prepetition Solicitation Procedures, (b) approving the adequacy of the Disclosure Statement, and (c) confirming the Plan; and such further relief as may be appropriate and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: March 25, 2018
Wilmington, Delaware

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        ljones@pszjlaw.com
              tcairns@pszjlaw.com

-and-

**MILBANK, TWEED, HADLEY & McCLOY** LLP
Gregory A. Bray (*pro hac vice* admission pending)
Thomas R. Kreller (*pro hac vice* admission pending)
Haig M. Maghakian (*pro hac vice* admission pending)
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone:    (424) 386-4000
Facsimile:    (213) 629-5063
Email:        gbray@milbank.com
              tkreller@milbank.com
              hmaghakian@milbank.com

*Proposed Counsel to Debtors and Debtors in Possession*

DOCS_DE:218589.1