# Exhibit A

## Proposed Form of Scheduling Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
REMINGTON OUTDOOR COMPANY, INC., *et* : Case No. 18-10684 (__)
*al.*,[1] :
: (Joint Administration Requested)
:
Debtors. :
:
------------------------------------------------------------ x

**ORDER (A) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN, (B) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING AND COMMENCEMENT OF CHAPTER 11 CASES, (C) ESTABLISHING PROCEDURES FOR OBJECTING TO DISCLOSURE STATEMENT OR PLAN, (D) CONDITIONALLY WAIVING REQUIREMENT TO FILE STATEMENTS AND SCHEDULES, AND (E) DIRECTING THAT A MEETING OF CREDITORS NOT BE CONVENED**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Scheduling Order"): (a) scheduling a combined hearing on the adequacy of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing"); (b) approving the form and manner of notice of the Combined Hearing and commencement of these Chapter 11 Cases; (c) approving the solicitation of the Non-Accredited Holders and the form of the Non-Accredited Holder Notice; (d) establishing the procedures for objecting to the adequacy of the Disclosure Statement or to confirmation of the Plan; (e) conditionally waiving the requirement that the Debtors file the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The principal offices of Debtor Remington Outdoor Company Inc., the top-level holding company, are located at 870 Remington Drive, Madison, NC 27025.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Schedules and Statements; and (f) directing that the U.S. Trustee not convene the Creditors' Meeting if the Plan is confirmed within seventy-five (75) days of the Petition Date; all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Combined Hearing (at which time the Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan), will be held before the Honorable _____, United States Bankruptcy Judge, in courtroom ____ of the United States Bankruptcy Court for the District of Delaware, on May ___, 2018 at _:__ _.m. (Eastern time). The Combined Hearing may be continued from time to time by the Court without further notice.

3. The form of Combined Notice is approved, and the Debtors shall begin to mail or cause to be mailed a copy of the Combined Notice, in substantially the form attached hereto as **Schedule A**, no later than one (1) business day after the entry of this Scheduling Order upon all of the Debtors' known creditors and equity security holders of record as of March 19, 2018.

4. The Debtors shall publish a form of the Combined Notice in the USA Today National Edition or another national-circulated newspaper as soon as reasonably practicable after the entry of this Scheduling Order.

5. Notwithstanding anything to the contrary in Section 1125 of the Bankruptcy Code, the Debtors are authorized to solicit votes from the Non-Accredited Holders and such solicitation shall be deemed to have occurred pursuant to the exemptions set forth in section 1145 of the Bankruptcy Code. The form of Non-Accredited Holder Notice is approved, and the Debtors shall serve a copy of the Non-Accredited Holder Notice, in substantially the form attached hereto as **Schedule B**, no later than one (1) business day after the entry of this Scheduling Order upon all holders of Class 4 Claims and Class 5 Claims as of the Voting Record Date (as defined in the Disclosure Statement). For the avoidance of doubt, nothing herein shall limit any party in interests' rights to object to or contest the adequacy of the Disclosure Statement or raise any other issues relating to confirmation of the Plan, subject to and in accordance with the deadlines and procedures set forth herein.

6. Any objections to the approval of the Disclosure Statement, adequacy of the Disclosure Statement, or confirmation of the Plan must (i) be in writing; (ii) comply with the Bankruptcy Rules, the Local Rules, Chambers' procedures, and other case management rules and orders of this Court; (iii) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by the objecting party against the estate or property of

the Debtors; (iv) state with particularity the legal and factual basis for such objection; (v) be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, together with proof of service thereof; and (vi) served by personal service or by overnight delivery, so as to be actually received no later than 4:00 p.m. (prevailing Eastern time) on April 26, 2018 by: (i) proposed co-counsel for the Debtors, (a) Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, 33rd Floor, Los Angeles, CA 90067, Attn: Gregory A. Bray, Thomas R. Kreller, and Haig M. Maghakian, and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones and Timothy P. Cairns; (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Juliet Sarkessian; and (iii) any other party who has requested notice in these Chapter 11 Cases.

7. Any objections not timely filed and served in the manner set forth in this Scheduling Order shall not be considered and shall be overruled.

8. The notice procedures set forth above constitute good and sufficient notice of the Combined Hearing and the commencement of the Chapter 11 Cases and the deadline and procedures for objecting to the adequacy of the Disclosure Statement and confirmation of the Plan, and no other or further notice shall be necessary.

9. Cause exists to extend the time by which the Debtors must file the Schedules and Statements until June 15, 2018; provided, however, that if the Plan is confirmed on or before May 14, 2018, the Debtors will be excused from filing the Schedules and Statements without further order of the Court.

4

10. The U.S. Trustee need not and shall not convene a meeting of creditors pursuant to section 341(e) of the Bankruptcy Code if the Plan is confirmed within seventy-five (75) days of the Petition Date.

11. Entry of this Scheduling Order shall be without prejudice to the Debtors' right to seek further extensions of time within which to file the Schedules and Statements.

12. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Scheduling Order.

13. This Court shall retain jurisdiction with respect to all matters arising from or related the implementation, interpretation, and enforcement of this Scheduling Order.

Dated: _____, 2018
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE