**<u>Exhibit D</u>**

**Ballots**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>IMPORTANT: No chapter 11 case has been commenced as of the date of distribution of this ballot. This ballot is a prepetition solicitation of your vote on a prepackaged plan of reorganization. The Debtors intend to commence chapter 11 cases, following which this ballot, subject to Bankruptcy Court approval, would be a solicitation of your vote for a plan of reorganization pursuant to the Bankruptcy Code.<br><br>If chapter 11 cases are commenced, the Debtors will request joint administration of such cases. |

**BALLOT FOR HOLDERS IN**

**CLASS 4
(TERM LOAN CLAIMS)**

**FOR VOTING TO ACCEPT OR REJECT
DEBTORS' JOINT PREPACKAGED PLAN OF REORGANIZATION
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

| |
|---|
| **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS
APRIL 26, 2018 AT 4:00 P.M. (PREVAILING EASTERN TIME)** |

Remington Outdoor Company, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are sending this ballot (the "Ballot") in order to solicit your vote to accept or reject the *Joint Prepackaged Chapter 11 Plan of Remington Outdoor Company, Inc. and Its Affiliated Debtors and Debtors in Possession* dated March 22, 2018 (as may be amended from time to time, the "Plan")[2]. The Plan is attached as Exhibit A to the *Disclosure Statement for Joint Prepackaged Plan of Remington Outdoor Company, Inc. and Its Affiliated Debtors and Debtors in Possession*, dated March 22, 2018 (as

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405).  The principal offices of Debtor Remington Outdoor Company Inc., the top-level holding company, are located at 870 Remington Drive, Madison, NC 27025.

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Plan.

may be amended from time to time, the "Disclosure Statement"), which accompanies this Ballot and has also been posted on the Debtors' voting information website (located at *http://cases.primeclerk.com/remingtonballots*). The Disclosure Statement provides information to assist you in deciding how to vote on the Plan.

As described in the Disclosure Statement, the Debtors intend to commence cases under chapter 11 of the Bankruptcy Code following this solicitation. If you have not received or wish to obtain additional copies of the Disclosure Statement, please contact the Debtors' solicitation agent, Prime Clerk LLC (the "Solicitation Agent" or "Prime Clerk"), at 877-755-3450 or, for international callers, 347-338-6538 or via email at remingtonballots@primeclerk.com.

This Ballot is being sent to all holders of Class 4 Term Loan Claims (any such Claims, the "Class 4 Claims") as of March 19, 2018 (the "Voting Record Date"). As of the date of distribution of this Ballot, **only Accredited Investors[3] (as such term is defined in Rule 501 of the Securities Act of 1933, as amended (the "Securities Act")) are entitled to vote to accept or reject the Plan, and you should disregard this Ballot if you are not an Accredited Investor.** HOWEVER, following the filing of the Plan with the Bankruptcy Court, the Debtors intend to request the Bankruptcy Court's approval to solicit votes on the Plan from the holders of Class 4 Claims who are not Accredited Investors. To the extent the Bankruptcy Court approves such request, the Debtors will promptly notify the holders of Class 4 Claims of such approval, and that all such holders, including those who are not Accredited Investors, are entitled to vote on the Plan and complete this Ballot.

If you hold Claims in more than one class, you will receive a separate ballot for each class in which you are entitled to vote. Holders of Class 4 Claims are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan. In order for your vote to count, you must either (i) complete and submit your vote through Prime Clerk's E-Ballot platform or (ii) complete and return this paper Ballot in accordance with the instructions set forth herein.

If holders of at least two-thirds in amount and more than one-half in number of the Allowed Class 4 Claims that have voted on the Plan vote to accept the Plan, Class 4 will be deemed to have accepted the Plan. If the Plan is confirmed by the Bankruptcy Court, it will be made binding upon you regardless of whether or not you vote and regardless of whether or not Class 4 accepts the Plan.

This Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than (i) to cast a vote to accept or reject the Plan; (ii) to opt out of the Third-Party Releases (as defined in Item 2 below); and/or (iii) to opt in to (a) including your Causes of Action against the Remington Entities in the Litigation Trust Assets in exchange for your Pro Rata Class 4 Share of the Litigation Trust Class A Interests, or (b) otherwise releasing any such Causes of Action in exchange for your Pro Rata Class 4 Share of the proceeds of any Litigation Settlement.

If you have any questions regarding the Ballot or on how to properly complete this Ballot, please call Prime Clerk at 877-755-3450 or, for international callers, 347-338-6538 or via email at remingtonballots@primeclerk.com.

---

[3] The definition of "Accredited Investor" is attached hereto as Exhibit A.

DOCS_DE:218589.1

<u>IMPORTANT</u>

YOU SHOULD CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND THE PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN.

PRIME CLERK IS NOT AUTHORIZED TO (AND WILL NOT) PROVIDE LEGAL ADVICE.

VOTING DEADLINE: 4:00 P.M. PREVAILING EASTERN TIME ON APRIL 26, 2018

VOTING RECORD DATE: MARCH 19, 2018

YOU ARE STRONGLY ENCOURAGED TO USE PRIME CLERK'S E-BALLOT PLATFORM TO SUBMIT YOUR VOTE AND YOUR OPT-OUT AND/OR OPT-IN ELECTIONS. IF YOU SUBMIT YOUR VOTE AND OPT-OUT AND/OR OPT-IN ELECTIONS THROUGH THE E-BALLOT PLATFORM, YOU SHOULD <u>NOT</u> RETURN A PAPER BALLOT.

---

IF PRIME CLERK DOES NOT <u>ACTUALLY RECEIVE</u> YOUR VOTE BY THE VOTING DEADLINE (WHETHER CAST THROUGH THE E-BALLOT PLATFORM OR THROUGH A PAPER BALLOT), PRIME CLERK SHALL NOT COUNT YOUR VOTE, EXCEPT AS DIRECTED BY THE DEBTORS IN THEIR SOLE DISCRETION, AND ANY ELECTION TO (I) OPT OUT OF THE THIRD-PARTY RELEASES OR (II) OPT IN TO (A) INCLUDING YOUR CAUSES OF ACTION AGAINST THE REMINGTON ENTITIES IN THE LITIGATION TRUST ASSETS IN EXCHANGE FOR YOUR PRO RATA CLASS 4 SHARE OF THE LITIGATION TRUST CLASS A INTERESTS, OR (B) OTHERWISE RELEASING SUCH CAUSES OF ACTION IN EXCHANGE FOR YOUR PRO RATA CLASS 4 SHARE OF THE PROCEEDS OF ANY LITIGATION SETTLEMENT WILL NOT BE VALID.

YOU SHOULD NOT SEND YOUR BALLOT TO ANY OF THE DEBTOR ENTITIES, DEBTORS' AGENTS (OTHER THAN THE SOLICITATION AGENT), OR DEBTORS' FINANCIAL OR LEGAL ADVISORS. IF SO SENT, THE BALLOT WILL NOT BE COUNTED IN CONNECTION WITH THE PLAN.

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING UPON YOU WHETHER OR NOT YOU VOTE.

DOCS_DE:218589.1

**IMPORTANT NOTICE TO NON-ACCREDITED INVESTORS**

SUBJECT TO THE TERMS HEREOF, BALLOTS ARE ONLY BEING SOLICITED FROM HOLDERS AS OF THE VOTING RECORD DATE THAT ARE "ACCREDITED INVESTORS" AS SUCH TERM IS DEFINED IN RULE 501 OF THE SECURITIES ACT.

IF YOU ARE NOT AN ACCREDITED INVESTOR, YOUR VOTE WILL NOT BE COUNTED, AND YOU SHOULD NOT COMPLETE OR RETURN THIS BALLOT, UNLESS YOU ARE OTHERWISE NOTIFIED TO THE CONTRARY BY THE DEBTORS.

FOLLOWING THE FILING OF THE PLAN WITH THE BANKRUPTCY COURT, THE DEBTORS INTEND TO REQUEST THE BANKRUPTCY COURT'S APPROVAL TO SOLICIT VOTES ON THE PLAN FROM THE HOLDERS OF CLASS 4 CLAIMS WHO ARE NOT ACCREDITED INVESTORS.  TO THE EXTENT THE BANKRUPTCY COURT APPROVES SUCH REQUEST, THE DEBTORS WILL PROMPTLY NOTIFY THE HOLDERS OF CLASS 4 CLAIMS OF SUCH APPROVAL, AND THAT ALL SUCH HOLDERS, INCLUDING THOSE WHO ARE NOT ACCREDITED INVESTORS, ARE ENTITLED TO VOTE ON THE PLAN AND COMPLETE THIS BALLOT.

UNLESS YOU ARE INSTRUCTED BY THE DEBTORS TO SUBMIT YOUR BALLOT, ALL BALLOTS RECEIVED FROM NON-ACCREDITED INVESTORS WILL BE DISREGARDED.

DOCS_DE:218589.1

## HOW TO VOTE ONLINE THROUGH PRIME CLERK'S E-BALLOT PLATFORM

You may return your Ballot by electronic, online transmission <u>solely</u> by clicking on the "Submit E-Ballot" section on the Debtors' case information website (*http://www.cases.primeclerk.com/remingtonballots*) and following the directions set forth on the website regarding submitting your E-Ballot as described more fully below. Please choose only ONE method of return for your Ballot. If you cast both an E-Ballot and a paper Ballot with respect to the same Claim, the paper Ballot will not be counted.

1.      Please visit the Debtors' voting website at *http://www.cases.primeclerk.com/remingtonballots*.

2.      Click on the "E-Ballot" section of the Debtors' voting website.

3.      Follow the directions to submit your E-Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should **not** return a hard copy of your Ballot.

**IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE AND SUBMIT YOUR CUSTOMIZED E-BALLOT:**

**UNIQUE E-BALLOT ID#**_____

"E-BALLOTING" IS THE SOLE MANNER IN WHICH BALLOTS MAY BE DELIVERED VIA ELECTRONIC TRANSMISSION.

**BALLOTS SUBMITTED BY FACSIMILE OR EMAIL WILL NOT BE COUNTED.**

DOCS_DE:218589.1

## **HOW TO VOTE BY MAIL**

1.      COMPLETE ITEMS 1 AND 2.

IF YOU HAVE EITHER VOTED TO REJECT THE PLAN OR ABSTAINED FROM VOTING TO ACCEPT OR REJECT THE PLAN AND WISH TO OPT OUT OF THE THIRD-PARTY RELEASES, COMPLETE ITEM 3.

IF YOU HAVE EITHER VOTED TO REJECT THE PLAN OR ABSTAINED FROM VOTING TO ACCEPT OR REJECT THE PLAN AND WISH TO OPT IN TO (A) INCLUDING YOUR CAUSES OF ACTION AGAINST THE REMINGTON ENTITIES IN THE LITIGATION TRUST ASSETS IN EXCHANGE FOR YOUR PRO RATA CLASS 4 SHARE OF THE LITIGATION TRUST CLASS A INTERESTS OR (B) OTHERWISE RELEASING ANY SUCH CAUSES OF ACTION IN EXCHANGE FOR YOUR PRO RATA CLASS 4 SHARE OF THE PROCEEDS OF ANY LITIGATION SETTLEMENT, COMPLETE ITEM 4.

REVIEW THE INFORMATION CONTAINED IN EXHIBIT A HERETO, AND COMPLETE THE ACCREDITED INVESTOR CERTIFICATION CONTAINED IN ITEM 5.

REVIEW THE CERTIFICATION CONTAINED IN ITEM 6.

**SIGN AND DATE THE BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION.**

YOU MUST VOTE THE FULL AMOUNT OF ALL OF YOUR CLASS 4 CLAIM *EITHER* TO ACCEPT *OR* REJECT THE PLAN. YOU MAY NOT SPLIT YOUR VOTE.

**ANY EXECUTED BALLOT RECEIVED THAT DOES NOT INDICATE EITHER ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED. IF NO VOTES TO ACCEPT OR REJECT THE PLAN ARE RECEIVED FOR A PARTICULAR CLASS THAT IS ENTITLED TO VOTE ON THE PLAN, SUCH CLASS SHALL BE DEEMED TO HAVE VOTED TO ACCEPT THE PLAN.**

IN ORDER FOR YOUR VOTE BY MAIL TO BE COUNTED, YOUR BALLOT MUST BE PROPERLY COMPLETED AND ACTUALLY RECEIVED BY THE SOLICITATION AGENT NO LATER THAN APRIL 26, 2018 AT 4:00 P.M. (PREVAILING EASTERN TIME). YOU MAY USE THE POSTAGE-PAID ENVELOPE PROVIDED, OR SEND YOUR BALLOT TO THE FOLLOWING ADDRESS:

REMINGTON OUTDOOR COMPANY, INC.
BALLOT PROCESSING CENTER
C/O PRIME CLERK LLC
830 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10022

DOCS_DE:218589.1

**Item 1. Amount of Claim**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder of the following Class 4 Claim in an aggregate outstanding principal amount of (verify the amount in the box below):

$ _____

**Item 2. Vote on Plan**

**IF YOU VOTE TO ACCEPT THE PLAN, YOUR VOTE CONSTITUTES AN ACCEPTANCE OF AND CONSENT TO:**

    **A. THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN;**

    **B. THE THIRD-PARTY RELEASES AND INJUNCTIONS SET FORTH IN ARTICLE IX.D.2 AND IX.F OF THE PLAN (COLLECTIVELY, THE "THIRD PARTY RELEASES"); AND**

    **C. (I) THE TRANSFER AND ASSIGNMENT OF ALL CAUSES OF ACTION THAT YOU MAY HAVE AGAINST OR RELATED TO REMINGTON IN YOUR CAPACITY AS A HOLDER OF CLAIMS IN CLASS 4 TO THE LITIGATION TRUST ON THE EFFECTIVE DATE IN EXCHANGE FOR YOUR PRO RATA CLASS 4 SHARE OF THE LITIGATION TRUST CLASS A INTERESTS OR (II) THE RELEASE OF SUCH CAUSES OF ACTION THAT YOU MAY HAVE AGAINST OR RELATED TO REMINGTON IN YOUR CAPACITY AS A HOLDER OF CLAIMS IN CLASS 4 IN EXCHANGE FOR YOUR PRO RATA CLASS 4 SHARE OF THE PROCEEDS OF ANY APPLICABLE LITIGATION SETTLEMENT.**

If you vote to reject the Plan or if you do not cast a vote to accept or reject the Plan, please see Item 3 below and refer to Article IX of the Plan for information about the Releases.

Any Ballot that is executed by the holder of a Class 4 Claim that indicates both an acceptance and a rejection of the Plan or does not indicate either an acceptance or rejection of the Plan will not be counted.

**The Plan, though proposed jointly, constitutes separate plans proposed by each of the Debtor entities. Your vote will count as votes for or against, as applicable, each plan proposed by each Debtor entity.**

The holder of the Class 4 Claim identified in Item 1 votes as follows (check one box only – if you do not check a box or you check both boxes, your vote will not be counted):

    ☐ **ACCEPT** (vote FOR) the Plan.         ☐ **REJECT** (vote AGAINST) the Plan.

**Item 3. Election to Opt-Out of Third-Party Releases**

7

If you voted to reject the Plan in Item 2 above or abstained from voting to accept or reject the Plan, you may check the box below to opt out of the Third-Party Releases. **IF YOU VOTED TO REJECT THE PLAN OR ABSTAINED FROM VOTING AND YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASES BY CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO HAVE UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM, INTER ALIA, ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN) EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN. IF YOU WOULD OTHERWISE BE ENTITLED TO A RELEASE UNDER ARTICLE IX.D OF THE PLAN BUT YOU DO NOT GRANT THE THIRD-PARTY RELEASES BECAUSE YOU OPTED OUT, YOU SHALL NOT RECEIVE THE BENEFIT OF THE RELEASES SET FORTH IN ARTICLE IX.D OF THE PLAN.**

☐    **Opt Out** of the Third-Party Releases.

**Item 4. Election to Opt-In to Litigation Trust or Litigation Settlement**

If you voted to reject the Plan in Item 2 above or abstained from voting to accept or reject the Plan, you may check the box below to opt in to (a) including your Causes of Action against the Remington Entities in the Litigation Trust Assets in exchange for your Pro Rata Class 4 Share of the Litigation Trust Class A Interests or (b) otherwise releasing any such Causes of Action in exchange for your Pro Rata Class 4 Share of the proceeds of any Litigation Settlement. IF YOU VOTED TO REJECT THE PLAN OR ABSTAINED FROM VOTING AND YOU DO NOT OPT IN TO (A) INCLUDE YOUR CAUSES OF ACTION AGAINST THE REMINGTON ENTITIES IN THE LITIGATION TRUST ASSETS OR (B) OTHERWISE RELEASE ANY SUCH CLAIMS PURSUANT TO A LITIGATION SETTLEMENT, YOU SHALL NOT RECEIVE ANY LITIGATION TRUST INTERESTS OR THE PROCEEDS OF ANY LITIGATION SETTLEMENT, AS APPLICABLE, ON THE EFFECTIVE DATE OF THE PLAN.

☐    **Opt In** to the Litigation Trust or Litigation Settlement.

**Item 5. Accredited Investor Certification.**

Please identify whether you are an "accredited investor" as such term is defined under Rule 501 of Regulation D of the Securities Act (See exhibit A hereto).

☐ **ACCREDITED INVESTOR**        ☐ **NOT AN ACCREDITED INVESTOR**

**Item 6. Certification.**

By returning this Ballot, the holder of the Class 4 Claim identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 4 Claim identified in Item 1, (b) it was the holder of the Class 4 Claim identified in Item 1 as of the Voting Record Date and/or it has full power and authority to vote to accept or reject the Plan for the Class 4 Claim identified in Item 1, (c) it has read, and understands, the certification required in Item 5, including the related information in Exhibit A hereto, and has accurately and correctly completed such certification, and (d) is has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED. In addition, to the extent you voted to accept the Plan in Item 2 above, or

8

abstained from voting to accept or reject the Plan but did elect to opt in pursuant to Item 4 above, the below information will be used to make distributions of Litigation Trust Interests or proceeds of any Litigation Settlement, as applicable.

_____
Name of Holder of Class 4 Claim

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Email Address

_____
Date Completed

This Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY PRIME CLERK BY 4:00 P.M. (PREVAILING EASTERN TIME) ON APRIL 26, 2018, OR YOUR VOTE WILL NOT BE COUNTED.**

DOCS_DE:218589.1

**EXHIBIT A**

## DEFINITION OF ACCREDITED INVESTOR

**"Accredited Investor"** is defined in Rule 501 of the Securities Act of 1933 and means any person who comes within **any** of the following categories:

(1) any bank as defined in section 3(a)(2) of the Act, or any savings and loan association or other institution as defined in section 3(a)(5)(A) of the Act whether acting in its individual or fiduciary capacity; any broker or dealer registered pursuant to section 15 of the Securities Exchange Act of 1934; any insurance company as defined in section 2(a)(13) of the Act; any investment company registered under the Investment Company Act of 1940 or a business development company as defined in section 2(a)(48) of that Act; any Small Business Investment Company licensed by the U.S. Small Business Administration under section 301(c) or (d) of the Small Business Investment Act of 1958; any plan established and maintained by a state, its political subdivisions, or any agency or instrumentality of a state or its political subdivisions, for the benefit of its employees, if such plan has total assets in excess of $5,000,000; any employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 if the investment decision is made by a plan fiduciary, as defined in section 3(21) of such act, which is either a bank, savings and loan association, insurance company, or registered investment adviser, or if the employee benefit plan has total assets in excess of $5,000,000 or, if a self-directed plan, with investment decisions made solely by persons that are accredited investors;

(2) any private business development company as defined in section 202(a)(22) of the Investment Advisers Act of 1940;

(3) any organization described in section 501(c)(3) of the Internal Revenue Code, corporation, Massachusetts or similar business trust, or partnership, not formed for the specific purpose of acquiring the securities offered, with total assets in excess of $5,000,000;

(4) any director, executive officer, or general partner of the issuer of the securities being offered or sold, or any director, executive officer, or general partner of a general partner of that issuer;

(5) any natural person whose individual net worth, or joint net worth with that person's spouse, exceeds $1,000,000.

(i) Except as provided in paragraph (5)(ii) of this section, for purposes of calculating net worth under this paragraph (5):

(A) The person's primary residence shall not be included as an asset;

(B) Indebtedness that is secured by the person's primary residence, up to the estimated fair market value of the primary residence at the time of the sale of securities, shall not be included as a liability (except that if the amount of such indebtedness outstanding at the time of sale of securities exceeds the amount outstanding 60 days before such time, other than as a result of the acquisition of the primary residence, the amount of such excess shall be included as a liability); and

(C) Indebtedness that is secured by the person's primary residence in excess of the estimated fair market value of the primary residence at the time of the sale of securities shall be included as a liability;

(ii) Paragraph (5)(i) of this section will not apply to any calculation of a person's net worth made in connection with a purchase of securities in accordance with a right to purchase such securities, provided that:

(A) Such right was held by the person on July 20, 2010;

(B) The person qualified as an accredited investor on the basis of net worth at the time the person acquired such right; and

(C) The person held securities of the same issuer, other than such right, on July 20, 2010;

(6) any natural person who had an individual income in excess of $200,000 in each of the two most recent years or joint income with that person's spouse in excess of $300,000 in each of those years and has a reasonable expectation of reaching the same income level in the current year;

(7) any trust, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the securities offered, whose purchase is directed by a sophisticated person as described in §230.506(b)(2)(ii); and

**(8)** any entity in which all of the equity owners are accredited investors.

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | IMPORTANT: No chapter 11 case has been commenced as of the date of distribution of this ballot. This ballot is a prepetition solicitation of your vote on a prepackaged plan of reorganization. The Debtors intend to commence chapter 11 cases, following which this ballot, subject to Bankruptcy Court approval, would be a solicitation of your vote for a plan of reorganization pursuant to the Bankruptcy Code. |
| Debtors. | |
| | If chapter 11 cases are commenced, the Debtors will request joint administration of such cases. |

**BENEFICIAL BALLOT FOR HOLDERS IN**

**CLASS 5
(THIRD LIEN NOTES CLAIMS)**

**FOR VOTING TO ACCEPT OR REJECT
DEBTORS' JOINT PREPACKAGED PLAN OF REORGANIZATION
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS
APRIL 26, 2018 AT 4:00 P.M. (PREVAILING EASTERN TIME)**

---

Remington Outdoor Company, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") are sending this beneficial holder ballot (the "Beneficial Holder Ballot") in connection with the *Joint Prepackaged Chapter 11 Plan of Remington Outdoor Company, Inc. and Its Affiliated Debtors and Debtors in Possession* dated March 22, 2018 (as may be amended from time to time, the "Plan")[2]. The Plan is attached as <u>Exhibit A</u> to the *Disclosure Statement for Joint Prepackaged Plan of Remington Outdoor Company, Inc. and Its Affiliated Debtors and Debtors in Possession*, dated March 22, 2018 (as

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The principal offices of Debtor Remington Outdoor Company Inc., the top-level holding company, are located at 870 Remington Drive, Madison, NC 27025.

[2]    Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Plan.

may be amended from time to time, the "Disclosure Statement"), which accompanies this Beneficial Holder Ballot and has also been posted on the Debtors' voting information website (located at *http://cases.primeclerk.com/remingtonballots*).

As described in the Disclosure Statement, the Debtors intend to commence cases under chapter 11 of the Bankruptcy Code following this solicitation. If you have not received or wish to obtain additional copies of the Disclosure Statement, please contact the Debtors' solicitation agent, Prime Clerk LLC (the "Solicitation Agent" or "Prime Clerk"), at 877-755-3450 or, for international callers, 347-338-6538 or via email at remingtonballots@primeclerk.com.

This Beneficial Holder Ballot is being sent to all Beneficial Holders[3] of Class 5 Third Lien Notes Claims (any such Claims, the "Class 5 Claims") as of March 19, 2018 (the "Voting Record Date"). As of the date of distribution of this Beneficial Holder Ballot, **only Accredited Investors[4] (as such term is defined in Rule 501 of the Securities Act of 1933, as amended (the "Securities Act")) are entitled to vote to accept or reject the Plan, and you should disregard this Beneficial Holder Ballot if you are not an Accredited Investor.** HOWEVER, following the filing of the Plan with the Bankruptcy Court, the Debtors intend to request the Bankruptcy Court's approval to solicit votes on the Plan from the Beneficial Holders of Class 5 Claims who are not Accredited Investors. To the extent the Bankruptcy Court approves such request, the Debtors will promptly notify the Beneficial Holders of Class 5 Claims of such approval, and that all such holders, including those who are not Accredited Investors, are entitled to vote on the Plan and complete this Beneficial Holder Ballot.

If you hold Claims in more than one class, you will receive a separate ballot for each class in which you are entitled to vote. Holders of Class 5 Claims are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan. You can cast your vote through this Beneficial Holder Ballot and return it to your broker, bank, or other nominee, or the agent of such broker, bank, or other nominee (each of the foregoing, a "Nominee"), in each case as of the Voting Record Date, in accordance with the instructions provided by your Nominee, who will then complete Exhibit B hereto (the "Nominee Certification") and return this compiled Beneficial Holder Ballot to Prime Clerk on behalf of the Beneficial Holders of Class 5 Claims. In order for your vote to count, your Beneficial Holder Ballot (including the Nominee Certification) must be completed and returned in accordance with the instructions set forth herein. Please allow sufficient time for your Nominee to receive your completed Beneficial Holder Ballot, complete the Nominee Certification and return both the Beneficial Holder Ballot and Nominee Certification to Prime Clerk before the Voting Deadline.

If holders of at least two-thirds in amount and more than one-half in number of the Allowed Class 5 Claims that have voted on the Plan vote to accept the Plan, Class 5 will be deemed to have accepted the Plan. If the Plan is confirmed by the Bankruptcy Court, it will be made binding on you regardless of whether or not you vote and regardless of whether or not Class 5 accepts the Plan.

This Beneficial Holder Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than (i) to cast a vote to accept or reject the Plan; (ii) to opt out of the Third-Party Releases (as defined in Item 2 below); and/or (iii) to opt in to (a) including your Causes of Action against the Remington Entities in the Litigation Trust Assets in exchange for your Pro Rata Class 5 Share of the Litigation Trust Class B

---

[3]    A "Beneficial Holder" means a beneficial owner of publicly-traded securities whose claims have not been satisfied prior to the Voting Record Date (as defined herein) pursuant to Bankruptcy Court order or otherwise, as reflected by the records maintained by the Nominees holding through the Depository Trust Company ("DTC").

[4]    The definition of "Accredited Investor" is attached hereto as Exhibit A.

Interests or (b) otherwise releasing any such Causes of Action in exchange for your Pro Rata Class 5 Share of the proceeds of any Litigation Settlement.

If you have any questions regarding the Beneficial Holder Ballot or on how to properly complete this Beneficial Holder Ballot, please call Prime Clerk at 877-755-3450 or, for international callers, 347-338-6538 or via email at remingtonballots@primeclerk.com.

---

### IMPORTANT

**YOU SHOULD CAREFULLY REVIEW THE DISCLOSURE STATEMENT AND THE PLAN BEFORE YOU VOTE. YOU MAY WISH TO SEEK LEGAL ADVICE CONCERNING THE PLAN AND THE CLASSIFICATION AND TREATMENT OF YOUR CLAIMS UNDER THE PLAN.**

**PRIME CLERK IS NOT AUTHORIZED TO (AND WILL NOT) PROVIDE LEGAL ADVICE.**

**VOTING DEADLINE:  4:00 P.M. PREVAILING EASTERN TIME ON APRIL 26, 2018**

**VOTING RECORD DATE:  MARCH 19, 2018**

---

3

IN ORDER FOR YOUR VOTE TO COUNT, YOU MUST SUBMIT THIS BENEFICIAL HOLDER BALLOT (OR OTHERWISE CONVEY YOUR VOTE AND THE REQUIRED INFORMATION REQUESTED ON THIS BENEFICIAL HOLDER BALLOT) TO YOUR NOMINEE WITH SUFFICIENT TIME FOR YOUR NOMINEE TO COMPLETE THE NOMINEE CERTIFICATION AND SEND YOUR BENEFICIAL HOLDER BALLOT AND THE NOMINEE CERTIFICATION TO PRIME CLERK, SUCH THAT THEY ARE <u>ACTUALLY RECEIVED</u> BY PRIME CLERK BY THE VOTING DEADLINE.  IF YOUR BENEFICIAL HOLDER BALLOT CONTAINING YOUR VOTE AND THE CORRESPONDING NOMINEE CERTIFICATION IS NOT RECEIVED BY PRIME CLERK BY THE VOTING DEADLINE, YOUR VOTE SHALL NOT BE COUNTED, EXCEPT AS MAY BE DETERMINED IN DEBTORS' SOLE DISCRETION, AND ANY ELECTION TO (I) OPT OUT OF THE THIRD-PARTY RELEASES OR (II) OPT IN TO (A) INCLUDING YOUR CAUSES OF ACTION AGAINST THE REMINGTON ENTITIES IN THE LITIGATION TRUST ASSETS IN EXCHANGE FOR YOUR PRO RATA CLASS 5 SHARE OF THE LITIGATION TRUST CLASS B INTERESTS, OR (B) OTHERWISE RELEASING ANY SUCH CAUSES OF ACTION IN EXCHANGE FOR YOUR PRO RATA CLASS 5 SHARE OF THE PROCEEDS OF ANY LITIGATION SETTLEMENT WILL NOT BE VALID.

DO NOT SEND YOUR BENEFICIAL HOLDER BALLOT TO ANY OF THE DEBTOR ENTITIES, DEBTORS' AGENTS (OTHER THAN THE SOLICITATION AGENT), OR DEBTORS' FINANCIAL OR LEGAL ADVISORS. IF SO SENT, THE BENEFICIAL HOLDER BALLOT WILL NOT BE COUNTED IN CONNECTION WITH THE PLAN.

IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.

4

### IMPORTANT NOTICE TO NON-ACCREDITED INVESTORS

SUBJECT TO THE TERMS HEREOF, BALLOTS ARE ONLY BEING SOLICITED FROM HOLDERS AS OF THE VOTING RECORD DATE THAT ARE "ACCREDITED INVESTORS" AS SUCH TERM IS DEFINED IN RULE 501 OF THE SECURITIES ACT.

IF YOU ARE NOT AN ACCREDITED INVESTOR, YOUR VOTE WILL NOT BE COUNTED, AND YOU SHOULD NOT COMPLETE OR RETURN THIS BENEFICIAL HOLDER BALLOT, UNLESS YOU ARE OTHERWISE NOTIFIED TO THE CONTRARY BY THE DEBTORS.

FOLLOWING THE FILING OF THE PLAN WITH THE BANKRUPTCY COURT, THE DEBTORS INTEND TO REQUEST THE BANKRUPTCY COURT'S APPROVAL TO SOLICIT VOTES ON THE PLAN FROM THE BENEFICIAL HOLDERS OF CLASS 5 CLAIMS WHO ARE NOT ACCREDITED INVESTORS. TO THE EXTENT THE BANKRUPTCY COURT APPROVES SUCH REQUEST, THE DEBTORS WILL PROMPTLY NOTIFY THE BENEFICIAL HOLDERS OF CLASS 5 CLAIMS OF SUCH APPROVAL, AND THAT ALL SUCH HOLDERS, INCLUDING THOSE WHO ARE NOT ACCREDITED INVESTORS, ARE ENTITLED TO VOTE ON THE PLAN AND COMPLETE THIS BENEFICIAL HOLDER BALLOT.

UNLESS YOU ARE INSTRUCTED BY THE DEBTORS TO SUBMIT YOUR BALLOT, ALL BALLOTS RECEIVED FROM NON-ACCREDITED INVESTORS WILL BE DISREGARDED.

**VOTING INSTRUCTIONS**

COMPLETE ITEMS 1 AND 2.

3.    IF YOU HAVE EITHER VOTED TO REJECT THE PLAN OR ABSTAINED FROM VOTING TO ACCEPT OR REJECT THE PLAN AND WISH TO OPT OUT OF THE THIRD-PARTY RELEASES, COMPLETE ITEM 3.

4.    IF YOU HAVE EITHER VOTED TO REJECT THE PLAN OR ABSTAINED FROM VOTING TO ACCEPT OR REJECT THE PLAN AND WISH TO OPT IN TO (A) INCLUDING YOUR CAUSES OF ACTION AGAINST THE REMINGTON ENTITIES IN THE LITIGATION TRUST ASSETS IN EXCHANGE FOR YOUR PRO RATA CLASS 5 SHARE OF THE LITIGATION TRUST CLASS B INTERESTS OR (B) OTHERWISE RELEASING ANY SUCH CAUSES OF ACTION IN EXCHANGE FOR YOUR PRO RATA CLASS 5 SHARE OF THE PROCEEDS OF ANY LITIGATION SETTLEMENT, COMPLETE ITEM 4.

5.    REVIEW THE INFORMATION CONTAINED IN EXHIBIT A HERETO, AND COMPLETE THE ACCREDITED INVESTOR CERTIFICATION CONTAINED IN ITEM 5.

6.    REVIEW THE CERTIFICATION CONTAINED IN ITEM 6.

7.    **SIGN AND DATE THE BENEFICIAL HOLDER BALLOT AND FILL OUT THE OTHER REQUIRED INFORMATION (OR OTHERWISE FOLLOW THE INSTRUCTIONS OF YOUR NOMINEE).**

8.    Return your completed Beneficial Holder Ballot to your Nominee so that your Nominee may complete the Nominee Certification in Exhibit B hereto and return both the Beneficial Holder Ballot and its Nominee Certification to Prime Clerk on or before the Voting Deadline.

9.    YOU MUST VOTE THE FULL AMOUNT OF YOUR CLASS 5 CLAIM *EITHER* TO ACCEPT *OR* REJECT THE PLAN AND MAY NOT SPLIT YOUR VOTE.

10.    **ANY BENEFICIAL HOLDER BALLOT EXECUTED BY THE BENEFICIAL HOLDER THAT DOES NOT INDICATE EITHER ACCEPTANCE OR REJECTION OF THE PLAN OR THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN WILL NOT BE COUNTED. IF NO VOTES TO ACCEPT OR REJECT THE PLAN ARE RECEIVED FOR A PARTICULAR CLASS THAT IS ENTITLED TO VOTE ON THE PLAN, SUCH CLASS SHALL BE DEEMED TO HAVE VOTED TO ACCEPT THE PLAN.**

DOCS_DE:218589.1

**Item 1. Amount of Claim**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the holder of the following Class 5 Claim in an aggregate outstanding principal amount of (verify the amount in the box below):

$\qquad$

Please check ONE box below to indicate the CUSIP / ISIN of the Class 5 Claims you are voting through this Beneficial Holder Ballot. To the extent you hold Class 5 Claims under more than one CUSIP / ISIN, you may receive more than one such Beneficial Holder Ballot, and must complete a different Beneficial Holder Ballot for each such different CUSIP / ISIN.

| Class 5 (Third Lien Notes) | | |
|---|---|---|
| ☐ | 7.875% Third Lien Notes due 2020 | **CUSIP** 30252FAB4 / **ISIN** US30252FAB40 |
| ☐ | 7.875% Third Lien Notes due 2020 (Reg. S) | **CUSIP** U3155JAA0 / **ISIN** USU3155JAA08 |
| ☐ | 7.875% Third Lien Notes due 2020 (144A) | **CUSIP** 30252FAA6 / **ISIN** US30252FAA66 |

**Item 2. Vote on Plan**

**IF YOU VOTE TO ACCEPT THE PLAN, YOUR VOTE CONSTITUTES AN ACCEPTANCE OF AND CONSENT TO:**

    D.   **THE CLASSIFICATION AND TREATMENT OF YOUR CLAIM UNDER THE PLAN;**

    E.   **THE THIRD-PARTY RELEASES AND INJUNCTIONS SET FORTH IN ARTICLE IX.D.2 AND IX.F OF THE PLAN (COLLECTIVELY, THE "THIRD PARTY RELEASES"); AND**

F.  **(I) THE TRANSFER AND ASSIGNMENT OF ALL CAUSES OF ACTION THAT YOU MAY HAVE AGAINST OR RELATED TO REMINGTON IN YOUR CAPACITY AS A HOLDER OF CLAIMS IN CLASS 5 TO THE LITIGATION TRUST ON THE EFFECTIVE DATE IN EXCHANGE FOR YOUR PRO RATA CLASS 5 SHARE OF THE LITIGATION TRUST CLASS B INTERESTS OR (II) THE RELEASE OF SUCH CAUSES OF ACTION THAT YOU MAY HAVE AGAINST OR RELATED TO REMINGTON IN YOUR CAPACITY AS A HOLDER OF CLAIMS IN CLASS 5 IN EXCHANGE FOR YOUR PRO RATA CLASS 5 SHARE OF ANY APPLICABLE LITIGATION SETTLEMENT.**

If you vote to reject the Plan or if you do not cast a vote to accept or reject the Plan, please see Item 3 below and refer to Article IX of the Plan for information about the Releases.

Any Beneficial Holder Ballot that is executed by the holder of a Class 5 Claim that indicates both an acceptance and a rejection of the Plan or does not indicate either an acceptance or rejection of the Plan will not be counted.

**The Plan, though proposed jointly, constitutes separate plans proposed by each of the Debtor entities. Your vote will count as votes for or against, as applicable, each plan proposed by each Debtor entity.**

The holder of the Class 5 Claim identified in Item 1 votes as follows (check one box only – if you do not check a box or you check both boxes, your vote will not be counted):

☐ **ACCEPT** (vote FOR) the Plan.        ☐ **REJECT** (vote AGAINST) the Plan.

**Item 3. Election to Opt-Out of Third-Party Releases**

If you voted to reject the Plan in Item 2 above or abstained from voting to accept or reject the Plan, you may check the box below to opt out of the Third-Party Releases. **IF YOU VOTED TO REJECT THE PLAN OR ABSTAINED FROM VOTING AND YOU DO NOT OPT OUT OF THE THIRD-PARTY RELEASES BY CHECKING THE BOX BELOW, YOU WILL BE DEEMED TO HAVE UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED THE RELEASED PARTIES (AS DEFINED IN THE PLAN) FROM, INTER ALIA, ANY AND ALL CAUSES OF ACTION (AS DEFINED IN THE PLAN) EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN. IF YOU WOULD OTHERWISE BE ENTITLED TO A RELEASE UNDER ARTICLE IX.D OF THE PLAN BUT YOU DO NOT GRANT THE THIRD-PARTY RELEASES BECAUSE YOU OPTED OUT, YOU SHALL NOT RECEIVE THE BENEFIT OF THE RELEASES SET FORTH IN ARTICLE IX.D OF THE PLAN.**

☐        **Opt Out** of the Third-Party Releases.

**Item 4. Election to Opt-In to Litigation Trust or Litigation Settlement**

If you voted to reject the Plan in Item 2 above or abstained from voting to accept or reject the Plan, you may check the box below to opt in to (a) including your Causes of Action against the Remington Entities in the Litigation Trust Assets in exchange for your Pro Rata Class 5 Share of the Litigation Trust Class B Interests or (b) otherwise releasing any such Causes of Action in exchange for your Pro Rata Class 5 Share of the proceeds of any applicable Litigation Settlement. **IF YOU VOTED TO REJECT THE PLAN OR ABSTAINED FROM VOTING AND YOU DO NOT OPT IN TO (A) INCLUDE YOUR CAUSES OF ACTION AGAINST THE REMINGTON ENTITIES IN THE LITIGATION TRUST**

8

ASSETS OR (B) OTHERWISE RELEASE ANY SUCH CLAIMS PURSUANT TO A LITIGATION SETTLEMENT, YOU SHALL NOT RECEIVE ANY LITIGATION TRUST INTERESTS OR THE PROCEEDS OF ANY LITIGATION SETTLEMENT, AS APPLICABLE, ON THE EFFECTIVE DATE OF THE PLAN.

☐    **Opt In** to the Litigation Trust or Litigation Settlement.

**Item 5. Accredited Investor Certification.**

Please identify whether you are an "accredited investor" as such term is defined under Rule 501 of Regulation D of the Securities Act (See exhibit A hereto).

☐ **ACCREDITED INVESTOR**        ☐ **NOT AN ACCREDITED INVESTOR**

**Item 6. Certification.**

By returning this Beneficial Holder Ballot, the Beneficial Holder of the Class 5 Claim identified in Item 1 certifies that (a) this Beneficial Holder Ballot is the only Beneficial Holder Ballot submitted for the Class 5 Claim identified in Item 1, (b) it was the Beneficial Holder of the Class 5 Claim identified in Item 1 as of the Voting Record Date and/or it has full power and authority to vote to accept or reject the Plan for the Class 5 Claim identified in Item 1, (c) it has read, and understands, the certification required in Item 5, including the related information in Exhibit A hereto, and has accurately and correctly completed such certification, and (d) is has received a copy of the Disclosure Statement (including the exhibits thereto) and understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

YOUR RECEIPT OF THIS BENEFICIAL HOLDER BALLOT DOES NOT SIGNIFY THAT YOUR CLAIM HAS BEEN OR WILL BE ALLOWED.  In addition, to the extent you voted to accept the Plan in Item 2 above, or either voted to reject the Plan or abstained from voting to accept or reject the Plan but did elect to opt in pursuant to Item 4 above, the below information will be used to make distributions of Litigation Trust Interests or proceeds of any Litigation Settlement, as applicable.

_____
Name of Beneficial Holder of Class 5 Claim

_____
Social Security or Federal Tax I.D. No. (optional)

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

DOCS_DE:218589.1

_____

Street Address

_____

City, State, Zip Code

_____

Telephone Number

_____

Email Address

_____

Date Completed

This Beneficial Holder Ballot shall not constitute or be deemed a proof of claim or equity interest, an assertion of a claim or equity interest, or the allowance of a claim or equity interest.

**YOU MUST FORWARD YOUR BENEFICIAL HOLDER BALLOT TO YOUR NOMINEE WITH AMPLE TIME FOR YOUR NOMINEE TO COMPLETE THE NOMINEE CERTIFICATION IN EXHIBIT B HERETO AND SUBMIT BOTH YOUR BENEFICIAL HOLDER BALLOT AND ITS NOMINEE CERTIFICATION TO PRIME CLERK SO THAT PRIME CLERK ACTUALLY RECEIVES BOTH DOCUMENTS BY 4:00 P.M. (PREVAILING EASTERN TIME) ON APRIL 26, 2018, OR YOUR VOTE WILL NOT BE COUNTED.**

**PLEASE NOTE THAT YOUR NOMINEE MAY ESTABLISH AN EARLIER DEADLINE FOR YOU TO SUBMIT YOUR BENEFICIAL HOLDER BALLOT IN ORDER TO ALLOW ITSELF TO DELIVER THE BENEFICIAL HOLDER BALLOT AND NOMINEE CERTIFICATION TO PRIME CLERK BY THE DEADLINE NOTED ABOVE.**

**EXHIBIT A**

## DEFINITION OF ACCREDITED INVESTOR

**"Accredited Investor"** is defined in Rule 501 of the Securities Act of 1933 and means any person who comes within **any** of the following categories:

(1) any bank as defined in section 3(a)(2) of the Act, or any savings and loan association or other institution as defined in section 3(a)(5)(A) of the Act whether acting in its individual or fiduciary capacity; any broker or dealer registered pursuant to section 15 of the Securities Exchange Act of 1934; any insurance company as defined in section 2(a)(13) of the Act; any investment company registered under the Investment Company Act of 1940 or a business development company as defined in section 2(a)(48) of that Act; any Small Business Investment Company licensed by the U.S. Small Business Administration under section 301(c) or (d) of the Small Business Investment Act of 1958; any plan established and maintained by a state, its political subdivisions, or any agency or instrumentality of a state or its political subdivisions, for the benefit of its employees, if such plan has total assets in excess of $5,000,000; any employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 if the investment decision is made by a plan fiduciary, as defined in section 3(21) of such act, which is either a bank, savings and loan association, insurance company, or registered investment adviser, or if the employee benefit plan has total assets in excess of $5,000,000 or, if a self-directed plan, with investment decisions made solely by persons that are accredited investors;

(2) any private business development company as defined in section 202(a)(22) of the Investment Advisers Act of 1940;

(3) any organization described in section 501(c)(3) of the Internal Revenue Code, corporation, Massachusetts or similar business trust, or partnership, not formed for the specific purpose of acquiring the securities offered, with total assets in excess of $5,000,000;

(4) any director, executive officer, or general partner of the issuer of the securities being offered or sold, or any director, executive officer, or general partner of a general partner of that issuer;

(5) any natural person whose individual net worth, or joint net worth with that person's spouse, exceeds $1,000,000.

(i) Except as provided in paragraph (5)(ii) of this section, for purposes of calculating net worth under this paragraph (5):

(A) The person's primary residence shall not be included as an asset;

(B) Indebtedness that is secured by the person's primary residence, up to the estimated fair market value of the primary residence at the time of the sale of securities, shall not be included as a liability (except that if the amount of such indebtedness outstanding at the time of sale of securities exceeds the amount outstanding 60 days before such time, other than as a result of the acquisition of the primary residence, the amount of such excess shall be included as a liability); and

(C) Indebtedness that is secured by the person's primary residence in excess of the estimated fair market value of the primary residence at the time of the sale of securities shall be included as a liability;

(ii) Paragraph (5)(i) of this section will not apply to any calculation of a person's net worth made in connection with a purchase of securities in accordance with a right to purchase such securities, provided that:

(A) Such right was held by the person on July 20, 2010;

(B) The person qualified as an accredited investor on the basis of net worth at the time the person acquired such right; and

(C) The person held securities of the same issuer, other than such right, on July 20, 2010;

(6) any natural person who had an individual income in excess of $200,000 in each of the two most recent years or joint income with that person's spouse in excess of $300,000 in each of those years and has a reasonable expectation of reaching the same income level in the current year;

(7) any trust, with total assets in excess of $5,000,000, not formed for the specific purpose of acquiring the securities offered, whose purchase is directed by a sophisticated person as described in §230.506(b)(2)(ii); and

**(8)** any entity in which all of the equity owners are accredited investors.

## EXHIBIT B

*This page must be completed by your Nominee only.*

**Nominee Certification**.  Your ownership of the Class 5 Third Lien Notes must be confirmed by your Nominee, which Nominee must complete the below on your behalf.

| To be completed by Nominee only | |
|---|---|
| DTC Participant Name:<br><br>_____<br><br>DTC Participant Number:<br><br>_____<br><br>DTC Participant Contact Name:<br><br>_____<br><br>DTC Participant Authorized Signature:<br><br>_____<br><br>DTC Participant Contact Number:<br><br>_____<br><br>DTC Participant Email Address:<br><br>_____<br><br>Beneficial Holder Name:<br><br>_____<br><br>Beneficial Holder Account Number:<br><br>_____ | Principal Amount of the CUSIP checked below that was held by Nominee for account indicated below **as of the Voting Record Date of March 19, 2018:**<br><br>$_____<br><br>☐  CUSIP 30252FAB4 / ISIN US30252FAB40<br><br>☐  CUSIP U3155JAA0 / ISIN USU3155JAA08<br><br>☐  CUSIP 30252FAA6 / ISIN US30252FAA66<br><br><br>**Please affix Nominee's Medallion Guarantee**<br><br>**(or attach authorized signatory list hereto):** |