# **Exhibit 1**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------- x
                                                        :
In re:                                                  :    Chapter 11
                                                        :
REMINGTON OUTDOOR COMPANY, INC., et                     :    Case No. 18-10684 (__)
al.,¹                                                   :
                                                        :
                                                        :
                    Debtors.                            :    (Joint Administration Requested)
------------------------------------------------------- x
```

### DEBTORS' MOTION FOR ENTRY OF ORDER AUTHORIZING
### DEBTORS TO FILE (I) CONSOLIDATED LIST OF CREDITORS AND
### (II) CONSOLIDATED LIST OF TOP THIRTY CREDITORS

Remington Outdoor Company, Inc. and its affiliated debtors, as debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby file this motion (the "Motion") for entry of an order, pursuant to sections 341, 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), section 156(c) of title 28 of the United States Code ("Section 156(c)"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1001-1(c), 1007-2, 2002-1, and 9013-1(m) of the of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to file a consolidated list of creditors, (ii) authorizing the Debtors to file a consolidated list of the Debtors' thirty (30) largest unsecured

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405).  The principal offices of Debtor Remington Outdoor Company, Inc., the top-level holding company, are located at 870 Remington Drive, Madison, NC 27025.

creditors, and (iii) granting certain related relief, as described more fully herein. In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1.      This court (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. The Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in the Court is proper under 28 U.S.C. §§ 1408 and 1409.

## Background

3.      On March 25, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed or designated in these Chapter 11 Cases. The Debtors' request for joint administration of these Chapter 11 Cases for procedural purposes only is currently pending.

4.      The Debtors are one of America's oldest and largest manufacturers of firearms, ammunition and related products for commercial, military, and law enforcement customers throughout the world. The Debtors employ approximately 2,700 full-time employees and operate seven manufacturing facilities located across the United States. The Debtors' principal headquarters are located in Madison, North Carolina.

DOCS_DE:218581.1

5.     Prior to the Petition Date, the Debtors and a majority in principal amount of each of the Debtors' term loan lenders and third lien noteholders entered into a restructuring support agreement (the "RSA"), which set forth the terms of a comprehensive balance sheet restructuring of the Debtors to be implemented through a joint prepackaged chapter 11 plan of reorganization (the "Plan"). The Plan provides for the elimination of approximately $620 million of the Debtors' prepetition-funded debt obligations in exchange for the reorganized Debtors' new equity and certain other consideration. In addition, the Plan provides that substantially all other claims against the Debtors, including all general unsecured claims, will either be paid in full in the ordinary course or otherwise be unimpaired. The Plan thus will enable the Debtors to emerge with a significantly deleveraged capital structure and to obtain the liquidity necessary to operate the Debtors' businesses for the long-term future.

6.     The Debtors commenced solicitation of the Plan prior to the Petition Date on March 22, 2018 and have filed the Plan and accompanying disclosure statement concurrently with the commencement of these Chapter 11 Cases. Pursuant to the milestones set forth in the RSA, the Debtors are seeking a joint hearing to consider approval of the disclosure statement and confirmation of the Plan on or around May 3, 2018.

7.     Additional information regarding the Debtors' businesses, assets, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases is set forth in the Declaration of Stephen P. Jackson, Jr. in Support of Chapter 11 Petitions and First Day Pleadings of Remington Outdoor Company, Inc. and its Affiliated Debtors and Debtors in Possession (the "First Day Declaration"), which is being filed contemporaneously herewith and is incorporated by reference herein.

3

## Relief Requested

8.      The Debtors seek entry of an order, pursuant to sections 341, 105(a) and 521 of the Bankruptcy Code, Section 156(c), Bankruptcy Rule 1007, and Local Rules 1001 1(c), 1007-2, 2002-1, and 9013-1(m), substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to file a consolidated list of creditors, (ii) authorizing the Debtors to file a consolidated list of their top thirty (30) unsecured creditors, and (iii) granting certain related relief.[2]

## Basis for Relief

I.      **Request for Authority to File Consolidated List of Creditors**

9.      The Debtors have identified approximately 18,000 creditors to which notice of certain proceedings in the Chapter 11 Cases must be provided.  The Debtors anticipate that such notices would include notice of: (i) the filing of the Debtors' voluntary petitions under chapter 11 of the Bankruptcy Code, and (ii) notice of the proposed combined hearing to consider the approval of the disclosure statement and confirmation of the Plan (collectively, the "Notices").

10.     Rule 1007-2 of the Local Rules provides that in a voluntary chapter 11 case, the debtor must file "a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures."  Local Rule 2002-1(f)(v) requires that in jointly administered cases, each debtor, or its duly retained agent, maintain a separate creditor mailing matrix.  Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interest of justice."

11.     The Debtors presently maintain various computerized lists of the names and addresses of their respective creditors that are entitled to receive the Notices and other

---

[2]     In connection with this request, the Debtors also request authority to submit one declaration under Bankruptcy Rule 1008 verifying the validity of the consolidated list of creditors and one declaration verifying the validity of the Consolidated Top 30 List (as defined below).

documents in the Chapter 11 Cases. The Debtors believe that the information, as maintained in computer files (or those of their agents), may be consolidated and utilized efficiently to provide interested parties with the Notices and other similar documents, as contemplated by Local Rule 1007-2. Requiring the Debtors to segregate and convert their computerized records to an entity-specific creditor matrix format would be an unnecessarily burdensome task and would result in duplicate mailings. Further, because of the prepackaged nature of these Chapter 11 Cases, the Debtors do not believe that any party in interest will be prejudiced or otherwise materially impacted. Accordingly, by this Motion, the Debtors seek authority to file the lists on a consolidated basis, identifying their creditors in the format or formats currently maintained in the ordinary course of the Debtors' businesses.

12.    Moreover, the Debtors anticipate filing a motion (the "Claims, Noticing and Balloting Agent Motion") seeking the appointment of Prime Clerk LLC (the "Agent") as claims, noticing and balloting agent in the Chapter 11 Cases. If the Claims, Noticing and Balloting Agent Motion is granted, the Agent will, among other things, (a) assist with the consolidation of the Debtors' computer records into a creditor and security holder database and (b) complete the mailing of the Notices to the parties in these databases. After consultation with the Agent, the Debtors believe that filing the lists in the format or formats currently maintained in the ordinary course of business will be sufficient to permit the Agent to notice promptly all applicable parties as required by Local Rule 1007-2.

## II.    Request for Authority to File Consolidated List of Debtors' Top Thirty (30) Unsecured Creditors

13.    Pursuant to Bankruptcy Rule 1007(d), a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses and claim amounts of the creditors, excluding insiders, that hold the twenty (20) largest unsecured claims in the debtor's case. This

DOCS_DE:218581.1

list is primarily used by the United States Trustee for the District of Delaware (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against the debtor and thus identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to section 1102 of the Bankruptcy Code.[3]

14.    The Debtors submit that a single consolidated list of their combined thirty (30) largest unsecured creditors in the Chapter 11 Cases would be more reflective of the body of unsecured creditors that have the greatest stake in these cases than separate lists for each of the Debtors.  Therefore, the Debtors respectfully request authorization to file a single consolidated list of their thirty (30) largest unsecured creditors in these Chapter 11 Cases.

15.    The Debtors believe that such relief is not only appropriate under the circumstances, but necessary for the efficient and orderly administration of their Chapter 11 Cases.

16.    Moreover, the Court has granted relief similar to the relief requested herein since the modifications to Local Rule 2002-1(f)(v) took effect.  See, e.g., In re Central Grocers, Inc., Case No. 17-10993 (LSS) (Bankr. D. Del. May 4, 2017) (authorizing filing of a consolidated list of creditors in lieu of separate mailing matrices); In re American Apparel, Inc., Case No. 15-12055 (BLS) (Bankr. D. Del. Oct. 13, 2015)(same); In re AWI Delaware, Inc., No. 14-12092 (KJC) (Bankr. D. Del. Sept. 10, 2014) (same); In re Entegra Power Group LLC, No. 14-11859 (PJW) (Bankr. D. Del. Aug. 6, 2014) (same).

---

[3]    "The purpose of the separate list of [20] largest creditors required by this provision in the rules is to enable the clerk to identify members and the court to appoint immediately an unsecured creditors' committee in compliance with 11 U.S.C. § 1102(a)(1)." In re Dandy Doughboy Donuts, Inc., 66 B.R. 457, 458 (Bankr. S.D. Fla. 1986); see also 9 COLLIER ON BANKRUPTCY ¶ 1007.5, at 1007-23 (Alan N. Resnick et al. eds., 15th ed. rev. 2008) ("[T]he larger [unsecured creditor] list and information about the claims of the creditors on the list enables the United States Trustee to determine the different types of claims existing in order to assure that a fully representative committee is appointed.").

6

DOCS_DE:218581.1

## Notice

17.     The Debtors will provide notice of this Motion to:  (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to Bank of America, N.A., as administrative agent and co-collateral agent under the ABL Credit Agreement; (d) counsel to Ankura Trust Company, as successor administrative agent under the Term Loan Agreement; (e) counsel to the Ad Hoc Group of Term Loan Lenders; (f) counsel to Wilmington Trust, National Association, as trustee under the Third Lien Notes Indenture; (g) counsel to the Ad Hoc Group of Third Lien Noteholders; and (h) all parties entitled to notice pursuant to Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested and the circumstances surrounding this Motion, no other or further notice need be given.

## No Prior Request

18.     No prior motion for the relief requested herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Debtors to file a consolidated list of creditors, (ii) authorizing the Debtors to file a consolidated list of the Debtors' thirty (30) largest unsecured creditors, and (iii) granting such further relief as may be appropriate and proper.

Dated: March 25, 2018
Wilmington, Delaware

Respectfully submitted,

**PACHULSKI STANG ZIEHL & JONES LLP**

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:         ljones@pszjlaw.com
               tcairns@pszjlaw.com

-and-

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**
Gregory A. Bray (*pro hac vice* admission pending)
Thomas R. Kreller (*pro hac vice* admission pending)
Haig M. Maghakian (*pro hac vice* admission pending)
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Telephone:    (424) 386-4000
Facsimile:    (213) 629-5063
Email:         gbray@milbank.com
               tkreller@milbank.com
               hmaghakian@milbank.com

*Proposed Counsel to Debtors and Debtors in Possession*

8

## EXHIBIT A

**Proposed Form of Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x

In re:                                              :        Chapter 11

                                                    :

REMINGTON OUTDOOR COMPANY, INC., *et*               :        Case No. 18-10684 (__)

*al.*,[1]                                           :

                                                    :

                                                    :        (Joint Administration Requested)

                    Debtors.                        :

------------------------------------------------------------- x

### ORDER AUTHORIZING DEBTORS TO FILE
### (I) CONSOLIDATED LIST OF CREDITORS AND
### (II) CONSOLIDATED LIST OF TOP THIRTY CREDITORS

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors") seeking entry of an order (this "Order")

pursuant to sections 341, 105(a) and 521 of the Bankruptcy Code, Section 156(c), rule 1007 of

the Bankruptcy Rules, and rules 1001 1(c), 1007-2, 2002-1, and 9013-1(m) of the of the Local

Rules, (i) authorizing the Debtors to file a consolidated list of creditors, (ii) authorizing the

Debtors to file a consolidated list of the Debtors' thirty (30) largest unsecured creditors, and

(iii) granting certain related relief, all as more fully set forth in the Motion; and upon

consideration of the First Day Declaration; and this Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter an Interim order

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The principal offices of Debtor Remington Outdoor Company, Inc., the top-level holding company, are located at 870 Remington Drive, Madison, NC 27025.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The Debtors are authorized to file a consolidated list of creditors. The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized to submit a consolidated list of creditors; *provided*, *however*, that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its individualized creditor mailing matrix.

3.    The Debtors are authorized to file a consolidated list of their thirty (30) largest unsecured creditors.

4.    The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

DOCS_DE:218581.1

5.    The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.


Dated:    Wilmington, Delaware
          _____, 2018

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

DOCS_DE:218581.1