IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------- x
:
In re: : Chapter 11
:
REMINGTON OUTDOOR COMPANY, INC., *et* : Case No. 18-10684 (BLS)
*al.*,[1] :
: Jointly Administered
: **Ref. Docket No. 19** +/17
Debtors. :
----------------------------------------------------------- x

**ORDER AUTHORIZING THE DEBTORS TO FILE UNDER
SEAL FEE LETTERS RELATED DIP AND EXIT FACILITIES**

Upon the motion (the "Fee Letter Sealing Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to file under seal (i) the fee letter annexure (the "DIP/Exit ABL Fee Letter") to the exit financing commitment letter (the "DIP/Exit ABL Facilities Commitment Letter"); and (ii) the Lender Fee Letter dated March 8, 2018 (the "DIP Term Facility Fee Letter," and together with DIP/Exit ABL Fee Letter, the "Fee Letters"), each of which are appended to the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing, (II) Authorizing Postpetition Use of Cash Collateral; (III) Granting Adequate Protection to Prepetition Secured Parties, (IV) Scheduling a Final Hearing, and (VI) Granting Related Relief with Respect to ABL Exit Facility Commitment Letter*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The principal offices of Debtor Remington Outdoor Company Inc., the top-level holding company, are located at 870 Remington Drive, Madison, NC 27025.

(the "DIP Motion");[2] (b) directing that the Fee Letters shall remain under seal and confidential and not be made available to anyone without the express consent of the Debtors, except to the Court and the United States Trustee for the District of Delaware (the "U.S. Trustee"), and (c) granting related relief; all as more fully set forth in the DIP Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Fee Letter Sealing Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Fee Letter Sealing Motion and opportunity for a hearing on the Fee Letter Sealing Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Fee Letter Sealing Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Fee Letter Sealing Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Fee Letter Sealing Motion is granted as set forth herein.

2. The Debtors are authorized to file the Fee Letters, and those portions of the DIP Motion that reference the financial terms of the Fee Letters (the "Fee Letter Information"), under seal, subject to further order of the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the DIP Motion.

3. Except upon further order of the Court after notice to the Debtors, the Fee Letters and the Fee Letter Information shall remain under seal, and shall not be made available to anyone without the express consent of the Debtors, except that copies of the Fee Letters and an unredacted version of the DIP Motion shall be provided to the Court and the U.S. Trustee and counsel to any official committee that may be appointed in these cases on a confidential basis. Such parties shall be bound by this Order and shall at all times keep the provisions of the Fee Letters and the Fee Letter Information strictly confidential and shall not disclose the Fee Letters, the contents thereof, or the Fee Letter Information to any party whatsoever.

4. The Debtors and any party authorized to receive copies of the Fee Letters and the Fee Letter Information pursuant to this Order shall, subject to Local Rule 9018-1(c): (a) redact specific references to the Fee Letters and the Fee Letter Information set forth in any and all pleadings filed on the public docket maintained in these chapter 11 cases; and (b) not disclose the financial terms of the Fee Letters or the Fee Letter Information in any hearing without first alerting the Debtors and counsel to the DIP Term Lenders of its intention to do so, so as to allow the Debtors to seek any further relief from the Court that the Debtors deem appropriate.

5. This Order is without prejudice to the rights of any party in interest to seek to unseal and make public any portion of the material filed under seal.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Fee Letter Sealing Motion.

7.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: April 3, 2018
Wilmington, Delaware

*[signature]*
BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE