# Exhibit C

## Litigation Trust Agreement

***Draft 4/18/18***

# LITIGATION TRUST AGREEMENT

This Litigation Trust Agreement,[1] dated as of [ ], 2018 (as amended, supplemented, or otherwise modified from time to time, this "Agreement"), by and among (i) Reorganized Remington, (ii) the Litigation Trust Beneficiaries,[2] (iii) the undersigned Members (as defined herein), and (iv) Susheel Kirpalani, as trustee of the Litigation Trust referred to herein (in such capacity, the "Litigation Trustee"), creates and establishes the litigation trust (the "Litigation Trust") referenced herein in connection with the *Joint Prepackaged Chapter 11 Plan of Remington Outdoor Company, Inc. and Its Affiliated Debtors and Debtors In Possession*, dated March 22, 2018 (as the same may be amended, modified, or supplemented from time to time in accordance with the terms and provisions thereof, the "Plan"). Each of Reorganized Remington, the Litigation Trust Beneficiaries, and the Litigation Trustee are referred to herein individually as a "Party" and, collectively, as the "Parties."

## RECITALS

**WHEREAS**, each of the Remington Entities filed a voluntary petition for relief (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on March 25, 2018 (the "Petition Date") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, on [ ], 2018, the Bankruptcy Court entered its order confirming the Plan (the "Confirmation Order");

**WHEREAS**, the Plan provides, among other things, as of the Effective Date of the Plan (as defined therein), for (a) the creation and establishment of the Litigation Trust for the benefit of the Litigation Trust Beneficiaries, (b) the automatic transfer to the Litigation Trust of the Litigation Trust Assets, as well as the rights and powers of each Debtor and Litigation Trust Beneficiary, as applicable, in such Litigation Trust Assets, free and clear of all Claims and Interests, and (c) the prosecution and settlement of the Litigation Claims by the Litigation Trustee and the Litigation Trust Advisory Board (as defined herein) and the distribution of the proceeds therefrom to the Litigation Trust Beneficiaries, as set forth in the Plan, the Confirmation Order, and this Agreement;

**WHEREAS**, the Litigation Trust is intended to qualify as a "liquidating trust" pursuant to the Internal Revenue Code of 1986, as amended (the "IRC"), and the regulations promulgated thereunder ("Treasury Regulations"), including Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, and shall take no action inconsistent with such qualification;

**WHEREAS**, the Litigation Trust shall not be deemed a successor in interest of any of the Remington Entities for any purpose other than as specifically set forth in the Plan, the Confirmation Order, or this Agreement, and upon the transfer by the Remington Entities of any

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan.

[2] The Litigation Trust Beneficiaries are deemed Parties to this Agreement pursuant to Article VI.A of the Plan.

Litigation Trust Assets to the Litigation Trust, the Remington Entities will have no reversionary or further interest in or with respect to the Litigation Trust Assets or the Litigation Trust; and

**WHEREAS**, the Litigation Trustee shall have all powers necessary to implement the provisions of the Plan, the Confirmation Order, and this Agreement and to administer the Litigation Trust as provided herein.

**NOW**, **THEREFORE**, pursuant to the Plan and the Confirmation Order, in consideration of the mutual agreements of the Parties contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and affirmed, the Parties hereby agree as follows:

## ARTICLE I
## ESTABLISHMENT OF THE LITIGATION TRUST

1.1 Establishment of the Litigation Trust and Appointment of the Litigation Trustee and the Litigation Trust Advisory Board.

(a) The Parties, pursuant to the Plan and the Confirmation Order, and in accordance with the applicable provisions of the Bankruptcy Code, hereby establish a trust on behalf of the Litigation Trust Beneficiaries, which shall be known as the "Remington Litigation Trust," on the terms set forth herein. In connection with the exercise of the Litigation Trustee's powers hereunder, the Litigation Trustee may use this name or such variation thereof as the Litigation Trustee sees fit.

(b) The initial members of the Litigation Trust Advisory Board (each, a "Member") are identified on Exhibit A hereto. Two of the initial Members of the Litigation Trust Advisory Board are hereby appointed by the holders of Litigation Trust Class B Interests (each, a "Litigation Trust Class B Representative") and one Member is hereby appointed by the holders of Litigation Trust Class A Interests (the "Litigation Trust Class A Trust Representative"), each in accordance with the terms of the Plan.

(c) The Litigation Trustee agrees to accept and hold the Litigation Trust Assets in trust for the Litigation Trust Beneficiaries, subject to the provisions of the Plan, the Confirmation Order, and this Agreement, and shall serve at the Direction (as such term is defined in the Plan) of the Litigation Trust Advisory Board as set forth in this Agreement, including Section 5.2 hereof.

(d) The Litigation Trustee and each successor trustee serving from time to time hereunder shall have all the rights, powers, and duties as set forth herein.

(e) The Litigation Trustee and the Members shall serve without bond and shall have no obligation to file any accountings with any state court.

(f) For the avoidance of doubt, neither the Litigation Trustee nor any Member is or shall be deemed an officer, director, or fiduciary of any of the Remington Entities.

1.2 Transfer of the Litigation Trust Assets.

(a) Pursuant to Article VI.B of the Plan, on the Effective Date, in partial satisfaction of all Allowed Claims in Class 4 and Class 5, the Remington Entities and the Litigation Trust Beneficiaries shall be deemed to transfer all of the Litigation Trust Assets (and, in the case of the Remington Entities, the rights and powers of the Remington Entities' Estates applicable to the Litigation Trust Assets in accordance with section 1141 of the Bankruptcy Code) to the Litigation Trust, including all information necessary to investigate, prosecute, protect, and conserve all Litigation Claims, free and clear of all liens, Claims, encumbrances, and Interests (legal, beneficial, or otherwise) for the benefit of the Litigation Trust Beneficiaries. For the avoidance of doubt, upon the transfer of the Litigation Trust Assets, the Litigation Trust shall succeed to all of the Remington Entities' rights, title, and interest in the Litigation Trust Assets, and the Remington Entities shall have no further interest in or with respect to the Litigation Trust. The Plan shall be considered a motion pursuant to sections 105, 363, and 365 of the Bankruptcy Code for such relief.

(b) In connection with the vesting and transfer of the Litigation Trust Assets, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral, including electronic information) relating to the Litigation Trust Assets (collectively, the "Privileges") shall vest in the Litigation Trust. The Remington Entities, Reorganized Remington, the Consenting Creditors, and the Litigation Trustee shall take all necessary actions to effectuate the transfer of such privileges, protections, and immunities. The Litigation Trust's, Litigation Trustee's, and the Litigation Trust Advisory Board's receipt of the Privileges shall be without waiver in recognition of the joint/successorship interest in prosecuting claims on behalf of the Remington Entities' Estates and their stakeholders, where applicable.

(c) The Litigation Trustee, the Litigation Trust Beneficiaries, and any party under the control of such parties agree to execute any documents or other instruments and take any other steps as necessary to cause title to the Litigation Trust Assets to be transferred to the Litigation Trust on the Effective Date.

(d) To the extent reasonably requested by the Litigation Trustee, Reorganized Remington and the professionals retained by the Remington Entities during the Chapter 11 Cases agree, subject to any applicable and non-transferred Privileges, to cooperate with the Litigation Trustee in the prosecution of the Litigation Claims, including by providing access to books, records, documents, materials, and/or information relevant to the Litigation Claims, as well as those attorneys, accountants, and other professionals with knowledge of matters relevant to the Litigation Claims.

(e) For all federal, state, and local income tax purposes, all relevant parties (including the Remington Entities, the Litigation Trustee, and the Litigation Trust Beneficiaries) shall treat the transfer of the Litigation Trust Assets to the Litigation Trust for the benefit of the Litigation Trust Beneficiaries, whether the applicable Claims are Allowed on or after the Effective Date, including any amounts or other assets subsequently transferred to the Litigation Trust (but only at such time as actually transferred) as a transfer of the Litigation Trust Assets

(subject to any obligations relating to such Litigation Trust Assets) directly to the Litigation Trust Beneficiaries.

(f) Notwithstanding the foregoing, for purposes of section 553 of the Bankruptcy Code, the transfer of the Litigation Trust Assets to the Litigation Trust shall not affect the mutuality of obligations that otherwise might have existed prior to the effectuation of such transfer. Notwithstanding anything in the Plan or in this Agreement to the contrary, the transfer of the Litigation Trust Assets to the Litigation Trust does not diminish, and fully preserves, any defenses a defendant would have if such Litigation Claims had been retained by their respective holders.

(g) The transfer of the Litigation Trust Assets to the Litigation Trust shall be exempt from any stamp, real estate transfer, mortgage reporting, sales, use, or other similar tax, pursuant to section 1146(a) of the Bankruptcy Code.

1.3 Funding of the Litigation Trust.

(a) On and after the Effective Date, the Litigation Trust shall be funded by the Litigation Trust Fund (as such term is defined in the Plan), which shall be used to administer all Litigation Trust Assets. The Litigation Trust Beneficiaries shall have no further obligation to provide any funding with respect to the Litigation Trust.

(b) As set forth in Section 1.7 of this Agreement, all reasonable fees, expenses, and costs of the Litigation Trust, including fees and expenses incurred by professionals retained by the Litigation Trust, shall be paid first from the Litigation Trust Fund and, to the extent such fees, expenses, and costs exceed the amount of the Litigation Trust Fund, then solely from the proceeds of the Litigation Trust Assets; *provided*, *however*, that the Litigation Trust Assets (as such term is defined in the Plan) may not be used to pay professional fees and expenses other than those of the Litigation Trustee and professionals or vendors retained by the Litigation Trustee or his/her counsel. The Remington Entities (as such term is defined in the Plan) shall have no obligation to pay, and shall not be required to pay, any of the Litigation Trust Expenses (as such term is defined in the Plan), other than the Litigation Trust Fund.

(c) Any failure or inability of the Litigation Trustee to obtain additional funding for the Litigation Trust will not affect the enforceability of this Agreement.

1.4 Title to the Litigation Trust Assets. The transfer of the Litigation Trust Assets to the Litigation Trust pursuant to Section 1.2 hereof is being made for the sole benefit, and on behalf, of the Litigation Trust Beneficiaries. Upon the transfer of the Litigation Trust Assets to the Litigation Trust, the Litigation Trust shall succeed to all of the Remington Entities', the Estates', and each Litigation Trust Beneficiary's rights, title, and interest in the Litigation Trust Assets, and no other Person[3] shall have any interest, legal, beneficial, or otherwise, in the Litigation Trust or the Litigation Trust Assets upon the assignment and transfer of such assets to

[3] As used in this Agreement, the term "Person" shall have the meaning ascribed to such term in section 101(41) of the Bankruptcy Code.

the Litigation Trust (other than as provided in the Plan, the Confirmation Order, or this Agreement).

1.5 Nature and Purpose of the Litigation Trust.

(a) Purpose. The Litigation Trust is organized and established as a trust pursuant to which the Litigation Trustee, subject to the terms and conditions of this Agreement and when applicable, upon the Direction of the Litigation Trust Advisory Board, shall act on behalf, and for the benefit, of the Litigation Trust Beneficiaries. The Litigation Trustee and Litigation Trust Advisory Board shall, consistent with the terms of this Agreement (i) administer the Litigation Trust Assets, (ii) prosecute, settle, adjust, retain, and enforce any Litigation Claims, (iii) make any distributions as provided for under the Plan and this Agreement, and (iv) liquidate the Litigation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or any other business, except to the extent reasonably necessary to, and consistent with, the purpose of the Litigation Trust. The Litigation Trustee shall have the responsibility for the pursuit and settlement of the Litigation Claims and the power and authority to allow or settle and compromise any Claims related to the Litigation Trust Assets, in each case, upon the Direction of the Litigation Trust Advisory Board, and in accordance with this Agreement, including Sections 3.2 and 3.3(b). The primary purpose of the Litigation Trust is to, in an expeditious and orderly manner, monetize and convert the Litigation Trust Assets to Cash and make timely distributions to holders of Allowed Claims in accordance with the Plan with no objective to continue or engage in the conduct of, or to further, any trade or business. In executing its duties under the Litigation Trust Advisory Board's Direction, the Litigation Trustee shall be obligated to make continuing reasonable efforts to timely resolve the Litigation Claims and not unreasonably prolong the duration of the Litigation Trust. The liquidation of the Litigation Claims may be accomplished either through the prosecution, compromise and settlement, abandonment, or dismissal thereof, in accordance with the Plan, the Confirmation Order, and this Agreement.

(b) Relationship. This Agreement is intended to create a trust and a trust relationship and to be governed and construed in all respects as a trust. The Litigation Trust is not intended to be, and shall not be deemed to be, or be treated as, a general partnership, limited partnership, joint venture, corporation, joint stock company, or association, nor shall the Litigation Trustee, the Litigation Trust Advisory Board (or any Member), or the Litigation Trust Beneficiaries for any purpose be, or be deemed to be or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Litigation Trust Beneficiaries, on the one hand, to the Litigation Trustee and the Litigation Trust Advisory Board, on the other hand, shall be solely that of a beneficiary of a trust and shall not be deemed a principal and agency relationship, and their rights shall be limited to those conferred upon them by the Plan, the Confirmation Order, and this Agreement.

(c) No Waiver of Claims. Except as provided in, and unless expressly released, compromised, or settled in the Plan, the Confirmation Order, or in any contract, instrument, release, or other agreement entered into or delivered in connection with the Plan, the Litigation Trustee, upon the Direction of the Litigation Trust Advisory Board, shall enforce the Litigation Claims, in accordance with sections 1123(a)(5)(A) and 1123(b)(3) of the Bankruptcy

Code. For the avoidance of doubt, any Direction of the Litigation Trust Advisory Board to release, compromise, or settle a Litigation Claim must be consistent with the Advisory Board's fiduciary obligations to the Litigation Trust Beneficiaries pursuant to Section 5.3 of this Agreement. No preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel, (judicial, equitable, or otherwise), or laches shall apply to the Litigation Trust, the Litigation Trustee, or the Litigation Trust Advisory Board by virtue of or in connection with the confirmation, consummation, or effectiveness of the Plan. No Person or entity may rely on the absence of a specific reference in the Plan to any claim against them as any indication that the Litigation Trustee will not pursue any and all available Litigation Claims against them. Unless any Causes of Action against a Person or Entity are expressly waived, relinquished, exculpated, released, compromised, or settled in the Plan or an order of the Bankruptcy Court, the Litigation Trustee expressly reserves all Causes of Action for later adjudication, and, therefore, no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action upon, after, or as a consequence of the Confirmation Order.

(d) Relationship to and Incorporation of the Plan. The principal purpose of this Agreement is to aid in the implementation of the Plan and the Confirmation Order, and therefore this Agreement incorporates the provisions thereof by reference; *provided*, *however*, that if any provisions of this Agreement are found to be inconsistent with the provisions in Article VI of the Plan or the Confirmation Order, each such document shall have controlling effect in the following rank order: this Agreement, the Confirmation Order, and the Plan. In connection with the administration of the Litigation Trust, the Litigation Trustee shall have all powers necessary to implement the provisions of the Plan relating to the Litigation Trust, within the bounds of the Plan, this Agreement, and applicable law.

1.6 Appointment as Representative. Pursuant to section 1123(b)(3) of the Bankruptcy Code, the Litigation Trustee shall be the duly appointed representative of the Remington Entities' Estates for certain limited purposes and, as such, to the extent provided herein, the Litigation Trustee succeeds to the rights and powers of a trustee in bankruptcy solely with respect to prosecution of the Litigation Claims. To the extent that any of the Litigation Claims cannot be transferred to the Litigation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Litigation Trust Assets shall be deemed to have been retained by the Remington Entities (other than for tax purposes), and the Litigation Trustee shall be deemed to have been designated as a representative of the Remington Entities' Estates to the extent provided herein pursuant to section 1123(b)(3)(B) of the Bankruptcy Code solely to enforce and pursue such Litigation Claims on behalf of the Remington Entities' Estates. Notwithstanding the foregoing, all net proceeds of the Litigation Trust Assets shall be distributed to the Litigation Trust Beneficiaries consistent with the provisions of the Plan and Confirmation Order. For the avoidance of doubt, any of the Litigation Claims subject to this Section 1.6 shall be treated by the Parties for U.S. federal, state, and local income tax purposes as a disposition of the Litigation Claims by the Remington Entities as described in Section 1.2 herein.

1.7 Litigation Trust Fees and Expenses. The Litigation Trustee and the Litigation Trust Advisory Board may incur any reasonable and necessary expenses in connection with the performance of their respective duties under the Plan, the Confirmation Order, and this Agreement, including in connection with retaining professionals and/or entering into agreements pursuant to Sections 3.6, 3.7, and 3.8 herein. Counsel expenses of the Litigation Trust Advisory Board reimbursable under this provision shall be limited to fees and expenses paid to a single law firm representing the entire Litigation Trust Advisory Board (rather than some or all of its Members) where that law firm does not also represent the Litigation Trustee or any of the Litigation Trust Beneficiaries in connection with any matter relating to any of the Remington Entities. The Litigation Trustee's and the Litigation Trust Advisory Board's fees and expenses and the fees and expenses of their respective professionals retained pursuant to this Agreement shall be paid first from the Litigation Trust Fund and, to the extent such fees, expenses, and costs exceed $5,000,000, then solely from the proceeds of the Litigation Trust Assets. Except as otherwise ordered by the Bankruptcy Court, the Litigation Trust Expenses, on or after the Effective Date, shall be paid in accordance with the Plan and this Agreement without further order of the Bankruptcy Court. For the avoidance of doubt, (i) the Litigation Trust Assets may not be used to pay professional fees and expenses other than those of the Litigation Trustee, the Litigation Trust Advisory Board, and professionals, vendors, or counsel retained by the Litigation Trustee or the Litigation Trust Advisory Board and (ii) the Remington Entities and Litigation Trust Beneficiaries shall not have any obligation, or be required, to pay any of the Litigation Trust Expenses, other than the Litigation Trust Fund.

1.8 Valuation of the Litigation Trust Assets. As soon as reasonably practicable following the Effective Date, but in no event later than sixty (60) days thereafter, the Litigation Trustee shall inform, in writing, the Litigation Trust Advisory Board and the Litigation Trust Beneficiaries of the value of the Litigation Trust Assets, based on the good-faith determination of the Litigation Trustee. In connection with the preparation of the valuation contemplated hereby and by the Plan, the Litigation Trustee shall be entitled to retain such professionals and advisors as the Litigation Trustee shall determine to be appropriate or necessary, and the Litigation Trustee shall take such other actions in connection therewith as it determines to be appropriate or necessary. The Litigation Trust shall bear all of the reasonable costs and expenses incurred in connection with determining such value, including the fees and expenses of any professionals retained in connection therewith.

## ARTICLE II
## LITIGATION TRUST INTERESTS

2.1 Litigation Trust Interests. The beneficial interests in the Litigation Trust will be represented by book entries on the books and records of the Litigation Trust. The Litigation Trustee will not issue any certificate or certificates to evidence any beneficial interests in the Litigation Trust.

2.2 Interests Beneficial Only. The ownership of the beneficial interests in the Litigation Trust shall not entitle the Litigation Trust Beneficiaries to any title in or to the Litigation Trust Assets as such (which title shall be vested in the Litigation Trust) or to any right to call for a partition or division of the Litigation Trust Assets or to require an accounting.

2.3 Transferability of Litigation Trust Interests.

(a) The Litigation Trust Interests shall be freely transferable; *provided*, *however*, that the transfer of the Litigation Trust Interests will be prohibited to the extent such transfer would subject the Remington Entities to the registration and reporting requirements of the Securities Act or the Securities Exchange Act of 1934, as amended.

2.4 Registry of Beneficial Interests.

(a) The Litigation Trustee shall appoint a registrar, which may be the Litigation Trustee (the "Registrar") for the purpose of recording ownership of the Litigation Trust Interests. The Registrar, if other than the Litigation Trustee, shall be a third-party institution selected upon the Direction of the Litigation Trust Advisory Board. For its services hereunder, the Registrar, unless it is the Litigation Trustee, shall be entitled to receive reasonable compensation from the Litigation Trust Fund as an expense of the Litigation Trust.

(b) The Litigation Trustee shall cause to be kept at the office of the Registrar, or at such other place or places as shall be designated by them from time to time, a registry of the Litigation Trust Beneficiaries of the Litigation Trust (the "Trust Register") and their respective holdings of Litigation Trust Interests, which shall be maintained pursuant to such reasonable regulations as the Litigation Trustee and the Registrar may prescribe.

2.5 Exemption from Registration. The parties hereto intend that the rights of the Litigation Trust Beneficiaries arising under this Litigation Trust shall not be "securities" under applicable laws, but none of the Parties represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws. If such rights constitute securities, the parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and under applicable securities laws to apply to their issuance under the Plan. If the Litigation Trustee determines, with the advice of counsel, that the Litigation Trust is required to comply with the registration and reporting requirements of the Securities Act of 1933, as amended (the "Securities Act"), the Securities Exchange Act of 1934, as amended (the "Exchange Act"), the Trust Indenture Act of 1939, as amended (the "Trust Indenture Act") or the Investment Company Act of 1940, as amended (the "Investment Company Act"), then the Litigation Trustee shall take commercially reasonable efforts to comply with such registration and reporting requirements to the extent required by applicable law. Notwithstanding the foregoing procedure, the Litigation Trustee may amend this Agreement in accordance with Article IX hereof, to make such changes as are deemed necessary or appropriate by the Litigation Trustee, with the advice of counsel, to ensure that the Litigation Trust is not subject to registration and/or reporting requirements of the Securities Act, the Exchange Act, the Trust Indenture Act, or the Investment Company Act.

2.6 Effect of Death, Incapacity, or Bankruptcy. The death, incapacity, or bankruptcy of any Litigation Trust Beneficiary during the term of the Litigation Trust shall not (i) operate to terminate the Litigation Trust; (ii) entitle the representatives or creditors of the deceased party to an accounting; (iii) entitle the representatives or creditors of the deceased party to take any action in the Bankruptcy Court or elsewhere for the distribution of the Litigation Trust Assets or for a

partition thereof; or (iv) otherwise affect the rights and obligations of any of the Litigation Trust Beneficiaries under this Agreement.

2.7 Change of Address. Any Litigation Trust Beneficiaries may, after the Effective Date, select an alternative distribution address by providing notice to the Litigation Trustee identifying such alternative distribution address. Such notification shall be effective only upon receipt by the Litigation Trustee. Absent actual receipt of such notice by the Litigation Trustee, the Litigation Trustee shall not recognize any such change of distribution address.

## ARTICLE III
## RIGHTS, POWERS, AND DUTIES OF LITIGATION TRUSTEE

3.1 Role of the Litigation Trustee. In furtherance of and consistent with the purpose of the Litigation Trust and the Plan, subject to the terms and conditions contained in the Plan, the Confirmation Order, and this Agreement, the Litigation Trustee shall: (i) receive, manage, supervise, and protect the Litigation Trust Assets upon its receipt of same on behalf of and for the benefit of the Litigation Trust Beneficiaries; (ii) at the Direction of the Litigation Trust Advisory Board, investigate, analyze, commence, prosecute, and, if necessary and appropriate, release, settle, and compromise the Litigation Claims and any objections to Claims related to the Litigation Claims; (iii) prepare and file all required tax returns, information returns, and other documents, and pay taxes and all other obligations of the Litigation Trust; (iv) liquidate and convert the Litigation Trust Assets to cash and make timely distributions to the Litigation Trust Beneficiaries in accordance with Section 3.5 herein; and (v) have all such other powers and responsibilities as may be vested in the Litigation Trustee pursuant to, or as may be necessary and proper to carry out the provisions of, the Plan, the Confirmation Order, this Agreement, and all other orders of the Bankruptcy Court. In all circumstances, the Litigation Trustee shall act in the best interests of the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust, and shall use commercially reasonable efforts to resolve the Litigation Claims and to make timely distributions of any proceeds therefrom and to otherwise monetize the Litigation Trust Assets and not unreasonably prolong the duration of the Litigation Trust.

3.2 Fiduciary Duties. The Litigation Trustee shall have fiduciary duties to the Litigation Trust and the Litigation Trust Beneficiaries to the same extent that a director or officer of a Delaware corporation owes fiduciary duties to such corporation. The Litigation Trustee shall act in good faith and in consideration of (i) the best interests of the Litigation Trust Beneficiaries, and (ii) the fiduciary obligations the Litigation Trustee owes the Litigation Trust Beneficiaries.

3.3 Prosecution of Litigation Claims.

(a) The Litigation Trust Advisory Board shall have the absolute right to provide Direction to the Litigation Trustee to prosecute, pursue, commence, object to, seek to estimate, seek to subordinate, compromise, settle, or take any other action concerning any and all Litigation Claims as it determines in good faith to be in the best interests of the Litigation Trust Beneficiaries, and consistent with (i) the Members' fiduciary obligations to the Litigation Trust Beneficiaries pursuant to Section 5.3 of this Agreement; and (ii) the purposes of the Litigation Trust.

(b) Any determinations by the Litigation Trust Advisory Board with regard to the amount or timing of settlement or other disposition of any Litigation Claims settled in accordance with the terms of this Agreement shall be conclusive and binding on the Litigation Trust Beneficiaries and all other parties in interest.

(c) The Litigation Trustee will prepare and make available to Litigation Trust Beneficiaries and the Litigation Trust Advisory Board, on an annual basis, a written report detailing, among other things, the litigation status of the Litigation Claims, any settlements entered into by the Litigation Trust, the proceeds recovered to date from the Litigation Trust Assets, and the distributions made by the Litigation Trust. Such report shall be posted on a website maintained by the Litigation Trustee in accordance with Article VI.B of the Plan.

(d) To the extent that any action has been taken to prosecute or otherwise resolve any Litigation Claims prior to the Effective Date, the Litigation Trustee shall be substituted for the Remington Entities, if applicable, in connection therewith in accordance with Rule 25 of the Federal Rules of Civil Procedure, made applicable to the litigation by Bankruptcy Rule 7025, and the caption for such pending litigation shall be changed to the following: "[Name of Trustee], as Trustee for the Remington Litigation Trust v. [Defendant]" or "Remington Litigation Trust v. [Defendant]." Without limiting the foregoing, the Litigation Trustee shall, upon the Direction of the Litigation Trust Advisory Board, take any and all actions necessary or prudent to intervene as plaintiff, movant, or additional party, as appropriate, in any applicable Litigation Claim. For purposes of exercising its powers, the Litigation Trustee shall be deemed to be a representative of the Remington Entities' Estates pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.

3.4 <u>Liquidation of Litigation Trust Assets</u>. The Litigation Trustee shall, upon the Direction of the Litigation Trust Advisory Board, in an expeditious but orderly manner, and subject to the other provisions of the Plan, the Confirmation Order, and this Agreement, liquidate and convert to Cash the Litigation Trust Assets, make timely distributions, and not unduly prolong the duration of the Litigation Trust. The Litigation Trust Advisory Board shall take into consideration the Members' fiduciary obligations pursuant to Section 5.3 of this Agreement and the likelihood of success, risks, timing, and costs of potential actions in exercising its reasonable business judgment to maximize net recoveries to the Litigation Trust Beneficiaries. Such liquidations may be accomplished through the prosecution, compromise and settlement, abandonment, or dismissal of any or all Litigation Claims or otherwise or through the sale or other disposition of the Litigation Trust Assets (in whole or in combination). Consistent with an agreed-upon budget in accordance with Section 3.12(b) of this Agreement, if any, the Litigation Trustee may incur any reasonable and necessary expenses in connection with liquidating and converting the Litigation Trust Assets to Cash and distribution of the proceeds thereof.

3.5 <u>Distributions</u>.

(a) The Litigation Trustee shall make distributions on account of Litigation Trust Interests in accordance with the terms of this Agreement. The first $5,000,000 of any aggregate net proceeds of the Litigation Claims shall be allocated on a *pro rata* basis to the holders of Litigation Trust Class B Interests (the "<u>Initial Distribution</u>"), and any recoveries in excess of $5,000,000 obtained by the Litigation Trust shall be shared equally among the holders

of Litigation Trust Class A Interests and holders of the Litigation Trust Class B Interests, if applicable. Where recoveries relate to more than one Litigation Claim, the Litigation Trustee shall classify and allocate recoveries from Litigation Claims in good faith and consistent with its fiduciary obligations to all Litigation Trust Beneficiaries under Section 3.2 of this Agreement. Notwithstanding the foregoing, the holders of Litigation Trust Class B Interests shall receive all recovery amounts from any Litigation Claims that (i) are exclusively related to amounts transferred within applicable statutes of limitations from ROC to any transferee, or (ii) belong solely to ROC (as such term is defined in the Plan) or any of its stakeholders; *provided*, *however*, for the avoidance of doubt, that any Litigation Claim based on mismanagement or a fiduciary-duty breach in connection with any potential merger, acquisition or similar change in control transaction of the Remington Entities, or against any third party in connection with the same; or based on mismanagement or a fiduciary-duty breach that had a material adverse effect on the value of any of the non-ROC Remington Entities (excluding claims related to amounts transferred within applicable statutes of limitations from ROC to any transferee, as set forth in (i) above), shall in each case not be deemed to belong solely to ROC.

(b) After the settlement or compromise of any Litigation Claims, to the extent the settlement or compromise was on account of multiple Litigation Claims, the Litigation Trustee shall provide the Litigation Trust Advisory Board with an allocation of any recoveries among those Litigation Claims. Where recoveries relate to more than one Litigation Claim, the Litigation Trustee shall classify and allocate recoveries from Litigation Claims in good faith and consistent with its fiduciary obligations to all Litigation Trust Beneficiaries under Section 3.2 of this Agreement.

(c) The Litigation Trustee shall distribute or cause to be distributed to each Litigation Trust Beneficiary its share of any proceeds of the Litigation Trust Assets semi-annually, or more frequently as otherwise determined upon the Direction of the Litigation Trust Advisory Board (any such date, a "Distribution Date"), until such time as there are no longer any proceeds to distribute; *provided*, *however*, that the Litigation Trustee may retain such amounts (i) as are reasonably necessary to meet contingent liabilities and to maintain the value of the Litigation Trust Assets during liquidation; (ii) to pay or reserve for reasonable administrative expenses (including the costs and expenses of the Litigation Trust and the Litigation Trustee and the fees, costs, and expenses of all professionals retained by the Litigation Trustee, and any taxes imposed on the Litigation Trust or in respect of the assets of the Litigation Trust); and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the assets are otherwise subject) in accordance with the Plan or this Agreement. Reorganized OpCo shall pay all reasonable and documented fees and expenses of the Term Loan Agent or any successor agent designated by the holders of Litigation Trust Class A Interests of the Litigation Trust, as applicable, to receive distributions pursuant to the terms of this Agreement (including the reasonable and documented fees and expenses of its counsel and agents) incurred in connection with such distributions.

(d) Except as otherwise provided pursuant to a Final Order, the Litigation Trustee shall make initial distributions under the Plan on account of Claims Allowed before the Effective Date on or as soon as reasonably practicable after the Initial Distribution. Distributions of Cash on account of the Litigation Trust Interests shall, to the extent reasonably practicable, be

made on the Distribution Date after the net proceeds of the Litigation Claims are received by the Litigation Trust.

(e) Subject to the requirements of Revenue Procedure 94-45, 1994-2 C.B. 684, the Litigation Trustee shall distribute all Cash on hand (including the net income and net proceeds, if any, from any disposition of Litigation Trust Assets, any Cash received on account of or representing proceeds, and treating as Cash for purposes of this Section 3.5 and any permitted investments under Section 3.9 below).

(f) The Litigation Trustee shall make distributions to each Litigation Trust Beneficiary (i) through its authorized designee for purposes of distributions to be made under the Plan; or (ii) at its last-known address, as indicated on the Remington Entities' or Litigation Trust's records as of the applicable Distribution Date (which, subject to Section 2.7 hereof, for each holder of an Allowed Claim shall be deemed to be the address set forth on any ballot filed by that holder).

(g) The Litigation Trustee shall, upon the Direction of the Litigation Trust Advisory Board, have the authority to enter into agreements with one or more entities to make or facilitate distributions required by the Plan and this Agreement (the "Distribution Agent"). The Litigation Trustee may pay to the Distribution Agents all reasonable and documented fees and expenses of the Distribution Agents. For the avoidance of doubt, the reasonable and documented fees of the Distribution Agents will be paid from the Litigation Trust Fund and will not be deducted from distributions to be made under the Plan to holders of Allowed Claims receiving distributions from the Distribution Agent.

(h) In the event that any distribution to any Litigation Trust Beneficiary is returned as undeliverable, no distribution to such holder shall be made unless and until the Litigation Trustee has determined the then-current address of such holder, at which time such distribution shall be made to such holder without interest; *provided*, *however*, that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code at the expiration of one year from date of the attempted undeliverable payment. After such date, all unclaimed distributions shall be distributed on a *pro rata* basis to all Litigation Trust Beneficiaries whose initial distributions were not returned as undeliverable. Nothing contained herein shall require the Litigation Trustee to attempt to locate any holder of an Allowed Claim; *provided*, *however*, that each Electing Term Loan Lender whose distributions were not returned as undeliverable shall receive its Pro Rata Class 4 Share of any unclaimed distributions on account of Litigation Trust Class A Interests, and each Electing Third Lien Noteholder whose distributions were not returned as undeliverable shall receive its Pro Rata Class 5 Share of any unclaimed distributions on account of Litigation Trust Class B Interests.

(i) The Litigation Trustee may, in its reasonable discretion, withhold from amounts otherwise distributable to any Person any and all amounts required to be withheld by any law, regulation, rule, ruling, directive, treaty, or other governmental requirement. Any party issuing any instrument or making any distribution under this Agreement shall comply with all applicable withholding and reporting requirements imposed by any U.S. federal, state, or local tax law or taxing authority, and all distributions under this Agreement shall be subject to any such withholding or reporting requirements.

(j) Notwithstanding the above, each holder of an Allowed Claim that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any income taxes imposed on such holder by any governmental unit on account of such distribution. Any party issuing any instrument or making any distribution under this Agreement has the right, but not the obligation, to not make a distribution until such holder has made arrangements satisfactory to such issuing or disbursing party for payment of any such tax obligations. The Litigation Trustee may require, as a condition to the receipt of a distribution, that the holder complete the appropriate Internal Revenue Service Form W-8 or Internal Revenue Service Form W-9, as applicable to each holder. If the holder fails to comply with such a request within one-hundred eighty (180) days, such distribution shall be deemed an unclaimed distribution and treated in accordance with Article VIII.E.4 of the Plan.

(k) Notwithstanding anything herein to the contrary, the Litigation Trustee shall not be required to make on account of an Allowed Claim (i) partial distributions or payments of fractions of dollars; (ii) partial distributions or payments of fractions of Litigation Trust Interests; or (iii) a distribution if the amount to be distributed is or has an economic value of less than $100.00. Any funds so withheld and not distributed shall be held in reserve and distributed in subsequent distributions. Notwithstanding the foregoing, all Cash shall be distributed in the final distribution of the Litigation Trust.

(l) Any check issued by the Litigation Trust on account of an Allowed Claim shall be null and void if not negotiated within one-hundred twenty (120) days after the issuance of such check. Requests for reissuance of any check shall be made directly to the Litigation Trustee by the holder of the relevant Allowed Claim with respect to which such check originally was issued. If any holder of an Allowed Claim holding an un-negotiated check does not request reissuance of that check within one year after the date the check was mailed or otherwise delivered to the holder, such holder's claim to such particular check/distribution shall be released, and the holder thereof shall be forever barred, estopped, and enjoined from asserting any Claim against any of the Remington Entities, the Litigation Trust, or the Litigation Trustee for such particular check/distribution. In such cases, any Cash or Litigation Trust Interests held for payment on account of such Claims shall be property of the Litigation Trust, free of any Claims of such holder with respect thereto. No later than one-hundred fifty (150) days after the issuance of such checks, the Litigation Trustee shall file with the Bankruptcy Court a list of the holders of any un-negotiated checks. Nothing contained herein shall require the Litigation Trustee to attempt to locate any holder of an Allowed Claim.

(m) For the avoidance of doubt, the Litigation Trust shall have no obligation to pay any amounts in respect of prepetition deductibles or self-insured retention amounts with respect to Claims covered by the Remington Entities' insurance policies.

3.6 <u>Retention of Counsel and Other Professionals</u>. The Litigation Trustee may, without further order of the Bankruptcy Court, but subject to the terms of this Agreement, employ various professionals, including, but not limited to, counsel, experts, consultants, and financial advisors, as needed to assist the Litigation Trustee in fulfilling its obligations under the Plan. Such employment agreements shall be approved by a majority of the Litigation Trust Advisory Board. Professionals engaged by the Litigation Trustee shall not be required to file applications in order to receive compensation for services rendered and reimbursement of actual

out-of-pocket expenses incurred. For the avoidance of doubt, unless an alternative fee arrangement has been agreed to (either by order of the Bankruptcy Court or by the Litigation Trustee upon the Direction of the Litigation Trust Advisory Board, as applicable), professionals retained by the Litigation Trustee shall be compensated solely by the Litigation Trust Fund. Any and all proceeds generated from the Litigation Trust Assets shall be the property of the Litigation Trust.

3.7 Agreements. The Litigation Trustee may enter into any agreement or execute any document required by or consistent with the Plan, the Confirmation Order, or this Agreement and perform all of the Remington Entities' and Litigation Trust's obligations thereunder.

3.8 Expense Reserve. The Litigation Trustee shall establish a segregated account, maintained by the Litigation Trustee, to be funded initially by the Litigation Trust Fund and thereafter by such amounts as reasonably estimated from time to time by the Litigation Trustee as being necessary to assure payment when due of all expenses that the Litigation Trustee anticipates will be incurred in connection with carrying out the provisions of the Plan, this Agreement, and applicable law, which amounts are to be reserved from distributions to Litigation Trust Beneficiaries.

3.9 Investment of Cash. The right and power of the Litigation Trustee to invest Litigation Trust Assets, the proceeds thereof, or any income earned by the Litigation Trust shall be limited to the right and power to invest such Litigation Trust Assets only in Cash and U.S. Government securities as defined in section 2(a)(16) of the Investment Company Act; *provided, however*, that (a) the scope of any such permissible investments shall be further limited to include only those investments that a liquidating trust within the meaning of Treasury Regulation Section 301.7701-4(d) may be permitted to hold pursuant to the Treasury Regulations, or any modification in the Internal Revenue Service guidelines, whether set forth in Internal Revenue Service rulings, other Internal Revenue Service pronouncements, or otherwise; (b) the Litigation Trustee may retain any Litigation Trust proceeds received that are not Cash only for so long as may be required for the prompt and orderly liquidation of such assets; and (c) the Litigation Trustee may expend the assets of the Litigation Trust (i) as reasonably necessary to meet contingent liabilities and maintain the value of the assets of the Litigation Trust during liquidation; (ii) to pay reasonable administrative expenses (including any taxes imposed on the Litigation Trust or reasonable fees and expenses in connection with litigation); and (iii) to satisfy other liabilities incurred or assumed by the Litigation Trust (or to which the assets are otherwise subject) in accordance with the Plan or this Agreement.

3.10 Limitations on Power and Authority of the Litigation Trustee. Notwithstanding anything in this Agreement to the contrary, the Litigation Trustee will not have the authority to do any of the following:

(a) take any action in contravention of the Plan, the Confirmation Order, or this Agreement;

(b) take any action that would make it impossible to carry on the activities of the Litigation Trust;

(c) possess property of the Litigation Trust or assign the Litigation Trust's rights in specific property for any purpose other than as provided herein;

(d) cause or permit the Litigation Trust to engage in any trade or business;

(e) permit the Litigation Trust to receive or retain Cash or Cash equivalents in excess of a reasonable amount necessary to meet claims and contingent liabilities (including expected expenses) or to maintain the value of the Litigation Trust Assets during liquidation;

(f) receive transfers of any listed stocks or securities or any readily marketable assets or any operating assets of a going business, except as is necessary or required under the Plan, the Confirmation Order, or this Agreement; *provided*, *however*, that in no event shall the Litigation Trustee receive any such investment that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof;

(g) exercise investment power beyond what is provided in Section 3.9 hereof;

(h) receive or retain any operating assets of an operating business, a partnership interest in a partnership that holds operating assets or 50% or more of the stock of a corporation with operating assets, except as is necessary or required under the Plan, the Confirmation Order, or this Agreement; *provided*, *however*, that in no event shall the Litigation Trustee receive or retain any such asset or interest that would jeopardize treatment of the Litigation Trust as a "liquidating trust" for federal income tax purposes under Treasury Regulation section 301.7701-4(d) or any successor provision thereof; or

(i) take any other action or engage in any investments or activities that would jeopardize treatment of the Litigation Trust as a liquidating trust for federal income tax purposes under Treasury Regulation section 301.7701-4(d), or any successor provision thereof.

3.11 Books and Records. The Litigation Trustee shall maintain good and sufficient books and records of account relating to the Litigation Trust Assets, the management thereof, all transactions undertaken by the Litigation Trustee, all expenses incurred by or on behalf of the Litigation Trustee, and all distributions to Litigation Trust Beneficiaries contemplated or effectuated under the Plan, in such detail and for such period of time as may be necessary to enable it to make full and proper accounting in respect thereof and in accordance with Delaware law. The Litigation Trustee shall also maintain separate books and records for the Litigation Trust Assets of each Debtor. Such books and records shall be maintained as reasonably necessary to facilitate compliance with the tax reporting requirements of the Litigation Trust. Nothing in this Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust or as a condition for managing any payment or distribution out of the Litigation Trust Assets.

3.12 Reports.

(a) Financial and Status Reports. The fiscal year of the Litigation Trust shall be the calendar year. Within ninety (90) days after the end of each calendar year during the term of the Litigation Trust, and within forty-five (45) days after the end of each calendar quarter

during the term of the Litigation Trust and as soon as practicable upon termination of the Litigation Trust, the Litigation Trustee shall make available upon request to the Litigation Trust Beneficiaries appearing on its records as of the end of such period or such date of termination a written report including: (i) financial statements of the Litigation Trust for such period, and, if the end of a calendar year, a report (which may be prepared by an independent certified public accountant employed by the Litigation Trustee) reflecting the result of such agreed-upon procedures relating to the financial accounting administration of the Litigation Trust as proposed by the Litigation Trustee; (ii) a summary description of any action taken by the Litigation Trust that, in the judgment of the Litigation Trustee, materially affects the Litigation Trust and of which notice has not previously been given to the Litigation Trust Beneficiaries; and (iii) a description of the progress of liquidating Litigation Trust Assets and making distributions to the Litigation Trust Beneficiaries and any other material information relating to the Litigation Trust Assets and the administration of the Litigation Trust. In addition, the Litigation Trustee shall provide unaudited financial statements to each Litigation Trust Beneficiary on a quarterly basis. The Litigation Trustee may post any such report on a website maintained by the Litigation Trustee or electronically file it with the Bankruptcy Court in lieu of actual notice to each Litigation Trust Beneficiary.

(b) Annual Plan and Budget. Upon Direction by the Litigation Trust Advisory Board, the Litigation Trustee shall prepare and submit to the Litigation Trust Advisory Board for approval a plan and budget in such detail as is reasonably requested.

## ARTICLE IV
## THE LITIGATION TRUSTEE GENERALLY

4.1 Independent Litigation Trustee. The Litigation Trustee may not be a Member of the Litigation Trust Advisory Board.

4.2 Litigation Trustee's Compensation and Reimbursement.

(a) Compensation. The Litigation Trustee shall receive reasonable compensation from the Litigation Trust as provided on Exhibit B hereto even if that amount exceeds the compensation that otherwise would be payable under applicable law. The compensation of the Litigation Trustee may be modified from time to time by the Litigation Trust Advisory Board; *provided*, *however*, that during the period from delivery of notice of resignation by the Litigation Trustee or delivery of notice of removal of the Litigation Trustee by the Litigation Trust Advisory Board until the effective date of any such resignation or removal, as applicable, the compensation of the Litigation Trustee may not be decreased from the compensation in effect at the time such notice of resignation or removal is delivered. Notice of any modification of the Litigation Trustee's compensation shall be filed with the Bankruptcy Court promptly.

(b) Expenses. In addition, the Litigation Trustee will reimburse itself from the Litigation Trust Fund for all actual, reasonable, and documented out-of-pocket expenses incurred by the Litigation Trustee in connection with the performance of its duties hereunder or under the Confirmation Order or the Plan, including reasonable fees and disbursements of the

Litigation Trustee's legal counsel incurred in connection with the preparation, execution, and delivery of this Agreement and related documents.

(c) Payment. The fees and expenses payable to the Litigation Trustee shall be paid to the Litigation Trustee upon the Direction of the Litigation Trust Advisory Board without necessity for review or approval by the Bankruptcy Court or any other Person. The reasonable costs and expenses incurred by the Litigation Trustee in performing the duties set forth in the Plan shall be paid first from the Litigation Trust Fund and, to the extent such fees, expenses, and costs exceed the amount of the Litigation Trust Fund, then solely from the proceeds of the Litigation Trust Assets as set forth in Section 1.7 hereof. All costs, expenses, and obligations incurred by the Litigation Trustee in administering the Plan, or in any manner connected, incidental, or related thereto, including those of attorneys, accountants, and other persons employed to assist in the administration and distribution of the Litigation Trust Assets, shall be a charge against the Litigation Trust Fund.

4.3 Resignation. The Litigation Trustee may resign by giving not less than ninety (90) days' prior written notice thereof to the Litigation Trust Advisory Board. Such resignation shall become effective on the later to occur of: (a) the day specified in such notice; and (b) the appointment of a successor by the Litigation Trust Advisory Board and the acceptance by such successor of such appointment. If a successor Litigation Trustee is not appointed or does not accept its appointment within ninety (90) days following delivery of notice of resignation, the Litigation Trustee may file a motion with the Bankruptcy Court, upon notice and a hearing, for the appointment of a successor Litigation Trustee, during which time the Litigation Trustee shall be entitled to receive the fees provided for in Section 4.2(a) hereof. Notwithstanding the foregoing, upon the Termination Date (as defined in Section 8.1 below), the Litigation Trustee shall be deemed to have resigned, except as otherwise provided for in Section 8.2 herein.

4.4 Removal.

(a) The Litigation Trustee may be removed by the Litigation Trust Advisory Board, for Cause (as defined in Section 5.8 herein), immediately upon notice thereof, or without Cause, upon ninety (90) days' prior written notice.

(b) The United States Trustee shall have standing to seek removal of the Litigation Trustee for cause, after notice and a hearing; *provided*, *however*, that the United States Trustee shall have no oversight responsibility with respect to the Litigation Trustee or the Litigation Trustee's exercise of his duties and obligations under this Agreement.

(c) Notwithstanding the foregoing, the Litigation Trustee will continue to serve as the Litigation Trustee after his removal until the earlier of (i) the time when appointment of a successor Litigation Trustee becomes effective in accordance with Section 4.5 of this Agreement; or (ii) such date as the Bankruptcy Court otherwise orders.

4.5 Appointment of Successor Litigation Trustee. In the event of the death (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of the Litigation Trustee that is not a natural person), resignation, incompetency, or removal of the Litigation Trustee, the Litigation Trust Advisory Board shall designate a successor Litigation Trustee by

majority vote. If the Litigation Trust Advisory Board is unable to secure a majority vote, the Bankruptcy Court will determine the successor Litigation Trustee on motion of the any Member. Such appointment shall specify the date on which such appointment shall be effective. Every successor Litigation Trustee appointed hereunder shall execute, acknowledge, and deliver to the Litigation Trust Advisory Board an instrument accepting the appointment under this Agreement and agreeing to be bound as Litigation Trustee thereto, and thereupon the successor Litigation Trustee, without any further act, deed or conveyance, shall become vested with all rights, powers, trusts, and duties of the retiring Litigation Trustee and the successor Litigation Trustee shall not be personally liable for any act or omission of the predecessor Litigation Trustee; *provided*, *however*, that a removed or resigning Litigation Trustee shall, nevertheless, when requested in writing by the successor Litigation Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Litigation Trustee under the Litigation Trust all the estates, properties, rights, powers, and trusts of such predecessor Litigation Trustee and otherwise assist and cooperate, without cost or expense to the predecessor Litigation Trustee, in effectuating the assumption of its obligations and functions by the successor Litigation Trustee.

4.6 Effect of Resignation or Removal. The death, dissolution, bankruptcy, resignation, incompetency, incapacity, or removal of the Litigation Trustee, as applicable, shall not operate to terminate the Litigation Trust created by this Agreement or to revoke any existing agency created pursuant to the terms of this Agreement or invalidate any action theretofore taken by the Litigation Trustee or any prior Litigation Trustee. In the event of the resignation or removal of the Litigation Trustee, such Litigation Trustee will promptly (a) execute and deliver such documents, instruments, and other writings as may be ordered by the Bankruptcy Court or reasonably requested by Litigation Trust Advisory Board or the successor Litigation Trustee to effect the termination of such Litigation Trustee's capacity under this Agreement; (b) deliver to the Litigation Trust Advisory Board and/or the successor Litigation Trustee all documents, instruments, records, and other writings related to the Litigation Trust as may be in the possession of such Litigation Trustee (*provided*, *however*, that such Litigation Trustee may retain one copy of such documents for archival purposes); and (c) otherwise assist and cooperate in effecting the assumption of its obligations and functions by such successor Litigation Trustee.

4.7 Confidentiality. The Litigation Trustee shall, during the period that the Litigation Trustee serves as Litigation Trustee under this Agreement and following the termination of this Agreement or following such Litigation Trustee's removal or resignation hereunder, hold strictly confidential and not use for personal gain any non-public information of or pertaining to any Person to which any of the Litigation Trust Assets relates or of which the Litigation Trustee has become aware in the Litigation Trustee's capacity as Litigation Trustee, except as otherwise required by law.

## ARTICLE V
## LITIGATION TRUST ADVISORY BOARD

5.1 Litigation Trust Advisory Board. On or prior to the Confirmation Date, a three-member Litigation Trust Advisory Board shall be appointed as follows: (i) two Members to be appointed by the holders of Litigation Trust Class B Interests; and (ii) one Member to be appointed by the holders of Litigation Trust Class A Interests. Except as set forth in Section

1.1(f) hereof, the Litigation Trustee shall not be a Member. Each Member shall designate an alternate representative to attend meetings and participate in other activities of the Litigation Trust Advisory Board when the corresponding Member is unavailable to participate in such meetings and activities. With the express written consent of a majority in number of the Members, the Litigation Trust Advisory Board may appoint *ex officio* members. Such *ex officio* members shall not be entitled to vote.

5.2 Authority and Responsibilities.

(a) The Litigation Trust Advisory Board shall, as and when requested by the Litigation Trustee, or when the Members otherwise deem it to be appropriate or as is otherwise required under the Plan, the Confirmation Order, or this Agreement, consult with and advise the Litigation Trustee as to the administration and management of the Litigation Trust in accordance with (i) the Plan, the Confirmation Order, and this Agreement, and (ii) the Litigation Trustee's and the Litigation Trust Advisory Board's fiduciary duties, and shall have the other responsibilities and powers as set forth herein. The Litigation Trust Advisory Board shall have the authority and responsibility to provide Direction with respect to the activities of the Litigation Trust and the performance of the Litigation Trustee and shall have the authority to remove the Litigation Trustee in accordance with Section 4.4 hereof; *provided*, *however*, that the Litigation Trust Advisory Board may not provide Direction to the Litigation Trustee or the Members to act inconsistently with their duties under the Plan, the Confirmation Order, this Agreement, or their fiduciary obligations to the Litigation Trust Beneficiaries; *provided*, *further*, that the Litigation Trust Class A Trust Representative shall not have the authority to provide Direction to the Litigation Trustee with respect to any Litigation Claims to which only holders of Litigation Trust Class B Interests are entitled to proceeds, as set forth in Section 3.5(a) of this Agreement. Notwithstanding anything to the contrary herein, the Litigation Trust Class A Trust Representative shall receive notice of and a reasonable opportunity to attend all meetings of the Litigation Trust Advisory Board.

(b) The Litigation Trustee shall consult with and provide information to the Litigation Trust Advisory Board in accordance with and pursuant to the terms of the Plan, the Confirmation Order, and this Agreement to enable the Litigation Trust Advisory Board to meet its obligations hereunder.

(c) Notwithstanding any provision of this Agreement to the contrary, the Litigation Trustee shall not be required to (i) obtain the Direction of the Litigation Trust Advisory Board to the extent that the Litigation Trust Advisory Board has not provided Direction to the Litigation Trustee to take any action that the Litigation Trustee, in good faith, reasonably determines, based on the advice of legal counsel, is required to be taken by applicable law; or (ii) follow the Direction of the Litigation Trust Advisory Board to the extent that the Litigation Trust Advisory Board provides Direction to the Litigation Trustee to take action that the Litigation Trustee, in good faith, reasonably determines, based on the advice of legal counsel, is prohibited by applicable law or by the Litigation Trustee's fiduciary obligations. Subject to the provisions in this Section 5.2(c) above, the Litigation Trustee shall be required to follow the Direction of the Litigation Trust Advisory Board.

5.3 Fiduciary Duties. The Members shall have fiduciary duties to the Litigation Trust and the Litigation Trust Beneficiaries to the same extent that a director or officer of a Delaware corporation owes fiduciary duties to such corporation. In all circumstances, the Litigation Trust Advisory Board shall act in good faith and in the best interests of the Litigation Trust Beneficiaries and in furtherance of the purpose of the Litigation Trust.

5.4 Meetings of the Litigation Trust Advisory Board. Meetings of the Litigation Trust Advisory Board are to be held not less often than quarterly. Special meetings of the Litigation Trust Advisory Board may be held whenever and wherever called for by the Litigation Trustee or any Member; *provided*, *however*, that notice of any such meeting shall be duly given in writing no less than 48 hours prior to such meeting (such notice being subject to waiver by the Members). Any action required or permitted to be taken by the Litigation Trust Advisory Board at a meeting may be taken without a meeting if the action is taken by unanimous written consent of the Litigation Trust Advisory Board as evidenced by one or more writings describing the action taken, signed by all Members and recorded in the minutes, if any, or other transcript, if any, of proceedings of the Litigation Trust Advisory Board. Unless the Litigation Trust Advisory Board decides otherwise (which decision shall rest in the reasonable discretion of the Litigation Trust Advisory Board), the Litigation Trustee and the Litigation Trustee's advisors may, but are not required to, attend meetings of the Litigation Trust Advisory Board.

5.5 Manner of Acting.

(a) All meetings of the Litigation Trust Advisory Board shall consist of all Members. The affirmative vote of a majority of the Members present at a duly called meeting at which all Members are present throughout shall be the act of the Litigation Trust Advisory Board except as provided in this Agreement. Any or all of the Members may participate in a regular or special meeting by, or conduct the meeting through the use of, conference telephone or similar communications equipment by means of which all Persons participating in the meeting may hear each other, in which case any required notice of such meeting may generally describe the arrangements (rather than or in addition to the place) for the holding thereof. Any Member participating in a meeting by these means is deemed to be present in person at the meeting. Voting (including on negative notice) may, if approved by the Members at a meeting, be conducted by electronic mail or individual communications by the Litigation Trustee and each Member.

(b) Notwithstanding anything to the contrary herein, if a Member lacks authority to provide Direction to the Litigation Trustee pursuant to Section 5.2(a) of this Agreement, a meeting of the Litigation Trust Advisory Board may be held with a quorum consisting of those Members who have authority to provide Direction pursuant to Section 5.2(a); *provided*, *however*, that all Members must be provided notice of and a reasonable opportunity to attend all meetings of the Litigation Trust Advisory Board.

(c) Any Member who is present and entitled to vote at a meeting of the Litigation Trust Advisory Board (including any meeting of the Litigation Trustee and the Litigation Trust Advisory Board) when action is taken is deemed to have assented to the action taken, subject to the requisite vote of the Litigation Trust Advisory Board, unless: (i) such Member of the Litigation Trust Advisory Board objects at the beginning of the meeting (or

promptly upon his/her arrival) to holding or transacting business at the meeting; (ii) his/her dissent or abstention from the action taken is entered in the minutes of the meeting; or (iii) he/she delivers written notice (including by electronic or facsimile transmission) of his/her dissent or abstention to the Litigation Trust Advisory Board before its adjournment. The right of dissent or abstention is not available to any Member of the Litigation Trust Advisory Board who votes in favor of the action taken.

(d) Prior to the taking of a vote on any matter or issue or the taking of any action with respect to any matter or issue, each Member shall report to the Litigation Trust Advisory Board any conflict of interest such Member has or may have with respect to the matter or issue at hand and fully disclose the nature of such conflict or potential conflict (including disclosing any and all financial or other pecuniary interests that such Member may have with respect to or in connection with such matter or issue, other than solely as a holder of Litigation Trust Interests). With respect to a Member who, has or may have a conflict of interest whereby such Member's interests are adverse to the interests of the Litigation Trust (a "Conflicted Member"): (i) such Member shall not be entitled to vote or take part in any action with respect to such matter or issue; (ii) the vote or action with respect to such matter or issue shall be undertaken only by Members of the Litigation Trust Advisory Board who are not Conflicted Members; and (iii) notwithstanding anything contained herein to the contrary, the affirmative vote of only a majority of the Members who are not Conflicted Members shall be required to approve of such matter or issue and the same shall be the act of the Litigation Trust Advisory Board; *provided*, *however*, that a conflict or potential conflict will not exist merely because (i) a Member has an economic interest in, or business or commercial relationship with, the party who appointed that Member, or has an economic interest in the outcome of such matter or issue; or (ii) a Member, or a party who appoints a Member (or one of their affiliates, units, groups, divisions, or desks), in the ordinary course of business has trading, lending, commercial banking, investment banking, asset management, brokerage activities, or other similar relationships with parties who may be the subject of Litigation Claims, provided that appropriate barriers are put in place to protect against the sharing of confidential information and potential conflicts of interest, and to maintain compliance with any applicable securities laws. For the avoidance of doubt, and notwithstanding anything to the contrary herein, nothing in this Agreement shall impose any obligations on any affiliate, unit, group, division or desk of a Member or a party who appoints a Member.

5.6 Tenure of the Members of the Litigation Trust Advisory Board. The authority of the Members will be effective as of the Effective Date and will remain and continue in full force and effect until the Litigation Trust is terminated in accordance with Section 8.1 hereof. Each Member will serve until such Member's successor is duly appointed or until such Member's earlier death or resignation pursuant to Section 5.7 below, or removal pursuant to Section 5.8 below.

5.7 Resignation. A Member may resign by giving not less than ninety (90) days' prior written notice thereof to the Litigation Trustee and the other Members. Such resignation shall become effective on the later to occur of: (i) the day specified in such notice; and (ii) the appointment of a successor in accordance with Section 5.9 below.

5.8 Removal. A majority of the Litigation Trust Advisory Board may remove any Member for Cause. Notwithstanding the foregoing, upon the occurrence of the Termination Date (as defined in Section 8.1 below), any or all of the Members shall be deemed to have resigned. For purposes of Section 4.4 and this Section 5.8, "Cause" shall mean (i) a Person's willful failure to perform his material duties hereunder (including with respect to a Member or, to the extent applicable, the Litigation Trustee, regular attendance at meetings of the Litigation Trust Advisory Board) that is not remedied within thirty (30) days' notice; (ii) a Person's commission of an act of fraud, theft, or embezzlement during the performance of his duties hereunder; (iii) a Person's conviction of a felony with all appeals having been exhausted or appeal periods lapsed; or (iv) a Person's gross negligence, bad faith, willful misconduct, or knowing violation of law in the performance of his or her duties hereunder.

5.9 Appointment of a Successor Member.

(a) In the event of a vacancy on the Litigation Trust Advisory Board (whether by removal, death or resignation), a new Member may be appointed to fill such position either by (i) in the case of a Litigation Trust Class B Representative, a simple majority of the holders of Litigation Trust Class B Interests participating in such vote; or (ii) in the case of a Litigation Trust Class A Trust Representative, a simple majority of the holders of Litigation Trust Class A Interests participating in such vote. The appointment of a successor Member will be further evidenced by the Litigation Trustee's filing with the Bankruptcy Court and posting on the Litigation Trustee's website of a notice of appointment, which notice will include the name, address, and telephone number of the successor Member.

(b) Immediately upon the appointment of any successor Member, all rights, powers, duties, authority, and privileges of the predecessor Member hereunder will be vested in and undertaken by the successor Member without any further act, and such successor Member will not be liable personally for any act or omission of the predecessor Member.

(c) Every successor Member appointed hereunder shall execute, acknowledge and deliver to the Litigation Trustee and other Members an instrument accepting the appointment under this Agreement and agreeing to be bound thereto, and thereupon the successor Member without any further act, deed, or conveyance, shall become vested with all rights, powers, trusts, and duties of the retiring Member.

5.10 Compensation and Reimbursement of Expenses. Each Member shall be compensated from the Litigation Trust Fund for his or her time expended in Litigation Trust matters as provided on Exhibit C. The Litigation Trustee will reimburse the Members from the Litigation Trust Fund for all reasonable and documented out-of-pocket expenses incurred by the Members in connection with the performance of each of their duties hereunder.

5.11 Confidentiality. Each Member shall, during the period that such Member serves as a Member under this Agreement and following the termination of this Agreement or following such Member's removal or resignation, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any Person to which any of the Litigation Trust Assets relates or of which such Member has become aware in the Member's capacity as a Member, except as otherwise required by law.

## ARTICLE VI
## LIABILITY AND INDEMNIFICATION

6.1 No Further Liability. Each of the Litigation Trustee, the Members, and their representatives shall have no liability for any actions or omissions in accordance with this Agreement or with respect to the Litigation Trust unless arising out of each such Person's own fraud, self-dealing, intentional misrepresentation, willful misconduct, breach of the fiduciary duty of loyalty, or gross negligence. In performing its duties under this Agreement, the Litigation Trustee, the Members and their representatives (as applicable) shall have no liability for any action taken by each such Person in accordance with the advice of counsel, accountants, appraisers, and/or other professionals retained by the Members or the Litigation Trustee. Without limiting the generality of the foregoing, the Litigation Trustee, the Members and their representatives may rely without independent investigation on copies of orders of the Bankruptcy Court reasonably believed by such Person to be genuine and shall have no liability for actions taken in reliance thereon. None of the provisions of this Agreement shall require the Litigation Trustee, the Members, or their representatives to expend or risk their own funds or otherwise incur personal financial liability in the performance of any of their duties hereunder or in the exercise of any of their rights and powers. Each of the Litigation Trustee, the Members, and their representatives may rely without inquiry upon writings delivered to such Person pursuant to the Plan or the Confirmation Order that such Person reasonably believes to be genuine and to have been properly given. Notwithstanding the foregoing, nothing in this Section 6.1 shall relieve the Litigation Trustee, the Members, or their representatives from any liability for any actions or omissions arising out of such Person's fraud, self-dealing, intentional misrepresentation, willful misconduct, breach of the fiduciary duty of loyalty, or gross negligence. Any action taken or omitted to be taken in the case of the Litigation Trustee or the Litigation Trust Advisory Board with the express approval of the Bankruptcy Court and, in the case of the Litigation Trustee, with the prior written consent or Direction of the Litigation Trust Advisory Board, will conclusively be deemed not to constitute fraud, self-dealing, intentional misrepresentation, willful misconduct, breach of fiduciary duty, or gross negligence. No termination of this Agreement or amendment, modification, or repeal of this Section 6.1 shall adversely affect any right or protection of the Litigation Trustee, the Members of the Litigation Trust Advisory Board, or their respective designees, professional agents, or representatives that exist at the time of such amendment, modification, or repeal.

6.2 Indemnification of the Litigation Trustee and Litigation Trust Advisory Board.

(a) From and after the Effective Date, each of the Litigation Trustee, the Litigation Trust, the Litigation Trust Advisory Board, the professionals of the Litigation Trust, and their representatives (each, a "Litigation Trust Indemnified Party" and collectively, the "Litigation Trust Indemnified Parties") shall be, and hereby is, indemnified by the Litigation Trust, to the fullest extent permitted by applicable law, from and against any and all Claims, debts, dues, accounts, actions, suits, Causes of Action, bonds, covenants, judgments, damages, attorneys' fees, defense costs, and other assertions of liability arising out of any such Litigation Trust Indemnified Party's exercise of what such Litigation Trust Indemnified Party reasonably understands to be its powers or the discharge of what such Litigation Trust Indemnified Party reasonably understands to be its duties conferred by the Plan, the Confirmation Order, or this Agreement, any order of the Bankruptcy Court entered pursuant to, or in furtherance of, the Plan,

applicable law, or otherwise (except only for actions or omissions to act to the extent ultimately determined by a Final Order to be due to such Litigation Trust Indemnified Party's own fraud, self-dealing, intentional misrepresentation, willful misconduct, gross negligence, or breach of the fiduciary duty of loyalty on and after the Effective Date). The foregoing indemnification shall also extend to matters directly or indirectly in connection with, arising out of, based on, or in any way related to: (i) this Agreement; (ii) the services to be rendered pursuant to this Agreement; (iii) any document or information, whether oral or written, referred to herein or supplied to the Litigation Trustee; or (iv) proceedings against any Litigation Trust Assets by or on behalf of any creditor. The Litigation Trustee shall, on demand, advance or pay promptly, at the election of the Litigation Trust Indemnified Party, solely out of the Litigation Trust Assets, on behalf of each Litigation Trust Indemnified Party, attorneys' fees and other expenses and disbursements to which such Litigation Trust Indemnified Party would be entitled pursuant to the foregoing indemnification provision; *provided*, *however*, that any Litigation Trust Indemnified Party receiving any such advance shall execute a written undertaking to repay such advance if a court of competent jurisdiction ultimately determines, by Final Order, that such Litigation Trust Indemnified Party is not entitled to indemnification hereunder due to such Person's own fraud, self-dealing, intentional misrepresentation, willful misconduct, gross negligence, or breach of the fiduciary duty of loyalty. Any indemnification Claim of a Litigation Trust Indemnified Party shall be entitled to a priority distribution from the Litigation Trust Assets, ahead of the Litigation Trust Interests and any other Claim to or Interest in such assets. In any matter covered by the first two sentences of this subsection, any party entitled to indemnification shall have the right to employ such party's own separate counsel, at the Litigation Trust's expense, subject to the foregoing terms and conditions. In addition, the Litigation Trustee shall purchase insurance coverage, including liability insurance covering the Litigation Trustee and its Members using funds from the Litigation Trust Assets for the benefit of the Litigation Trustee and the Members. The indemnification provided under this Section 6.2 shall survive the death, dissolution, resignation, or removal, as may be applicable, of the Litigation Trustee, the Litigation Trust Advisory Board, any Member, or any other Litigation Trust Indemnified Party and shall inure to the benefit of the Litigation Trustee's, each Member's, and each other Litigation Trust Indemnified Party's respective heirs, successors, and assigns.

(b) The foregoing indemnity in respect of any Litigation Trust Indemnified Party shall survive the termination of such Litigation Trust Indemnified Party from the capacity for which such party is indemnified. Termination or modification of this Agreement shall not affect any indemnification rights or obligations set forth herein.

(c) The Litigation Trustee may, at the Direction of the Litigation Trust Advisory Board, indemnify any Person who is not a Litigation Trust Indemnified Party for any loss, cost, damage, expense, or liability for which a Litigation Trust Indemnified Party would be entitled to mandatory indemnification under this Section 6.2.

(d) Any Litigation Trust Indemnified Party may waive the benefits of indemnification under this Section 6.2, but only by an instrument in writing executed by such Litigation Trust Indemnified Party.

(e) The rights to indemnification under this Section 6.2 are not exclusive of other rights which any Litigation Trust Indemnified Party may otherwise have at law or in

equity, including common law rights to indemnification or contribution. Nothing in this Section 6.2 will affect the rights or obligations of any Person (or the limitations on those rights or obligations) under any other agreement or instrument to which that Person is a party. For the avoidance of doubt, each Litigation Trust Indemnified Party shall be entitled, subject to the terms hereof, to indemnification for any costs and attorneys' fees such Litigation Trust Indemnified Party may incur in connection with enforcing any of its rights under this Article VI.

6.3 Litigation Trust Liabilities. All liabilities of the Litigation Trust, including indemnity obligations under Section 6.2 of this Agreement, will be liabilities of the Litigation Trust as an Entity and will be paid or satisfied from the Litigation Trust Assets and paid on a priority basis. No liability of the Litigation Trust will be payable in whole or in part by any Litigation Trust Beneficiary individually or in the Litigation Trust Beneficiary's capacity as a Litigation Trust Beneficiary, by the Litigation Trustee individually or in the Litigation Trustee's capacity as Litigation Trustee, by any Member individually or in the Member's capacity as Member, or by any representative, member, partner, shareholder, director, officer, professional, employees, agent, affiliate, or advisor of any Litigation Trust Beneficiary, any Member, the Litigation Trustee, or their respective affiliates.

6.4 Limitation of Liability. None of the Litigation Trust Indemnified Parties shall be liable for indirect, punitive, exemplary, consequential, special, or other damages for a breach of this Agreement under any circumstances.

6.5 Burden of Proof. In making a determination with respect to entitlement to exculpation or indemnification hereunder, the court, Person, or Entity making such determination shall presume that any Litigation Trust Indemnified Party is entitled to exculpation and indemnification under this Agreement and any Person seeking to overcome such presumption shall have the burden of proof to overcome that presumption.

## ARTICLE VII
## TAX MATTERS

7.1 Treatment of Litigation Trust Assets Transfer. Subject to definitive guidance from the Internal Revenue Service or a court of competent jurisdiction to the contrary (including the receipt of an adverse determination by the Internal Revenue Service upon audit if not contested by such Litigation Trustee) for all U.S. federal income tax purposes, all parties (including the Remington Entities, the Litigation Trustee, and the Litigation Trust Beneficiaries) shall treat the transfer of the Litigation Trust Assets to the Litigation Trust for the benefit of the Litigation Trust Beneficiaries, whether their Claims are Allowed on or after the Effective Date, including any amounts or other assets subsequently transferred to the Litigation Trust (but only at such time as actually transferred) as (i) a transfer of the Litigation Trust Assets (subject to any obligations relating to such Litigation Trust Assets) directly to the Litigation Trust Beneficiaries; followed by (ii) the transfer by the Litigation Trust Beneficiaries to the Litigation Trust of the Litigation Trust Assets in exchange for Litigation Trust Interests. Accordingly, except in the event of contrary definitive guidance, the Litigation Trust Beneficiaries shall be treated for U.S. federal income tax purposes as the grantors and owners of their respective share of the Litigation Trust Assets. The foregoing treatment shall also apply, to the extent permitted by applicable law, for state and local income tax purposes.

7.2 Tax Reporting.

(a) The "taxable year" of the Litigation Trust shall be the "calendar year" as such terms are defined in section 441 of the IRC. The Litigation Trustee shall file tax returns for the Litigation Trust treating the Litigation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a) and in accordance with this Section 7.2 and Article VI.B of the Plan. The Litigation Trustee also will annually send to each Litigation Trust Beneficiary a separate statement setting forth such holder's share of items of income, gain, loss, deduction, or credit (including the receipts and expenditures of the Litigation Trust) as relevant for U.S. federal income tax purposes and will instruct all such Litigation Trust Beneficiaries to use such information in preparing their U.S. federal income tax returns or to forward the appropriate information to such Litigation Trust Beneficiary's underlying beneficial holders with instructions to utilize such information in preparing their U.S. federal income tax returns. The Litigation Trustee shall also file (or cause to be filed) any other statement, return, or disclosure relating to the Litigation Trust that is required by any governmental unit.

(b) Allocations of Litigation Trust taxable income among the Litigation Trust Beneficiaries shall be determined by reference to the manner in which an amount of Cash equal to such taxable income would be distributed (were such Cash permitted to be distributed at such time, and without regard to any restrictions on distributions set forth in the Plan or this Agreement) if, immediately prior to such deemed distribution, the Litigation Trust had distributed all its assets (valued at their tax book value) to the Litigation Trust Beneficiaries, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Litigation Trust. Similarly, taxable loss of the Litigation Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidating distribution of the remaining Litigation Trust Assets. The tax book value of the Litigation Trust Assets for purposes of this Section 7.2(b) shall equal their fair market value on the Effective Date, adjusted in accordance with tax accounting principles prescribed by the IRC, the applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

(c) The Litigation Trustee shall be responsible for payment, out of the Litigation Trust Assets, of any Taxes imposed on the Litigation Trust or the Litigation Trust Assets.

7.3 Withholding of Taxes. The Litigation Trustee shall withhold and pay to the appropriate Tax Authority all amounts required to be withheld pursuant to the IRC or any provision of any foreign, state, or local tax law with respect to any payment or distribution to the Litigation Trust Beneficiaries. All such amounts withheld and paid to the appropriate Tax Authority shall be treated as amounts distributed to such Litigation Trust Beneficiaries for all purposes of this Agreement. The Litigation Trustee shall be authorized to collect such tax information from the Litigation Trust Beneficiaries (including social security numbers or other tax identification numbers) as it, in its sole discretion, deems necessary to effectuate the Plan, the Confirmation Order, and this Agreement. In order to receive distributions under the Plan, all Litigation Trust Beneficiaries will need to identify themselves to the Litigation Trustee and provide tax information and the specifics of their holdings, to the extent the Litigation Trustee deems appropriate, including a taxpayer identification number ("TIN") as assigned by the

Internal Revenue Service or, in the case of Litigation Trust Beneficiaries that are not United States persons for federal income tax purposes, certification of foreign status on Internal Revenue Service Form W-8BEN, W-8BEN-E, or W-8ECI. This identification requirement may, in certain cases, extend to holders who hold their securities in street name. The Litigation Trustee may refuse to make a distribution to any Litigation Trust Beneficiary that fails to furnish such information in a timely fashion, until such information is delivered; *provided*, *however*, that, upon the delivery of such information by a Litigation Trust Beneficiary, the Litigation Trustee shall make such distribution to which the Litigation Trust Beneficiary is entitled, without interest.

7.4 Valuation. The valuation of the Litigation Trust Assets prepared pursuant to Article VI.C.5 of the Plan and Section 1.8 of this Agreement shall be used consistently by all parties (including the Litigation Trust) for all federal income tax purposes. The Litigation Trust also shall file (or cause to be filed) any other statements, returns, or disclosures relating to the Litigation Trust that are required by any governmental unit.

7.5 Expedited Determination of Taxes. The Litigation Trustee may request an expedited determination of taxes of the Litigation Trust under section 505(b) of the Bankruptcy Code for all returns filed for, or on behalf of, the Litigation Trust for all taxable periods through the termination of the Litigation Trust.

7.6 Foreign Tax Matters. The Litigation Trustee shall duly comply on a timely basis with all obligations, and satisfy all liabilities, imposed on the Litigation Trustee or the Litigation Trust under non-United States law relating to Taxes. The Litigation Trustee, or any other legal representative of the Litigation Trust, shall not distribute the Litigation Trust Assets or proceeds thereof without having first obtained all certificates required to have been obtained under applicable non-United States law relating to Taxes.

## ARTICLE VIII
## TERMINATION OF LITIGATION TRUST

8.1 Termination. The Litigation Trust Advisory Board and the Litigation Trust shall be dissolved at such time as (i) all of the Litigation Trust Assets have been distributed pursuant to the Plan and this Agreement; or (ii) the Litigation Trust Advisory Board determines that the administration of any remaining Litigation Trust Assets is not likely to yield sufficient additional Litigation Trust proceeds to justify further pursuit; *provided*, *however*, that in no event shall the Litigation Trust be dissolved later than five years from the Effective Date unless the Litigation Trust Advisory Board determines that a fixed period extension (not to exceed three years, including any prior extensions, without a favorable private letter ruling from the Internal Revenue Service or an opinion of counsel satisfactory to the Litigation Trust Advisory Board that any further extension would not adversely affect the status of the Litigation Trust as a liquidating trust for U.S. federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the Litigation Trust Assets. If at any time the Litigation Trust Advisory Board determines, in reliance upon such professionals as the Litigation Trust Advisory Board may retain, that the expense of administering the Litigation Trust so as to make a final distribution to the Litigation Trust Beneficiaries is likely to exceed the value of the assets remaining in the Litigation Trust, the Litigation Trustee, at the Direction of the Litigation Trust

Advisory Board, may apply to the Bankruptcy Court for authority to (i) reserve any amount necessary to dissolve the Litigation Trust; (ii) donate any balance to a charitable organization (A) described in section 501(c)(3) of the IRC, (B) exempt from U.S. federal income tax under section 501(a) of the IRC, (C) not a "private foundation," as defined in section 509(a) of the IRC, and (D) that is unrelated to the Remington Entities, the Litigation Trust, and any insider of the Litigation Trustee; and (iii) dissolve the Litigation Trust. Such date upon which the Litigation Trust shall finally be dissolved shall be referred to herein as the "Termination Date."

(a) Notwithstanding the foregoing, multiple extensions can be effectuated as long as the Litigation Trust Advisory Board determines that each such extension is necessary at least ninety (90) days prior to the expiration of each extended term; *provided*, *however*, that in no event shall the term of the Litigation Trust extend past ten years from the Effective Date.

(b) In the event a Cash balance exists in the Litigation Trust Fund upon termination of the Litigation Trust, (i) if holders of the Litigation Trust Class B Interests have not received, or have only received a portion of, the Initial Distribution contemplated by Article VI.H of the Plan, the difference between $5,000,000 and the portion of the Initial Distribution the holders of Litigation Trust Class B Interests have received shall be distributed to holders of the Litigation Trust Class B Interests, and (ii) any remaining balance shall be shared equally by holders of the Litigation Trust Class A Interests and Litigation Trust Class B Interests.

8.2 Continuance of Litigation Trust for Winding Up. After the termination of the Litigation Trust and solely for the purpose of liquidating and winding up the affairs of the Litigation Trust, the Litigation Trustee shall continue to act as such until its duties have been fully performed and shall continue to be entitled to receive the fees called for by Section 4.2(a) hereof. Upon distribution of all the Litigation Trust Assets, the Litigation Trustee shall retain the books, records, and files that shall have been delivered or created by the Litigation Trustee. At the Litigation Trust Advisory Board's discretion, all of such records and documents may be destroyed no earlier than two years following the date of final distribution of Litigation Trust Assets as the Litigation Trust Advisory Board deems appropriate (unless such records and documents are necessary to fulfill the Litigation Trustee's obligations hereunder) subject to the terms of any joint prosecution and common interest agreement(s) to which the Litigation Trustee may be a party. Except as otherwise specifically provided herein, upon the final distribution of Litigation Trust Assets, the Litigation Trustee shall be deemed discharged and have no further duties or obligations hereunder, except to account to the Litigation Trust Beneficiaries as provided herein, the Litigation Trust Interests shall be cancelled, and the Litigation Trust will be deemed to have dissolved.

## ARTICLE IX
## AMENDMENT AND WAIVER

9.1 Subject to Sections 9.2 and 9.3 of this Agreement, the Litigation Trustee, at the Direction of the Litigation Trust Advisory Board, may seek Bankruptcy Court approval of any amendment, supplement, or waiver with respect to any provision of this Agreement; *provided*, *however*, that any such amendment, supplement, or waiver shall not be inconsistent with the terms of the Plan or the Confirmation Order.

9.2 If the Litigation Trustee desires to amend or waive any substantive provision of this Agreement but has not received the Direction of the Litigation Trust Advisory Board to do so, the Litigation Trustee may file a motion with the Bankruptcy Court that sets forth the Litigation Trustee's basis for why such amendment or waiver is necessary and identifies those Member(s) of the Litigation Trust Advisory Board who oppose such amendment or waiver and such Member's asserted reason for opposing such amendment or waiver. Any Member who opposes such amendment or waiver may file an objection with the Bankruptcy Court setting forth why such amendment or waiver should not be approved and, if the Bankruptcy Court denies the Litigation Trustee's request for such amendment or waiver based in whole or in part on such Member's objection, such Member shall be reimbursed by the Litigation Trust for its expenses, including professional fees, incurred in connection with such opposition.

9.3 Notwithstanding Section 9.1 of this Agreement, no amendment, supplement or waiver of or to this Agreement shall (a) adversely affect the payments and/or distributions to be made under the Plan or this Agreement; (b) adversely affect the U.S. federal income tax status of the Litigation Trust as a "liquidating trust"; (c) be inconsistent with the purpose and intention of the Litigation Trust to liquidate in an expeditious but orderly manner the Litigation Trust Assets in accordance with Treasury Regulation section 301.7701-4(d); or (d) negate the fiduciary obligations established in Sections 3.2 and 5.3 of this Agreement or the provision in Section 3.5(a) regarding the causes of action that do not belong solely to ROC.

## ARTICLE X
## MISCELLANEOUS PROVISIONS

10.1 Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware (without reference to principles of conflicts of law thereof).

10.2 Jurisdiction. Subject to the proviso below, the parties agree that the Bankruptcy Court shall have exclusive jurisdiction over disputes arising out of the formation or initial implementation of the Litigation Trust Agreement or the transfer of the Litigation Trust Assets to the Litigation Trust on the Effective Date; *provided*, *however*, notwithstanding the foregoing, the Bankruptcy Court shall not have jurisdiction to hear disputes regarding the removal of the Litigation Trustee; *provided*, *further*, that notwithstanding the foregoing, the Litigation Trustee, at the Direction of the Litigation Trust Advisory Board, shall have power and authority to bring any action in any court of competent jurisdiction to prosecute any of the Litigation Claims. For the avoidance of doubt, nothing in Article XII of the Plan shall be deemed to confer a broader grant of jurisdiction on the Bankruptcy Court than that set forth in this Section 10.2.

10.3 Severability. In the event any provision of this Agreement or the application thereof to any person or circumstances shall be determined by Final Order to be invalid or unenforceable to any extent, the remainder of this Agreement or the application of such provision to persons or circumstances or in jurisdictions other than those as to or in which it is held invalid or unenforceable, shall not be affected thereby, and each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

10.4 Notices. Any notice or other communication required or permitted to be made under this Agreement shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered personally, by facsimile, by electronic communication, or by nationally recognized overnight delivery service or mailed by first-class mail. The date of receipt of such notice shall be the earliest of (a) the date of actual receipt by the receiving party; (b) the date of personal delivery (or refusal upon presentation for delivery); (c) the date of the transmission confirmation; or (d) three Business Days after service by first-class mail, to the receiving party's below address(es):

(i) if to the Litigation Trustee, to:

Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Attn: Susheel Kirpalani, Esq.

(ii) if to any Litigation Trust Beneficiary, (i) to its authorized designee for purposes of distributions to be made under the Plan; or (ii) to its last-known address according to the Litigation Trustee's records;

(iii) if to a Member of the Litigation Trust Advisory Board, to the applicable address(es) set forth on Exhibit A.

(iv) if to the Remington Entities, to:

Remington Outdoor Company, Inc.
870 Remington Drive
P.O. Box 700 Madison, NC 27025-0700
Attn: Stephen P. Jackson, Jr.
E-mail Address: steve.jackson@remington.com

With a copy to:

Milbank Tweed Hadley & McCloy LLP
28 Liberty Street
New York, NY 10005-1413601
Attn: Gregory A. Bray, Esq. and Alan J. Stone, Esq.
E-mail Address: gbray@milbank.com; astone@milbank.com

and

Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor

Wilmington, DE 19801
Attn: Laura Davis Jones, Esq.
E-mail Address: ljones@pszjlaw.com

10.5 Headings. The headings contained in this Agreement are solely for convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

10.6 Plan and Confirmation Order. The terms of this Agreement are intended to supplement the terms provided by Article VI of the Plan and the Confirmation Order. Accordingly, in the event of any direct conflict or inconsistency between any provision of this Agreement, on the one hand, and the provisions of Article VI of the Plan and the Confirmation Order, on the other hand, the provisions of this Agreement, as applicable, shall govern and control.

10.7 Entire Agreement. This Agreement and the exhibits attached hereto contain the entire agreement between the parties and supersede all prior and contemporaneous agreements or understandings between the parties with respect to the subject matter hereof.

10.8 Meanings of Other Terms. Except where the context otherwise requires, words importing the masculine gender include the feminine and the neuter, if appropriate, words importing the singular number shall include the plural number and vice versa, and words importing persons shall include firms, associations, corporations, and other entities. All references herein to Articles, Sections, and other subdivisions, unless referring specifically to the Plan or provisions of the Bankruptcy Code, the Bankruptcy Rules, or other law, statute, or regulation, refer to the corresponding Articles, Sections, and other subdivisions of this Agreement, and the words "herein," "hereof," or "herewith" and words of similar import refer to this Agreement as a whole and not to any particular Article, Section, or subdivision of this Agreement. The term "including" shall mean "including, without limitation."

10.9 Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same instrument. A facsimile or electronic mail signature of any party shall be considered to have the same binding legal effect as an original signature.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement or caused this Agreement to be duly executed by their respective officers, representatives, or agents, effective as of the date first above written.

Remington Outdoor Company, Inc.

By:___
Name:
Title:

[Board Member]

By:___
Name:
Title:

[Board Member]

By:___
Name:
Title:

[Witness]

By:___
Name:
Title:

[Litigation Trustee]

By:___
Name:
Title:

[Board Member]

By:___
Name:
Title:

[Witness]

By:___
Name:
Title:

# EXHIBIT A

## Initial Members of the Litigation Trust Advisory Board

| Name | Organization | Title |
|---|---|---|
| | | |
| | | |
| | | |

# EXHIBIT B

## Compensation of Litigation Trustee

| Professional | Compensation |
|---|---|
| | $[ ]/hour |
| | |
| | |
| | |
| | |

# EXHIBIT C

## Compensation and Reimbursement of Expenses of Litigation Trust Advisory Board

**Fees**

At the Direction of the Litigation Trust Advisory Board, each Member shall receive nominal annual compensation from the Litigation Trust Fund in connection with the performance of such Member's duties under this Agreement.

**Expenses**

The Litigation Trustee will reimburse the Members from the Litigation Trust Fund for all reasonable and documented out-of-pocket expenses incurred by the Members in connection with the performance of each of their duties under this Agreement.