**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>REMINGTON OUTDOOR COMPANY, INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10684 (BLS)<br>(Jointly Administered)<br><br>Hearing Date: May 23, 2018 at 11:00 a.m.<br>Obj. Deadline: May 14, 2018 at 4:00 p.m. |

**MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF FOX ROTHSCHILD LLP AS ATTORNEYS
FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014
AND DEL. BANKR. L.R. 2014-1, EFFECTIVE AS OF APRIL 16, 2018**

The Official Committee of Unsecured Creditors (the "Committee") of Remington Outdoor Company, Inc., *et al*. (the "Debtors"), requests the entry of an order authorizing the retention and employment of the law firm of Fox Rothschild LLP ("Fox Rothschild") as attorneys for the Committee, effective as of April 16, 2018, pursuant to 11 U.S.C. §§ 328(a) and 1103, Fed. R. Bankr. P. 2014 and Del. Bankr. L.R. 2014-1 (the "Motion"). In support of this Motion, the Committee submits the Affidavit of Michael G. Menkowitz, Esquire (the "Menkowitz Affidavit"), which is attached hereto as **Exhibit A**, and incorporated by reference herein, and respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The principal offices of Debtor Remington Outdoor Company, Inc., the top-level holding company, are located at 870 Remington Drive, Madison, NC 27025.

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 328 and 1103 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4. On March 25, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. On April 9, 2018, the Office of the United States Trustee appointed the Committee to represent the interests of all unsecured creditors in these cases, pursuant to Section 1102 of the Bankruptcy Code.

6. Following its organizational meeting, the Committee selected, subject to Bankruptcy Court approval, Fox Rothschild as its attorneys in these chapter 11 cases.

## RELIEF REQUESTED

7. By this Motion, pursuant to 11 U.S.C. §§ 328(a) and 1103(a), Fed. R. Bankr. P. 2014, and Del. Bankr. L.R. 2014-1, the Committee seeks to retain and employ Fox Rothschild as its attorneys, effective as of April 16, 2018, the date Fox Rothschild commenced its services for the Committee.

## BASIS FOR RELIEF REQUESTED

8. Section 328(a) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.
> 11 U.S.C. § 328(a).

9. Section 1103(a) of the Bankruptcy Code provides, in relevant part, as follows:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committees.
>
> 11 U.S.C. §1103(a).

10. Rule 2014(a) of the Federal Rules of Bankruptcy Procedure provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. Bankr. R. P. 2014(a).

11.     The Committee seeks to employ and retain Fox Rothschild in connection with these chapter 11 cases because: (a) Fox Rothschild has extensive experience and knowledge in the field of debtors' and creditors' rights; (b) the Committee believes that Fox Rothschild is well qualified to represent the Committee in these chapter 11 cases; and (c) Fox Rothschild's bankruptcy and restructuring attorneys have developed a familiarity with the Debtors' business and affairs and many of the potential legal issues which may arise in the context of these chapter 11 cases.  Fox Rothschild will provide its expertise with respect to bankruptcy-related issues (as well as non-bankruptcy related issues) and will act as general bankruptcy counsel for the Committee.

12.     The professional services that Fox Rothschild will provide to the Committee include, but shall not be limited to, the following:

a. Assist, advise and represent the Committee with respect to the administration of these cases and the exercise of oversight with respect to the Debtors' affairs, including all issues arising from or impacting the Debtors, the Committee, or these chapter 11 cases;

b. provide all necessary legal advice with respect to the Committee's powers and duties;

c. assist the Committee in maximizing the value of the Debtors' assets for the benefit of all creditors;

d. participate in the formulation of and negotiation of a plan of reorganization and/or liquidation and approval of an associated disclosure statement;

e. investigate the acts, conduct, assets, liabilities, and financial condition of the Debtors, the operation of the Debtors' business and any other matter relevant to the chapter 11 cases or to the formulation of a plan;

f. commence and prosecute any and all necessary and appropriate actions and/or proceedings on behalf of the Committee that may be relevant to these cases;

g. prepare on behalf of the Committee all necessary applications, motions, answers, orders, reports and other legal papers;

h. communicate with the Committee's constituents and others as the Committee may consider desirable in furtherance of its responsibilities;

i. to appear in Bankruptcy Court and protect the interest of the Committee; and

j. to perform all other legal services for the Committee which may be appropriate, necessary and proper in these chapter 11 cases.

13. Subject to Bankruptcy Court approval in accordance with Section 330 of the Bankruptcy Code, compensation will be payable to Fox Rothschild at its normal and customary rates, plus reimbursement of actual, necessary expenses and other charges incurred. The principal attorneys and paralegals presently designated to represent the Committee and their current standard hourly rates are:

a. Michael G. Menkowitz $765.00 per hour

b. Paul J. LaBov $655.00 per hour

c. Seth A. Niederman $465.00 per hour

d. Jason C. Manfrey $425.00 per hour

e. Jesse Harris $310.00 per hour

f. Joseph DiStanislao (Paralegal) $365.00 per hour

14. The hourly rates set forth above are Fox Rothschild's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Fox Rothschild for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. These rates are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters herein described.

15. It is Fox Rothschild's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's cases. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Fox Rothschild to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research and transcription costs. Fox Rothschild will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to Fox Rothschild's other clients. Fox Rothschild believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

16. Fox Rothschild has not received or requested a retainer in this case.

17. Fox Rothschild intends to apply to the Court for final allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with Sections 330 and 331 of the Bankruptcy Code and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by orders entered by the Court.

18. Fox Rothschild did not agree to any variations from, or alternatives to, the firm's standard or customary billing arrangement for this engagement. In addition, none of Fox Rothschild's professionals included in this engagement varied their rate based on the geographic location of the bankruptcy case.

19. Fox Rothschild also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, both in connection with this Motion and the interim and final fee applications to be filed by Fox Rothschild in these chapter 11 cases.

20. The Committee submits that the compensation arrangements with Fox Rothschild are reasonable and at market rates, and similar to the rates charged to other clients in similar circumstances.

### D. Disinterestedness and Disclosure of Connections

21. Except as disclosed in the Menkowitz Affidavit, Fox Rothschild does not represent any entity having an adverse interest with these cases. To check and clear potential conflicts of interest in this case, Fox Rothschild researched its client database to determine whether it had any relationships with the following entities, limited to potential conflicts in its engagements as attorneys to the Committee (collectively, the "Interested Parties"):

    a. The Debtors;

    b. The Non-Debtor Affiliates;

    c. The Lenders & Bondholders;

    d. The Debtors' top sixty (60) largest unsecured creditors;

    e. The Directors & Officers;

    f. The Litigation Counterparties;

    g. The Equity Holders;

    h. The Committee Members;

    i. Judges of the Delaware Bankruptcy Court; and

    j. Attorneys of the Office of the United States Trustee (Region 3).

A full list of the Interested Parties searched is attached to the Menkowitz Affidavit as **Exhibit A**, and incorporated by reference herein. To the extent that Fox Rothschild's research of its relationships with the Interested Parties indicates that Fox Rothschild has represented, or currently represents, any of these entities in matters unrelated to the Debtors, the identities of these entities are disclosed in paragraph five (5) and **Exhibit B** of the Menkowitz Affidavit.

22. To the best of the Trustee's knowledge and except as otherwise disclosed in the Menkowitz Affidavit: (a) Fox Rothschild has no connection with the Debtors, the creditors, the Office of the United States Trustee for the District of Delaware, any person employed in the Delaware Office of the United States Trustee, or any other party with an actual or potential interest in this case or their respective attorneys, except as may be set forth in the Menkowitz Affidavit; (b) Fox Rothschild is not and has not been an investment banker for any outstanding securities of the Debtors; (c) Fox Rothschild does not hold or represent an interest adverse to the Debtors' estates; and (d) Fox Rothschild is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code.

23. The Committee believes that Fox Rothschild is qualified to represent the Committee in this case, and that its employment is necessary and in the best interests of the Committee and the Debtors' creditors.

## **NOTICE**

24. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) the Debtor's prepetition lenders, if any; and (d) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no further notice is required and requests that the Court determine such notice is adequate and proper.

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests the entry of an order: (i) authorizing the Committee to employ, effective as of April 16, 2018, Fox Rothschild as its attorneys in this proceeding pursuant to Sections 328(a) and 1103 of the Bankruptcy Code, Fed. R. Bankr. P. 2014, Del. Bankr. L.R. 2014-1, effective as of April 16, 2018; and (ii) granting such other relief as is just and proper.

*/s/ Mark Lanier*
Mark Lanier, Committee Chairperson

Dated: April 27, 2018