# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| REMINGTON OUTDOOR COMPANY, INC., *et al.*,[1] | : | Case No. 18-10684 (BLS) |
| | : | (Jointly Administered) |
| Debtors. | : | **Docket Ref. No. 171** |

## ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF GRANT THORNTON LLP AS INDEPENDENT AUDITOR TO THE DEBTORS *NUNC PRO TUNC* TO PETITION DATE

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seeking entry of an order (this "Order"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Local Rules, authorizing the Debtors to employ and retain Grant Thornton LLP ("Grant Thornton") as their independent auditor, *nunc pro tunc* to the Petition Date (as defined below), in accordance with the terms and conditions set forth in the Engagement Agreement, as set forth more fully in the Application; and the Court having reviewed the Application, the Engagement Agreement, and the Declaration and Supplemental Declaration of Michael J. Ryan (collectively, the "Ryan Declaration"); and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The principal offices of Debtor Remington Outdoor Company Inc., the top-level holding company, are located at 870 Remington Drive, Madison, NC 27025.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Ryan Declaration that (a) Grant Thornton does not hold or represent an interest adverse to Debtors' estates and (b) Grant Thornton is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. Pursuant to Bankruptcy Code Sections 327(a) and 328(a), Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Grant Thornton as their independent auditor, *nunc pro tunc* to the Petition Date, pursuant to the terms and conditions of the Engagement Agreement, as modified by this Order, and subject to other applicable orders of this Court.

3. Grant Thornton shall apply for compensation for professional services rendered and reimbursement of actual expenses incurred in connection with the Debtors' Chapter 11

Cases in compliance with sections 330 and 332 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, including all information and time keeping requirements of Local Rule 2016-2, and any other applicable procedures and orders of the Court.

4. Notwithstanding anything to the contrary in the Engagement Agreement or this Order, Grant Thornton shall not be entitled to seek reimbursement of the administrative charge of 2.5% of fees to cover direct expenses or other similar expense items during the pendency of the Chapter 11 Cases. For the avoidance of doubt, nothing contained in this Order precludes Grant Thornton from seeking compensation and reimbursement of its actual and necessary fees and expenses incurred in connection with performing the services contemplated in the Engagement Agreement.

5. The indemnification provisions set forth in the Engagement Agreement (the "Indemnification Provisions") are approved, subject during the pendency of the Chapter 11 Cases to the following; provided, however, that nothing in this Order shall expand the scope of the indemnification obligations of the Debtors to Grant Thornton, or the contribution or reimbursement obligations of the Debtors to Grant Thornton, if any, beyond what is set forth in the Engagement Agreement:

(a) Grant Thornton shall not be entitled to indemnification pursuant to the Engagement Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court;

(b) notwithstanding any portion of the Indemnification Provisions to the contrary, the Debtors shall have no obligation to indemnify Grant Thornton or provide contribution or reimbursement to Grant Thornton (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Grant Thornton's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of Grant Thornton's contractual obligations unless this Court determines that indemnification, contribution, or reimbursement would be

    permissible pursuant to <u>In re United Artists Theatre Company, et. al.</u>, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (d), <u>infra</u>, to be a claim or expense for which Grant Thornton should not receive indemnity, contribution or reimbursement under the terms of the Indemnification Provisions, as modified by this order;

 (c) during the pendency of the Chapter 11 Cases, the limitation of liability provisions set forth in the Standards of Performance section of the Engagement Agreement shall have no force or effect; and

 (d) if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing the Chapter 11 Cases, Grant Thornton believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Indemnification Provisions, as modified by this order, including without limitation the advancement of defense costs, Grant Thornton must file an application therefor in this Court, and the Debtors may not pay any such amounts to Grant Thornton before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time during which this Court shall have jurisdiction over any request for compensation and expenses by Grant Thornton for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify Grant Thornton. All parties in interest shall retain the right to object to any demand by Grant Thornton for indemnification, contribution and/or reimbursement.

 6. Notwithstanding anything to the contrary in the Engagement Agreement, the Application or the Ryan Declaration, to the extent that Grant Thornton uses the services of third-party service providers, or independent contractors (collectively, the "<u>Contractors</u>") in these Chapter 11 Cases, Grant Thornton shall (i) pass through the cost of such Contractors to the Debtors at the same rate that Grant Thornton pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Grant Thornton; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014 with respect to such Contractors.

7. Nothing in the Application or this Order, the Engagement Agreement, or the authority granted pursuant to this Order, is intended or shall be construed as an amendment, modification, waiver, or release of the Debtors' rights, claims, defenses or arguments relating to services provided by Grant Thornton prior to the Petition Date.

8. To the extent there may be any inconsistency between the terms of the Application, the Engagement Agreement or the Ryan Declaration and this Order, the terms of this Order shall govern.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. Notwithstanding anything to the contrary in the Application, the Engagement Agreement or the Ryan Declaration, the Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order and Grant Thornton's retention in these Chapter 11 Cases.

Dated: April 30, 2018
Wilmington, Delaware

Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge