IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
**In re:** : Chapter 11
: 
**REMINGTON OUTDOOR COMPANY,** : Case No. 18-10684 (BLS)
**INC.**, *et al.*,[1] :
: Jointly Administered
**Reorganized Debtors.** :
: Related Docket Nos. 335, 342
---------------------------------------------------------------x

**LIMITED OBJECTION OF REORGANIZED DEBTORS TO MOTION OF
LITIGATION TRUSTEE, PURSUANT TO 11 U.S.C. § 105(a), FED. R. BANKR. P. 9024,
AND FED. R. CIV. P. 60(b), FOR ENTRY OF AN ORDER VACATING FINAL DECREE
TO EXTENT IT CLOSES CHAPTER 11 CASES [DKT. NO. 335]**

Remington Outdoor Company, Inc. ("ROC") and its direct and indirect subsidiaries in the above-captioned chapter 11 cases (collectively the "Reorganized Debtors" or the "Remington Entities"),[2] submit this limited objection and reservation of rights (the "Limited Objection") to the *Motion of the Litigation Trustee, Pursuant to 11 U.S.C. § 105(a), Fed. R. Bankr. P. 9024, and Fed. R. Civ. P. 60(b), for Entry of an Order Vacating Final Decree to Extent it Closes Chapter 11 Cases* [Dkt. No. 335] (the "Motion") filed by Susheel Kirpalani, the Litigation Trustee of the Remington Litigation Trust (the "Litigation Trust"). In support of this Limited Objection, the Reorganized Debtors hereby state as follows:

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Remington Outdoor Company, Inc. (4491); FGI Holding Company, LLC (9899); FGI Operating Company, LLC (9774); Remington Arms Company, LLC (0935); Barnes Bullets, LLC (8510); TMRI, Inc. (3522); RA Brands, L.L.C. (1477); FGI Finance, Inc. (0109); Remington Arms Distribution Company, LLC (4655); Huntsville Holdings, LLC (3525); 32E Productions, LLC (2381); Great Outdoors Holdco, LLC (7744); and Outdoor Services, LLC (2405). The principal offices of Reorganized Debtor Remington Outdoor Company Inc., the top-level holding company, are located at 870 Remington Drive, Madison, NC 27025.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the *First Amended Joint Prepackaged Chapter 11 Plan of Remington Outdoor Company, Inc. and Its Affiliated Debtors and Debtors In Possession (Technical Modifications)* (the "Joint Amended Plan"). *See* Dkt. No. 221.

## BACKGROUND

1. As the Court already knows, the Debtors filed these chapter 11 cases on March 25, 2018, with a Restructuring Support Agreement and prepackaged plan of reorganization agreed to by substantially all of the Debtors' major creditors and stakeholders.

2. The Joint Amended Plan contemplates the creation of a Litigation Trust for the benefit of the holders of Term Loan Claims and Third Lien Note Claims, and the transfer of certain "Litigation Claims" to the Litigation Trust. *See Second Amended Plan Supplement Pursuant to Joint Prepackaged Chapter 11 Plan of Remington Outdoor Company, Inc. and Its Affiliated Debtors and Debtors In Possession* [Dkt. No. 265]. Those Litigation Claims included chapter 5 causes of action. The Joint Amended Plan was confirmed on May 4, 2018 and went effective on May 15, 2018. *See* Dkt. No. 266.

3. On June 27, 2018, the Reorganized Debtors moved for entry of a final decree closing the Reorganized Debtors' Chapter 11 Cases. *See* Dkt. No. 311. The motion was premised on the Reorganized Debtors' view that the Joint Amended Plan had been substantially consummated. *Id.* at 6–7. The Court entered the final decree on July 16, 2018, closing the Chapter 11 Cases (the "Closing Order"). *See* Dkt. No. 335.

4. The Reorganized Debtors understand that the Litigation Trustee is currently conducting an investigation into potential Litigation Claims contributed to the Litigation Trust, including, inter alia, Avoidance Actions. (Motion, ¶ 1). This investigation will require the Litigation Trustee to determine whether viable Litigation Claims were transferred to the Litigation Trust from entities other than ROC.

## LIMITED OBJECTION

5. Granting the Litigation Trustee's requested relief in full will result in an

2

RLF1 19931484v.1

enormous expense to the Reorganized Debtors in statutorily mandated quarterly fees. Pursuant to Article XIII.C of the Joint Amended Plan, "[e]ach and every one of the Remington Entities and the Reorganized Remington entities shall remain obligated to pay Quarterly Fees to the Office of the U.S. Trustee until the earliest of that particular debtor's case being closed, dismissed or converted to a case under Chapter 7 of the Bankruptcy Code." (Joint Amended Plan at 68–69).

6.    The Reorganized Debtors understand that the Litigation Trustee may choose to pursue claims on behalf of ROC, as a separate class of Litigation Trust interests was created under the Joint Amended Plan to benefit from any future recoveries on account of ROC claims. But it appears that the Litigation Trustee is still determining whether and to what extent there are viable Litigation Claims to be asserted on behalf of non-ROC Remington Entities. Given this uncertainty, imposing quarterly fees for opening all of the Debtors' cases on the Reorganized Debtors at this time would be unwarranted and inequitable.[3] Accordingly, the Reorganized Debtors request that the Closing Order should only be (i) vacated *nunc pro tunc* with respect to ROC's case and (ii) *conditionally* vacated for each of the other Remington Entities. As detailed in the revised order attached hereto as Exhibit 1 (the "Revised Order"), the Closing Order would be vacated as to the Chapter 11 Cases of non-ROC Remington Entities only upon the Litigation Trustee's election to bring a specific Avoidance Action in the relevant Chapter 11 Case of such Remington Entity (in which case, the Reorganized Company would pay all Quarterly Fees associated with such case as if the case had never been closed). For the avoidance of doubt, the Litigation Trustee shall not be prejudiced by the passage of time prior to the relevant conditional vacatur of the Closing Order in pursuing an Avoidance Action,

---

[3] The Reorganized Debtors estimate that the costs of vacating the Closing Order for all of the Debtors' cases may exceed $1 million per quarter.

including with respect to an assertion that the Avoidance Action is barred by the limitations set forth in Bankruptcy Code section 546(a)(2). This approach strikes the appropriate balance between ensuring that the Litigation Trustee can fully investigate all potential claims and avoiding imposing substantial quarterly fees on the Reorganized Debtors in the event the Litigation Trustee does not identify viable causes of action on behalf of the non-ROC Remington Entities.

## RESERVATION OF RIGHTS

7. Nothing in this Limited Objection should be construed as an admission of liability with respect to any claim the Litigation Trustee may assert. The Reorganized Debtors reserve all rights to dispute the validity of any Avoidance Action and the ability of the Litigation Trustee to bring certain Avoidance Actions.

## NOTICE

8. Notice of this Limited Objection has been provided to (a) the Office of the U.S. Trustee; (b) counsel for the Litigation Trustee; and (c) all other persons who have requested notice in the above-captioned bankruptcy cases pursuant to Bankruptcy Rule 2002.

## CONCLUSION

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter the Order substantially in the form of the Revised Order (a) GRANTING the Motion in part; (b) VACATING the Closing Order to the extent set forth therein; and (c) awarding such other relief as the Court considers appropriate.

Dated: August 31, 2018
      Wilmington, Delaware

                        RICHARDS, LAYTON & FINGER, P.A.

                        By: */s/ Michael J. Merchant*
                            Michael J. Merchant (No. 3854)
                            RICHARDS, LAYTON & FINGER, P.A.
                            One Rodney Square
                            920 North King Street
                            Wilmington, Delaware 19801
                            Telephone:  (302) 651-7700
                            Facsimile:  (302) 651-7701
                            Email: merchant@rlf.com

                                  -and-

                        O'MELVENY & MYERS LLP

                          Daniel S. Shamah
                          Times Square Tower
                        7 Times Square
                        New York, NY 10036
                         Telephone: (212) 326-2000
                         Facsimile: (212) 326-2061
                         Email: dshamah@omm.com

                        *Counsel to Reorganized Remington*